## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DWAIN EDWARD THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-20-944-D |
| | ) | |
| KEVIN STITT, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter comes before the Court for review of the Supplemental Report and Recommendation [Doc. No. 12] issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). In this action brought pursuant to 42 U.S.C. § 1983, Plaintiff, a state prisoner appearing pro se, alleges that Oklahoma's parole system violates his state and federal constitutional rights.

Judge Purcell recommends that Plaintiff's action be dismissed on screening for failure to state a claim upon which relief can be granted. Plaintiff filed a timely objection [Doc. No. 15] to the Supplemental Report and Recommendation. Accordingly, the Court must make a *de novo* determination of issues specifically raised by the objection, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

### I.     Background

At the age of fifteen, Plaintiff entered a plea of guilty to three counts of Murder in the First Degree and was "sentenced to life imprisonment on each count, with two counts

to run concurrently with each other but consecutively to the third." *Thomas v. State*, No. PC-2019-116 (Okla. Crim. App. Sept. 6, 2019). Although sentenced to "life imprisonment," under applicable Oklahoma law, Plaintiff is "eligible for parole consideration after serving fifteen years of each of his consecutive sentences." *Id.* In fact, Plaintiff has already been considered for parole on several occasions. *See* Compl. at ¶ 111. Plaintiff does not dispute these facts, but asserts that, as a juvenile offender, Oklahoma's parole system denies him a "meaningful and realistic opportunity for release" in violation of *Graham v. Florida*, 560 U.S. 48 (2010), *Miller v. Alabama*, 567 U.S. 460 (2012), and *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016). *See* Pl.'s Obj. at 3, 8-9, 11.

In *Graham*, 560 U.S. at 74, the Supreme Court held "that for a juvenile offender who did not commit homicide the Eighth Amendment forbids the sentence of life without parole." The Court reasoned that the distinctive and transitory attributes of youth undermine the penological justifications for imposing a life without parole sentence on nonhomicide juvenile offenders. *Id.* at 74. Nevertheless, the Court explained that

> [a] State is not required to guarantee eventual freedom to a juvenile offender convicted of a nonhomicide crime. What the State must do, however, is give [juvenile nonhomicide offenders] some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation. It is for the State, in the first instance, to explore the means and mechanisms for compliance. It bears emphasis, however, that while the Eighth Amendment prohibits a State from imposing a life without parole sentence on a juvenile nonhomicide offender, it does not require the State to release that offender during his natural life. Those who commit truly horrifying crimes as juveniles may turn out to be irredeemable, and thus deserving of incarceration for the duration of their lives. The Eighth Amendment does not foreclose the possibility that persons convicted of nonhomicide crimes committed before adulthood will remain behind bars for life. It does prohibit States from making the judgment at the outset that those offenders never will be fit to reenter society.

*Id.* at 75.

In *Miller*, 567 U.S. at 471, which involved two juvenile homicide offenders, the Supreme Court reiterated *Graham's* reasoning that "children are constitutionally different from adults for purposes of sentencing." The Court then held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." *Id.* at 479. Thus, before determining that life without parole is a proportionate sentence for a juvenile offender, a sentencer is "require[d] to take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Id.* at 480. *Miller's* ban on mandatory life without parole sentences for juvenile offenders was given retroactive effect in *Montgomery*, where the Court instructed that *Miller* violations could be remedied "by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them." *Montgomery*, 136 S.Ct. at 736.

Relying on this trilogy of cases, Plaintiff asserts that he has been subjected to cruel and unusual punishment in violation of the Eighth Amendment and the Oklahoma Constitution. He also seeks a declaratory judgment that Okla. Stat. tit. 57, § 332.7, which sets forth certain parole procedures, is unconstitutional. For the reasons explained below, the Court agrees with Judge Purcell that Plaintiff has failed to state a claim upon which relief can be granted.

## II.    Eighth Amendment Claim

Plaintiff's first claim asserts that Oklahoma's parole system violates the Eighth Amendment by denying him a meaningful opportunity to obtain release. *See* Compl. at ¶¶

121-126. In rejecting this claim, Judge Purcell concluded that Plaintiff's reliance on *Miller* is misplaced because he was not sentenced to mandatory life without parole or its equivalent. *See* Supp. R&R at 8. The crux of Plaintiff's objection is that, as a juvenile offender, *Graham*, *Miller*, and *Montgomery* require that he receive more than just parole consideration – he must receive a meaningful opportunity to obtain release. *See* Pl.'s Obj. at 8-10. Oklahoma's parole system, he argues, fails to provide him a meaningful opportunity because it functions like an arbitrary system of executive clemency and relies on unfair assessment tools. *Id*. at 8.

*Graham* indeed held that juvenile nonhomicide offenders must be afforded "some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." But "*Graham's* holding is limited to offenders convicted of non-homicide offenses." *Rainer v. Hansen*, 952 F.3d 1203, 1207 (10th Cir. 2020); *see also Miller*, 567 U.S. at 473 (noting that the *Graham* court "took care to distinguish [nonhomicide] offenses from murder…"). Thus, to the extent *Graham* imposes certain requirements on a state's parole system, those requirements do not extend to juvenile homicide offenders such as Plaintiff. *See Lewis v. Oklahoma Pardon & Parole Bd.*, No. CIV-18-1205-G, 2019 WL 1500671, at *2 (W.D. Okla. Apr. 5, 2019) (finding that "because Plaintiff was convicted of homicide, he does not fall within the category of juvenile offenders entitled to a 'meaningful opportunity for release' under *Graham*.").

As for *Miller*, it prohibits mandatory life-without-parole sentences for juvenile offenders. *Miller,* 567 U.S. at 479. *Montgomery* made this holding retroactive, and specifically provided that a *Miller* violation could be remedied by permitting juvenile

4

homicide offenders to be considered for parole. *Montgomery*, 136 S. Ct. at 736. Neither of these cases, however, expanded existing parole procedures for persons convicted as juveniles. And while *Miller's* holding included a procedural component in that it "requires a sentencer to consider a juvenile offender's youth and attendant characteristics before determining that life without parole is a proportionate sentence," *id.* at 734 (citing *Miller*, 567 U.S. at 483), that procedure was not violated here because Plaintiff was not sentenced to life without parole. Accordingly, the Court finds that Plaintiff has failed to state a viable Eighth Amendment claim.

## III.    Claim for Declaratory Judgment

Plaintiff additionally seeks declaratory judgment that the parole procedures outline in Okla. Stat. tit. 57, §332.7 are unconstitutional because they do not require the parole board to consider an offender's youth at the time of the crime. *See* Compl. at ¶¶ 134-137. Plaintiff brings this claim under the Declaratory Judgment Act, 28. U.S.C. § 2201, which provides that "[i]n a case of actual controversy within its jurisdiction…any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." The Act gives "federal courts competence to make a declaration of rights," but it does "not impose a duty to do so." *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 982 (10th Cir. 1994) (internal quotation omitted).

As explained in the Supplemental R&R, Oklahoma has chosen to remedy *Miller* violations – meaning juvenile homicide offenders who were sentenced to life without parole – through the State's post-conviction procedure rather than the parole process. *See*

Supp. R&R at 9-10. Given this practice, Judge Purcell recommends that the Court decline to exercise jurisdiction over this claim as it could increase friction between federal and state courts. *Id.* Plaintiff objects to this recommendation and points to the fact that there are no pending parallel state court proceedings. *See* Pl.'s Obj. at 27-28.

The Court agrees with Judge Purcell's analysis on this issue. Issuing judgment as to the constitutionality of Oklahoma's parole procedure could improperly encroach upon state jurisdiction given their practice of remedying *Miller* violations through post-conviction procedures. Further, as explained *supra*, Plaintiff's claim that Oklahoma's parole procedures are unconstitutional fails because neither *Miller* nor *Montgomery* expanded existing parole procedures for persons convicted as juveniles. Accordingly, the Court declines to exercise jurisdiction over Plaintiff's declaratory judgment claim.

## IV.   State Law Claim

Plaintiff's final claim asserts that Oklahoma's parole system violates Okla. Const. Art II, § 9 by denying him a meaningful opportunity to obtain release. *See* Compl. at ¶¶ 127-131. As Plaintiff has not alleged a viable federal claim, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3); *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998).

## CONCLUSION

IT IS THEREFORE ORDERED that the Supplemental Report and Recommendation [Doc. No. 12] is ADOPTED in its entirety. Plaintiff's Complaint is

dismissed without prejudice. A separate judgment shall be entered.

**IT IS SO ORDERED** this 21st day of December, 2020.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge