# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DWAIN EDWARD THOMAS**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-20-944-D |
| | ) |
| **KEVIN STITT**, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## PLAINTIFF DWAIN EDWARD THOMAS'S OBJECTIONS TO SECOND SUPPLEMENTAL REPORT AND RECOMMENDATION

AMY BREIHAN
PAT MOBLEY[*]
SHUBRA OHRI[*]
RODERICK & SOLANGE
MACARTHUR JUSTICE CENTER
906 Olive Street, Suite 420
St. Louis, MO 63101
(314) 254-8540
amy.breihan@macarthurjustice.org
pat.mobley@macarthurjustice.org
shubra.ohri@macarthurjustice.org

EASHA ANAND
RODERICK & SOLANGE
  MACARTHUR JUSTICE CENTER
2443 Fillmore Street, #380-15875
San Francisco, CA 94115
(510) 588-1274
easha.anand@macarthurjustice.org

C. HARKER RHODES IV
EMILY MERKI LONG (*pro hac vice*)
ALYSSA M. MCCLURE[*]
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 879-5000
harker.rhodes@kirkland.com
emily.long@kirkland.com
alyssa.mcclure@kirkland.com

SPENCER BRYAN[*]
STEVEN J. TERRILL[*]
BRYAN & TERRILL LAW
3015 E. Skelly Drive, Suite 400
Tulsa, OK 74105
(918) 935-2777
jsbryan@bryanterrill.com
sjterrill@bryanterrill.com

[*]*Indicates counsel with forthcoming motions to appear pro hac vice and/or entries of appearance.*

*Counsel for Plaintiff Dwain Edward Thomas*

December 21, 2022

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................... 1

BACKGROUND ................................................................................................... 2

I.      Dwain Thomas's Demonstrated Maturity And Rehabilitation Since His
        Conviction As A Juvenile In 1997. ............................................................ 2

II.     Procedural History. ................................................................................... 4

        A.      This Court Initially Erroneously Dismissed Mr. Thomas's
                Complaint At The Section 1915A Screening Stage. ..................... 4

        B.      Mr. Thomas Successfully Appealed Dismissal Of His Complaint
                To The Tenth Circuit. .................................................................. 6

        C.      Defendants Filed A Motion To Dismiss That Ignores The Tenth
                Circuit's Decision. ....................................................................... 8

        D.      The November 17, 2022 Second Supplemental Report And
                Recommendation Ignores The Tenth Circuit's Decision. ............. 9

STANDARD OF DECISION ............................................................................. 11

ARGUMENT ..................................................................................................... 12

I.      The Magistrate Erred By Recommending Dismissal Of Thomas's Eighth
        Amendment Claim. .................................................................................. 14

        A.      The Tenth Circuit Has Already Held That Thomas Has Stated A
                Plausible Eighth Amendment Claim. .......................................... 14

        B.      The Tenth Circuit's Decision Also Makes Clear That Thomas
                States A Plausible Challenge To Oklahoma's Parole Procedures. .............. 18

        C.      The Magistrate's Discussion Of Thomas's Liberty Interest Is
                Irrelevant to Thomas's Eighth Amendment Claims. ................... 20

II.     The Magistrate Erred In Recommending Summary Judgment On Any
        Challenge To Oklahoma's Prohibition On Classifying Inmates Sentenced
        To Life Lower Than Medium Security. ...................................................... 20

III.    The Magistrate Erred In Recommending Dismissal Of Thomas's State
        Law Claim. .............................................................................................. 23

CONCLUSION ................................................................................................................ 24

CERTIFICATE OF SERVICE ....................................................................................... 25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. Campbell Cnty. Sch. Dist.*,
483 F.2d 1351 (10th Cir. 1973) ........................................................................ 12, 14

*Bear Cloud v. State*,
334 P.3d 132 (Wyo. 2014) .......................................................................................... 7

*Bias v. Stitt*,
2020 WL 10731244 (W.D. Okla. Dec. 15, 2020) ................................................... 17

*Bowling v. Director, Virginia Department of Corrections*,
920 F.3d 192 (4th Cir. 2019) ............................................................................. 18, 19

*Brown v. Precythe*,
46 F.4th 879 (8th Cir. 2022) .............................................................................. 18, 19

*Brown v. State*,
10 N.E.3d 1 (Ind. 2014) ...................................................................................... 7, 19

*Brown v. Zavaras*,
63 F.3d 967 (10th Cir. 1995) ................................................................................... 22

*Bruton v. Minor*,
568 F. Supp. 2d 480 (D. Del. 2008)......................................................................... 20

*Bryce v. Episcopal Church in the Diocese of Colorado*,
289 F.3d 648 (10th Cir. 2002) ................................................................................. 12

*Graham v. Florida*,
560 U.S. 48 (2010)................................................................................ 4, 5, 6, 7, 12

*Hawkins v. New York State Dep't of Corrs. & Cmty Supervision*,
140 A.D.3d 34 (N.Y. App. Div. 2016) ...................................................................... 7

*Hayden v. Keller*,
134 F. Supp. 3d 1000 (E.D.N.C. 2015)...................................................................... 7

*Huffman v. Saul Holdings Ltd. P'ship*,
262 F.3d 1128 (10th Cir. 2001) ............................................................................... 18

*Lewis v. Oklahoma Pardon & Parole Board*,
2019 WL 1500671 (W.D. Okla. Apr. 5, 2019) ........................................ 17

*Luna v. State*,
387 P.3d 956 (Okla. Crim. App. 2016) ................................................ 7

*Malek v. Haun*,
26 F.3d 1013 (10th Cir. 1994) ........................................................ 20

*Maryland Restorative Justice Initiative v. Hogan*,
2017 WL 467731 (D. Md. Feb. 3, 2017) ................................................ 7

*Miller v. Alabama*,
567 U.S. 460 (2012) .................................. 1, 2, 4, 5, 6, 7, 10, 12-19, 22

*Miller v. Glanz*,
948 F.2d 1562 (10th Cir. 1991) ...................................................... 22

*Montgomery v. Louisiana*,
577 U.S. 190 (2016) ................................... 4, 5, 6, 7, 12, 13, 15

*Moore v. Biter*,
725 F.3d 1184 (9th Cir. 2013) ........................................................ 7

*Nichols v. United States*,
796 F.2d 361 (10th Cir. 1986) ....................................................... 12

*Northington v. Marin*,
102 F.3d 1564 (10th Cir. 1996) ................................................ 11, 12

*People v. Caballero*,
282 P.3d 291 (Cal. 2012) ............................................................. 7

*Procter & Gamble Co. v. Haugen*,
317 F.3d 1121 (10th Cir. 2003) ...................................................... 18

*Rainer v. Hansen*,
952 F.3d 1203 (10th Cir. 2020) ....................................................... 7

*SOLIDFX, LLC v. Jeppesen Sanderson, Inc.*,
823 F. App'x 559 (10th Cir. 2020) ................................................... 18

*Staats v. Cobb*,
2013 WL 1450504 (W.D. Okla. Apr. 9, 2013) ...................................... 14, 21

*State of Ohio v. Peterson, Lowry, Rall, Barber & Ross*,
   585 F.2d 454 (10th Cir. 1978) ............................................................. 12, 22

*State v. Null*,
   836 N.W.2d 41 (Iowa 2013) ................................................................... 7

*Thomas v. Stitt*,
   2020 WL 7489763 (W.D. Okla. Dec. 21, 2020)...................................... 5, 6

*Thomas v. Stitt*,
   2022 WL 289661 (10th Cir. Feb. 1, 2022) ......................... 1, 2, 8-10, 13-20

*Wershe v. Combs*,
   763 F.3d 500 (6th Cir. 2014) ................................................................ 20

*Whitesel v. Sengenberger*,
   222 F.3d 861 (10th Cir. 2000) ............................................................. 12, 22

**Statutes**

28 U.S.C. § 636 .......................................................................... 4, 8, 11

28 U.S.C. § 636(b) ............................................................................ 11

28 U.S.C. § 636(b)(1)(C) ..................................................................... 11

28 U.S.C. § 1915A .......................................................................... 4, 5, 6

42 U.S.C. § 1983 ............................................................................ 1, 4

Okla. Stat. tit. 57, § 332.7 ..................................................................... 4

**Rules**

FED. R. CIV. P. 12(b)........................................................................... 12

FED. R. CIV. P. 12(b)(6)....................................................................... 12

FED. R. CIV. P. 12(d)........................................................................... 12

FED. R. CIV. P. 56 ........................................................................... 12, 22

FED. R. CIV. P. 72(b)(2)....................................................................... 11

# INTRODUCTION

The magistrate judge's report and recommendation makes the very same error that the Tenth Circuit has already reversed. More than two years ago, on October 30, 2020, Magistrate Judge Gary M. Purcell recommended that this court dismiss Plaintiff Dwain Edward Thomas's complaint, which alleges that the Oklahoma "parole" system is unconstitutional as applied to persons sentenced to life imprisonment for crimes committed as juveniles. Judge Purcell wrote then that Thomas "cannot establish an Eighth Amendment violation pursuant to *Miller* [*v. Alabama*, 567 U.S. 460, 479 (2012)]" because Thomas "was never sentenced to mandatory life without parole, nor was he sentenced to the equivalent of life without parole." Suppl. R. & R. (ECF No. 12) at 8. This court adopted Judge Purcell's recommendation and dismissed Thomas's complaint. Order Adopting Suppl. R. & R. (ECF No. 16) ("Order") at 4-6.

The Tenth Circuit reversed. On February 1, 2022, the Tenth Circuit issued an opinion explicitly holding that *Miller* and its progeny do not foreclose Thomas's Eighth Amendment claims and that Thomas "has stated plausible claims for relief," and remanding for further proceedings in consistent with its order and judgment. *Thomas v. Stitt*, 2022 WL 289661, at *4 (10th Cir. Feb. 1, 2022).

Despite that unambiguous holding, Defendants on remand promptly moved to dismiss Thomas's complaint, arguing *inter alia* that Thomas failed to state an Eighth Amendment claim because he was not sentenced to life without parole—without even mentioning the Tenth Circuit's binding contrary decision. On November 17, 2022, Judge Purcell issued a report and recommendation *adopting* Defendants' argument—despite the

Tenth Circuit's binding contrary holding—and recommending that this court once again dismiss Thomas's complaint. As he had in his previous report and recommendation, Judge Purcell once again stated that Thomas's sentences "do not implicate *Miller* or its related cases and therefore, he cannot establish an Eighth Amendment violation pursuant to *Miller*" because Thomas "was sentenced only to life imprisonment *with* the possibility of parole and has already been considered for parole on multiple occasions." Second Suppl. R. & R. (ECF No. 53) at 11-12 (emphasis in original). Because this recommendation directly contravenes the Tenth Circuit's analysis and holding and would violate its mandate, this Court should decline to adopt the magistrate's second supplemental report and recommendation granting Defendants' motion to dismiss, and should permit Thomas's claims to proceed.

## BACKGROUND

### I. Dwain Thomas's Demonstrated Maturity And Rehabilitation Since His Conviction As A Juvenile In 1997.

Plaintiff Dwain Edward Thomas ("Thomas") was convicted in 1997 as a juvenile and sentenced to life in prison. He has been incarcerated for over 25 years. As he has grown into an adult, Thomas has demonstrated maturity and rehabilitation and exemplified good behavior. Thomas has maintained Level IV status since 2003, the highest privilege an inmate may achieve in accordance with Oklahoma's Operations Procedure ("OP")-060107. Civ. Compl. for Declaratory & Injunctive Relief (ECF No. 1) ("Compl.") ¶ 1 n.1. He has maintained an "Outstanding" evaluation average for his Monthly Inmate Evaluation Time Credit Report, receiving a 50-point score average—the highest evaluation score an

inmate may receive in accordance with OP-060211. *Id.* He currently works as a technician for the facility maintenance department, a position he has held for the past 18 years. Additionally, Thomas has completed or achieved a number of certifications, including: EPA Certification; Residential Electrician's Assistant; Commercial/Industrial Electrician's Assistant; Motor Vehicle Air Conditioning Refrigerant Recovery and Recycling Equipment under § 609 of the Federal Clean Air Act; Heating, Ventilation, and Air Conditioning (HVAC Technician, Refrigeration Technician); Module I (Licensed Trades Academy); two six-month participations in Licensed Trades Academy; Mechanical Journeyman License; Biblical Interpretation through the Center for Advanced Studies at Crossroad Bible Institute; Lexington Skills Center Mechanical Code Training to the IMC, IFGC & IRC; CEU's Credit for Mechanical Codes; and Paralegal Certification from Blackstone Career Institute. *Id.* ¶ 1.

Thomas had no criminal record prior to his incarceration, and Oklahoma Department of Corrections ("DOC") classification counselors have repeatedly assessed Thomas's readiness for parole and noted his "excellent" record while incarcerated. *Id.* ¶¶ 113-14. For the past two decades, case managers conducting Thomas's "Adjustment Review"—an assessment conducted by the DOC every 120 days to formally review and evaluate Thomas's behavior, including "relationships with staff, participation in assigned programs, job performance, relationships with other inmates, maintenance of personal hygiene, maintenance of living quarters, and program job performance"—have given him "Outstanding" or "Excellent" ratings in all areas of behavior. *Id.* ¶ 118.

## II.     Procedural History.

In September 2020, Thomas filed the underlying *pro se* civil complaint for declaratory and injunctive relief.  *See generally* Compl.  Thomas's three-count complaint asserts three claims: (1) a 42 U.S.C. § 1983 claim based on the Eighth Amendment; (2) an analogous state-law claim based on Article II, § 9 of the Oklahoma Constitution, which prohibits "cruel or unusual punishments"; and (3) a count seeking declaratory judgment that, *inter alia*, Okla. Stat. tit. 57, § 332.7 is unconstitutional as applied to persons who were juveniles at the time of their offenses.  *Id*. at 38-40 (Prayer for Relief).  The core of Thomas's complaint is that "Oklahoma's parole scheme functions as a system of *ad hoc* executive clemency in which grants of release are exceptionally rare, are governed by no substantive, enforceable standards, and are masked from view by blanket assertions of executive privilege," and that the system thus operates as a *de facto* system of life without parole for juveniles convicted of homicide.  *See id*. ¶¶ 17-18.

### A.     This Court Initially Erroneously Dismissed Mr. Thomas's Complaint At The Section 1915A Screening Stage.

At the 28 U.S.C. § 1915A screening stage, this Court referred the case to Magistrate Judge Purcell in accordance with 28 U.S.C. § 636.  Order Referring Case to Magistrate Judge Gary M. Purcell (ECF No. 11).  The magistrate issued a report and recommendation recommending that Thomas's complaint be dismissed in its entirety.  In the magistrate's view, the constitutional guarantees set forth in cases like *Graham*, *Miller*, and *Montgomery* were inapplicable to Thomas because he was not formally sentenced to life without parole.  Suppl. R. & R. at 6-7.  The magistrate concluded that Thomas "cannot establish an Eighth

Amendment violation," and recommended that this Court "decline to exercise its jurisdiction" to resolve Thomas's declaratory-judgment claim and decline to exercise supplemental jurisdiction over Thomas's state-law claim. *See id.* at 8-11.

Still proceeding *pro se*, Thomas filed timely objections to the magistrate's report and recommendation. Obj. to R. & R. (ECF No. 15). Thomas objected to the report "overall and its conclusion that, 'on screening,' and pursuant to 28 U.S.C. § 1915A, his Complaint fails to state a valid claim for relief." *Id.* at 1. He also reiterated his contention that Oklahoma's "parole scheme … fails to afford him, as well as all those serving parole-eligible life sentences for offenses committed as youth, a meaningful and realistic opportunity for release as required by the Eighth Amendment." *Id.* at 2. He explained:

> The thrust of Plaintiff's Complaint is that Defendants are responsible for a scheme that calls itself 'parole,' but that operates in practice as a system of executive clemency in which opportunities for release and the grant of parole are extremely rare.

*Id.* The Oklahoma parole system, Thomas explained, cannot be reconciled with Supreme Court precedents interpreting the Eighth Amendment to prohibit a "sentence that, in effect, is the functional equivalent of life without parole" for "all but the rarest youth." *Id.*

This Court adopted the magistrate's report and recommendation "in its entirety," and overruled Thomas's objections. Order at 6; *Thomas v. Stitt*, 2020 WL 7489763 (W.D. Okla. Dec. 21, 2020). The Court recognized "[t]he crux of [Thomas's] objection," which it characterized as an argument "that, as a juvenile offender, *Graham*, *Miller*, and *Montgomery* require that he receive more than just parole consideration—he must receive a meaningful opportunity to obtain release," and that "Oklahoma's parole system … fails

to provide him a meaningful opportunity because it functions like an arbitrary system of executive clemency and relies on unfair assessment tools." Order at 4; *Thomas*, 2020 WL 7489763, at \*2. But this Court held that Thomas "failed to state a viable Eighth Amendment claim" because the constitutional requirements articulated in *Graham* "do not extend to juvenile homicide offenders," and neither *Miller* nor *Montgomery* "expanded existing parole procedures for persons convicted as juveniles." Order at 4-5; *Thomas*, 2020 WL 7489763, at \*2-3. This Court also declined to exercise jurisdiction over Thomas's declaratory-judgment or state-law claims and dismissed his complaint without prejudice. Order at 5-7; *Thomas*, 2020 WL 7489763, at \*3; *see also* Judgment (ECF No. 17). Thomas filed a *pro se* notice of appeal, Notice of Appeal (ECF No. 18), and retained counsel.

### B. Mr. Thomas Successfully Appealed Dismissal Of His Complaint To The Tenth Circuit.

On appeal, Thomas argued this Court erred by dismissing his *pro se* complaint at the § 1915A screening stage, and urged the Tenth Circuit to reverse the decision and allow his claims to proceed. Thomas maintained that, taking his allegations as true, his *pro se* complaint plausibly alleged that Oklahoma's parole system operates in a way that subjects juvenile offenders sentenced to mandatory life sentences to *de facto* (and unconstitutional) mandatory sentences of life without parole. He argued that this was sufficient to state an Eighth Amendment claim and that this Court's decision to the contrary was based on an overly narrow understanding of the Supreme Court's juvenile-sentencing precedents that was inconsistent with cases from the Tenth Circuit and Oklahoma Court of Criminal Appeals (the state's court of last resort for criminal matters), which have recognized that a

system of "executive clemency" is constitutionally "inadequate" to remedy a *Miller* violation. *Rainer v. Hansen*, 952 F.3d 1203, 1209 (10th Cir. 2020); *Luna v. State*, 387 P.3d 956, 962 (Okla. Crim. App. 2016). Thomas also identified cases from federal and state courts across the country that further support his plausible claims for relief by holding that mandatory life sentences for juveniles still implicate *Graham*, *Miller*, and *Montgomery*, even if the state avoids describing them as "life without parole." *See, e.g.*, *Hayden v. Keller*, 134 F. Supp. 3d 1000, 1009 (E.D.N.C. 2015) ("If a juvenile offender's life sentence, while ostensibly labeled as one 'with parole,' is the functional equivalent of a life sentence without parole, then the State has denied that offender the 'meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation' that the Eighth Amendment demands."), *appeal dismissed*, 667 F. App'x 416 (4th Cir. 2016).[1]

In a **unanimous** decision, the Tenth Circuit agreed that Thomas stated plausible claims for relief and vacated this Court's decision dismissing his complaint, remanding for further proceedings consistent with its opinion. The Tenth Circuit explained that "a fair

---

[1]    *See also, e.g.*, *Moore v. Biter*, 725 F.3d 1184, 1191-92 (9th Cir. 2013); *Bear Cloud v. State*, 334 P.3d 132, 141-44 (Wyo. 2014); *Brown v. State*, 10 N.E.3d 1, 6-8 (Ind. 2014); *State v. Null*, 836 N.W.2d 41, 70-73 (Iowa 2013); *People v. Caballero*, 282 P.3d 291, 294-96 (Cal. 2012); *accord Maryland Restorative Justice Initiative v. Hogan*, 2017 WL 467731, at *21 (D. Md. Feb. 3, 2017) (noting "[t]he Court's discussion of a meaningful opportunity to obtain release, however, suggests that *the decision imposes some requirements after sentencing*" such as the "parole proceedings that govern the opportunity for release") (emphasis original); *Hawkins v. New York State Dep't of Corrs. & Cmty Supervision*, 140 A.D.3d 34, 36 (N.Y. App. Div. 2016) ("[A]s a person serving a sentence for a crime committed as a juvenile, petitioner has a substantive constitutional right not to be punished with a life sentence" and petitioner was "denied his constitutional right to a meaningful opportunity for release when the Board failed to consider the significance of petitioner's youth and its attendant circumstances at the time of the commission of the crime.").

reading" of the Supreme Court's juvenile-sentencing precedents entitles Thomas to proceed to the merits of his claims:

> Our careful review of Mr. Thomas's complaint and his arguments on appeal convinces us that he has stated plausible claims for relief. This is not to say that Mr. Thomas will prevail; however, **the complaint contains enough well-pleaded facts to plausibly entitle him to relief**.

*Thomas*, 2022 WL 289661, at \*3-4 (emphasis added). The Tenth Circuit concluded by remanding the case to this Court "for further proceedings consistent with this order and judgment," *id.* at \*4, and issued its mandate on February 23, 2022.

### C. Defendants Filed A Motion To Dismiss That Ignores The Tenth Circuit's Decision.

On remand, this case was again referred to the magistrate in accordance with 28 U.S.C. § 636. Order Referring Case to Magistrate Judge Gary M. Purcell (ECF No. 26). Defendants subsequently filed a Motion to Dismiss, asserting a variety of inapplicable reasons for dismissing Thomas's claims, and also *re*-asserting the same misguided basis for dismissing Thomas's Eighth Amendment claim that the Tenth Circuit already considered and rejected. First, Defendants argued that Thomas failed to exhaust his administrative remedies as to any claims, including by failing to comply with the Prison Litigation Reform Act and the Oklahoma Governmental Tort Claims Act. Defs.' Mot. to Dismiss & Br. in Supp. (ECF No. 37) at 4-8. Second, Defendants argued that they are immune from suit for any claims under either absolute or qualified immunity. *Id.* at 8-10, 16-20. Third, despite the Tenth Circuit's holding to the contrary and without even

acknowledging that decision, they argued that Thomas's allegations failed to state any claim under the Eighth Amendment. *Id.* at 10-15.

Thomas opposed Defendants' motion to dismiss. In his opposition, Thomas explained that none of the procedural hurdles Defendants asserted actually applied to his claims, and that Defendants' immunity-based arguments likewise failed as a matter of law. Pl.'s Resp. in Opp. to Defs.' Mot. to Dismiss (ECF No. 46) at 6-19. With respect to Defendants' argument that Thomas's allegations failed to state any Eighth Amendment claim, Thomas referred the magistrate to the Tenth Circuit's decision, which expressly held the opposite: that Thomas, through his complaint and arguments on appeal, "has stated plausible claims for relief," and that his "complaint contains enough well-pleaded facts to plausibly entitle him to relief." *Thomas*, 2022 WL 289661, at *4. As Thomas explained, this holding by the Tenth Circuit squarely forecloses any argument that Thomas failed to state any Eighth Amendment claim. Pl.'s Resp. in Opp. to Defs.' Mot. to Dismiss at 20-25. Remarkably, Defendants' reply continued to fail to address the Tenth Circuit's binding decision in this very case. Defs.' Reply to Pl.'s Resp. to Defs.' Mot. to Dismiss & Br. in Supp. (ECF No. 47).

**D.    The November 17, 2022 Second Supplemental Report And Recommendation Ignores The Tenth Circuit's Decision.**

On November 17, 2022, Magistrate Judge Purcell issued a second supplemental report and recommendation repeating many of the same findings in his first report and recommendation. Second Suppl. R. & R. The magistrate recommended that Defendants' motion to dismiss be granted, and also recommended that to the extent Thomas intended

to assert a federal claim based on the Oklahoma DOC's security classification prohibition, the motion should be converted to a motion for summary judgment and be granted. *Id.* at 22. According to the magistrate, Thomas's sentences do not implicate the Supreme Court's decision in *Miller v. Alabama* because the state court did not sentence Thomas to life without parole or the functional equivalent thereof, and therefore Thomas cannot establish an Eighth Amendment violation under *Miller*—the same position that the magistrate took in his earlier report and recommendation, and that the Tenth Circuit directly rejected. *Compare* Second Suppl. R. & R. at 7-12 ("Plaintiff's sentences do not implicate the Supreme Court's decision in *Miller* as the state court did not sentence Plaintiff to life without parole and significantly, neither did it sentence him to the functional equivalent thereto.") *with* Suppl. R. & R. at 4-8 ("Plaintiff's sentence does not implicate the Supreme Court's decision in *Miller*. Plaintiff was not sentenced to life without parole and more significantly, neither was he sentenced to the functional equivalent thereto."); *but see Thomas*, 2022 WL 289661, at *4. The magistrate also rejected the argument that *Miller* requires the Oklahoma Pardon and Parole Board ("PPB") to specifically consider Thomas's youth at the time he committed his underlying crimes, and further held that to the extent *Miller* and its progeny established requirements for juvenile homicide offenders, the Oklahoma parole procedures meet those requirements—again, despite the Tenth Circuit's holding that Thomas had adequately stated a claim to the contrary. Second Suppl. R. & R. at 12-14; *but see Thomas*, 2022 WL 289661, at *4.

The magistrate additionally concluded that Thomas could not state a due process claim based on any alleged deficiencies in the PPB's application of its procedures. Second

Suppl. R. & R. at 16.  The magistrate did not address Defendants' other arguments related to immunity or Thomas's alleged failure to exhaust his administrative remedies, except in a footnote in which he recommended that, to the extent Thomas sought to state a claim based on Oklahoma's prohibition on classifying inmates sentence to life imprisonment lower than medium security, this Court should convert that portion of Defendants' motion to dismiss to a motion for summary judgment and grant it on exhaustion grounds.  *Id.* at 20 n.7.  Finally, the magistrate recommended against exercising supplemental jurisdiction over Thomas's state law claim, based on his conclusion that Thomas had not stated any viable federal claim.  *Id.* at 22.  The magistrate did not acknowledge the Tenth Circuit's finding that Thomas stated a claim for relief, nor did the report and recommendation discuss that opinion in any meaningful detail.  *See id.* at 4 (referencing the Tenth Circuit's "characteriz[ation of] the Complaint as presenting matters of first impression and stat[ement] that the Court should provide the parties an opportunity to develop the facts and their legal arguments").

## STANDARD OF DECISION

Any party may serve and file written objections to a magistrate judge's proposed findings and recommendations.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2).  Pursuant to 28 U.S.C. § 636(b)(1)(C), upon a timely filed objection to a report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," *id.* § 636(b); *see also Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996) ("De novo review is required after a party makes timely written objections to a magistrate's

report.  The district court must consider the actual testimony or other evidence in the record and not merely review the magistrate's report and recommendations.").

A Rule 12(b)(6) motion to dismiss may only be converted to a Rule 56 motion for summary judgment if "matters outside the pleading are presented to and not excluded by the court."  FED. R. CIV. P. 12(d).  In this situation, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  *Id.*; *see also Bryce v. Episcopal Church in the Diocese of Colorado*, 289 F.3d 648, 654 (10th Cir. 2002) (citing *Whitesel v. Sengenberger*, 222 F.3d 861, 866 (10th Cir. 2000)) ("To properly convert a Rule 12(b) motion, the trial court is required to notify the parties of the conversion so that they may present all materials made relevant by Rule 56."); *Nichols v. United States*, 796 F.2d 361, 364 (10th Cir. 1986) (same).  Material pertinent to a Rule 56 motion for summary judgment "includes such things as depositions, answers to interrogatories, admissions on file, affidavits, and the like."  *State of Ohio v. Peterson, Lowry, Rall, Barber & Ross*, 585 F.2d 454, 457 (10th Cir. 1978).  "To consider a motion to dismiss as a motion for summary judgment without giving the adverse party an opportunity to present pertinent material is error."  *Adams v. Campbell Cnty. Sch. Dist.*, 483 F.2d 1351, 1353 (10th Cir. 1973) (citing cases); *see also Peterson*, 585 F.2d at 457 (same).

## ARGUMENT

The right of a juvenile offender to a "meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation" is clearly established by Supreme Court precedent.  *Miller v. Alabama*, 567 U.S. 460, 479 (2012) (quoting *Graham v. Florida*, 560 U.S. 48, 75 (2010)); *see also Montgomery v. Louisiana*, 577 U.S. 190, 212-13 (2016).  On

remand, the magistrate ignored the Tenth Circuit's binding decision in this very case holding that Thomas has adequately stated a claim under *Miller* and its progeny. Instead, the magistrate once again incorrectly concluded that (i) Thomas's reliance on *Miller* is misplaced; (ii) *Miller* does not require the Oklahoma PPB to consider Thomas's youth at the time he committed his underlying crimes; and (iii) to the extent *Miller* and *Montgomery* establish parole consideration requirements for juvenile homicide offenders, Oklahoma's parole procedures meet those requirements. The magistrate's recommendation largely repeated the findings in his first report and recommendation, Suppl. R. & R. (ECF No. 12), without accounting for any of the Tenth Circuit's intervening analysis and without acknowledging the court's finding that Thomas had stated a claim for plausible relief. *Thomas*, 2022 WL 289661, at *4. Given the Tenth Circuit's prior decision in this very case, adopting the magistrate's recommendation and dismissing Thomas's Eighth Amendment claim would both contravene binding precedent and also violate the mandate rule.

The magistrate also incorrectly recommended converting Defendants' motion to dismiss to one for summary judgment with respect to any claim based on the Oklahoma Department of Correction's prohibition on classifying persons sentenced to life in prison to anything lower than medium security. In support of their argument that Thomas did not exhaust this issue, Defendants submitted a special report authored by a DOC employee, *see* Special Report (ECF No. 36), which was not attached to or referenced in Thomas's complaint, and which consists in large part of disputed material of which the court may not

take judicial notice.[2]  The magistrate erred by converting Defendants' motion to a motion for summary judgment and granting summary judgment based on Defendants' special report without allowing Thomas any opportunity to develop the relevant facts through discovery.  *See Adams v. Campbell Cnty. Sch. Dist.*, 483 F.2d 1351, 1353 (10th Cir. 1973).

Finally, given that the Tenth Circuit has already held that Thomas's allegations state a plausible federal claim, the magistrate also erred in recommending that this Court decline to exercise supplemental jurisdiction over Thomas's state law claim.  This Court should follow the Tenth Circuit's binding decision in this very case, deny Defendants' motion to dismiss, and allow this case to proceed.

## I.    The Magistrate Erred By Recommending Dismissal Of Thomas's Eighth Amendment Claim.

### A.    The Tenth Circuit Has Already Held That Thomas Has Stated A Plausible Eighth Amendment Claim.

As the Tenth Circuit explained, "the Eighth Amendment prohibits imposing a mandatory sentence of life without parole on a juvenile homicide offender." *Thomas*, 2022 WL 289661, at *2 (citing *Miller*, 567 U.S. at 479).  In this case, Thomas was convicted of homicide as a juvenile, and was given a mandatory life sentence without any individualized sentencing decision that considered his youth or other attendant characteristics. *Id.* at *1. At the heart of Thomas's claims is that while he was formally sentenced to life with parole, he is in reality serving a *de facto* sentence of life without parole, because the Oklahoma

---

[2]     As described in more detail below, the only part of the special report that is arguably subject to judicial notice are six publicly available Operations Procedure Policies, which are arguably a matter of public record.  *See, e.g.*, *Staats v. Cobb*, 2013 WL 1450504, at *5 & n.4 (W.D. Okla. Apr. 9, 2013) (DeGiusti, J.).

parole system does not afford him the meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation that the Eighth Amendment requires. *See Thomas*, 2022 WL 289661, at *2-4; Compl. ¶¶ 8, 17. The Tenth Circuit explained that "Thomas maintains that it is not enough for Oklahoma to impose a life sentence that [theoretically] makes him eligible for parole; instead, the State must operate a system that provides what the Eighth Amendment requires—a meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation," and that "Oklahoma's ad hoc system of executive clemency falls woefully short." *Thomas*, 2022 WL 289661, at *3. The Tenth Circuit squarely held that these allegations "stated plausible claims for relief," and "contain[ed] enough well-pleaded facts to plausibly entitle him to relief." *Id.* at *4.

The Tenth Circuit further explained that "a fair reading of the cases," including *Miller* and *Montgomery*, "does not foreclose Mr. Thomas's claims." *Id.* at *3. The Supreme Court in *Miller* held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." 567 U.S. at 479 (2012). In the Supreme Court's words, "[a]lthough we did not foreclose a sentencer's ability to [impose life without parole] in homicide cases, we require it to take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Id*. at 480. To be sure, as the Tenth Circuit observed, "the Supreme Court has not specifically addressed Mr. Thomas's argument—whether the Eighth Amendment requires the State to operate a parole system that affords a meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation, or whether simply making a juvenile lifer eligible for parole is enough."

*Thomas*, 2022 WL 289661, at *3. But as the Tenth Circuit recognized, the plain thrust of the Supreme Court's caselaw is that a state must provide juvenile offenders sentenced to mandatory life imprisonment some meaningful opportunity to earn release through demonstrated maturity and rehabilitation, and a system that the state calls "parole" but that never provides any such meaningful opportunity to earn release is insufficient. *Id.* at *3-4. That is why the Tenth Circuit's decision in this very case holds that Thomas's allegations *are* sufficient to state a plausible claim for relief, and that "a fair reading of the cases does not foreclose Mr. Thomas's claims." *Id.* at *3. In other words, the Tenth Circuit has now squarely *rejected* any interpretation of *Miller* and its progeny that would allow a state to evade its Eighth Amendment obligations by subjecting persons like Thomas to a system in which parole is available in theory but not in practice.

On remand, the magistrate nevertheless ignored the Tenth Circuit's clear holding and once again concluded that Thomas's sentences do not implicate *Miller*:

> As previously explained, *Miller* prohibited a mandatory sentence of life without parole and required a court to consider the offender's youth prior to sentencing him to the same. *Id.* at 479, 483. Thus, Plaintiff's sentences do not implicate the Supreme Court's decision in *Miller* as the state court did not sentence Plaintiff to life without parole and significantly, neither did it sentence him to the functional equivalent thereto.

Second Suppl. R. & R. at 7.

The magistrate adopted the position that "[t]he Supreme Court has not held, explicitly or otherwise, that the *Miller* decision extends beyond a state court's consideration of life without parole sentences for juvenile homicide offenders, nor that it applies to parole procedures." Second Suppl. R. & R. at 14. In support of this interpretation, the magistrate

cited two unpublished cases from this district—*Lewis v. Oklahoma Pardon & Parole Board*, 2019 WL 1500671 (W.D. Okla. Apr. 5, 2019) and *Bias v. Stitt*, 2020 WL 10731244 (W.D. Okla. Dec. 15, 2020). But whatever persuasive force those decisions might have had before the Tenth Circuit rendered its decision here, they cannot supersede the Tenth Circuit's determination in *this very case* that Thomas's claims are **not** foreclosed by *Miller* or any other Supreme Court precedent, and that Thomas **does** state a plausible claim under the Eighth Amendment as interpreted in *Miller* and its progeny. *Thomas*, 2022 WL 289661, at *3-4. As the Tenth Circuit's decision makes clear, Thomas has plausibly pled that under *Miller* that "the State must operate a system that provides what the Eighth Amendment requires—a meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation," and that "Oklahoma's ad hoc system of executive clemency falls woefully short." *Thomas*, 2022 WL 289661, at *3. Under the Tenth Circuit's binding decision, Thomas's claims must be permitted to continue beyond the pleading stage.[3]

---

[3]     In any event, the unpublished cases from this district on which the magistrate relied are readily distinguishable. For example, the petitioner in *Bias*, who was 17 years old at the time he committed his underlying offense, was certified to be tried as an adult, convicted of first-degree murder, and sentenced to death. *Bias*, 2020 WL 10731244, at *1. The Oklahoma Supreme Court modified his sentence to life imprisonment. *Id.* Bias argued that the Oklahoma PPB applied an "adult matrix" policy to him in determining eligibility for parole consideration, despite his status as a juvenile at the time he committed his offense, and that this "serve[s] a disproportionate sentence in violation of the Eighth Amendment." *Id.* at *1-2. Here, by contrast, Thomas challenges the Oklahoma parole system for failing to provide him any meaningful opportunity to obtain release through demonstrated maturity and rehabilitation—a challenge that, again, the Tenth Circuit has already held in this very case is sufficient to state a plausible claim for relief. *Thomas*, 2022 WL 289661, at *3-4.

That conclusion follows not only from this Court's obligation to follow binding Tenth Circuit precedent, but also from its obligation to follow the mandate rule. Under that rule, a district court "must comply strictly with the mandate rendered by the reviewing court." *Huffman v. Saul Holdings Ltd. P'ship*, 262 F.3d 1128, 1132 (10th Cir. 2001); *see also Procter & Gamble Co. v. Haugen*, 317 F.3d 1121, 1126 (10th Cir. 2003) (citations omitted) ("[A] district court is bound to follow the mandate," which "consists of [the reviewing court's] instructions to the district court at the conclusion of the opinion, and the entire opinion that preceded those instructions"); *SOLIDFX, LLC v. Jeppesen Sanderson, Inc.*, 823 F. App'x 559, 566 (10th Cir. 2020) (citing *Procter*, 317 F.3d at 1126) ("[T]he mandate rule bars re-litigation of issues decided either expressly or impliedly[.]"). Here, the Tenth Circuit's mandate remanded this case "for further proceedings consistent with [the Tenth Circuit's] order and judgment." *Thomas*, 2022 WL 289661, at *4. Adopting the magistrate's recommendation and dismissing Thomas's Eighth Amendment claim as purportedly barred by Supreme Court precedent would be flatly inconsistent with the Tenth Circuit's judgment, and so would squarely violate the mandate rule.

### B. The Tenth Circuit's Decision Also Makes Clear That Thomas States A Plausible Challenge To Oklahoma's Parole Procedures.

The magistrate further rejected Thomas's argument that *Miller* requires the Oklahoma Pardon and Parole Board to specifically consider Thomas's youth at the time he committed his underlying crimes. In support of this holding, the magistrate cited two out-of-circuit cases: *Bowling v. Director, Virginia Department of Corrections*, 920 F.3d 192 (4th Cir. 2019), and *Brown v. Precythe*, 46 F.4th 879 (8th Cir. 2022). Neither of those out-

of-circuit cases can supersede the binding precedent in *this* Circuit—indeed, in *this very case*—that Thomas's allegations state a plausible Eighth Amendment claim.  *See Thomas*, 2022 WL 289661, at *4; *see also supra* pp.14-17.   But in any event, both cases are distinguishable.   In *Bowling*, the Virginia Parole Board had, in every year since 2005, "reviewed and evaluated … all available information pertaining to [Appellant's] case" and there was a record over the years of the reasons the Parole Board denied the petitioner parole.  *Bowling*, 920 F.3d at 195-96.  Similarly, the petitioner in *Brown* had a Missouri Parole Board board hearing at which an assigned delegate was present and advocated for him, allowing for a fuller presentation of the relevant issues.  *Brown v. Precythe*, 46 F.4th at 884.  In contrast, as plausibly alleged by Thomas in his Complaint, the Oklahoma parole system "functions as a system of executive clemency" by which the PPB "is not required to provide any verbal or written explanation of its decision," and relies on unfair assessment tools which "take no account of [his] maturation over time, accomplishments, or institutional record."  Compl. ¶¶ 79, 84, 86.  The petitioners in both *Bowling* and *Brown* were subject to state parole procedures that are markedly different from what Thomas faces here.  Despite being formally sentenced to life with parole, Thomas is in reality serving a *de facto* sentence of life without parole, *see Thomas*, 2022 WL 289661, at *4, that does not afford him the "meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation" that the Eighth Amendment requires, *Miller*, 567 U.S. at 479.  And as the Tenth Circuit has now held, Thomas's allegations to that effect—that Oklahoma has failed to provide him meaningful parole procedures—have "stated plausible claims for relief."  *Thomas*, 2022 WL 289661, at *4.  Once again, the magistrate erred in

recommending dismissal of an Eighth Amendment claim that the Tenth Circuit has already expressly held is viable.

### C. The Magistrate's Discussion Of Thomas's Liberty Interest Is Irrelevant to Thomas's Eighth Amendment Claims.

The magistrate also concluded that Thomas could not state any due process claim based on any deficiencies in the PPB's application of its procedures, on the theory that it is "well established that inmates in Oklahoma do not have a liberty interest in parole." *Id.* at 16. That discussion, however, is not relevant to Thomas's Eighth Amendment claims, which do not require Thomas to show any independent liberty interest in parole. *See, e.g.*, *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994) (analyzing Eighth Amendment claims despite finding no liberty interest for due process purposes); *Wershe v. Combs*, 763 F.3d 500, 505-06 (6th Cir. 2014) (similar); *Bruton v. Minor*, 568 F. Supp. 2d 480, 486-87 (D. Del. 2008) (similar). Thomas has not thus far sought to press any separate due process claim against his parole procedures. But whether or not any such hypothetical due process claim would be viable—a point that Thomas does not concede—it does not affect the validity of his Eighth Amendment claim, which the Tenth Circuit has already held contains enough well-pleaded facts to plausibly entitle him to relief." *Thomas*, 2022 WL 289661, at *4.

### II. The Magistrate Erred In Recommending Summary Judgment On Any Challenge To Oklahoma's Prohibition On Classifying Inmates Sentenced To Life Lower Than Medium Security.

Thomas's current Complaint does not assert any independent challenge to Oklahoma's system for classifying inmates, or his own classification under that system.

Instead, the Complaint simply provides background for Thomas's Eighth Amendment and state-law claims by alleging that Oklahoma's prohibition on assigning an inmate sentenced to life imprisonment to any classification lower than medium security prevents Thomas from participating in certain programs in which he could further demonstrate maturation and rehabilitation.  Compl. ¶¶ 59, 89-99.

In their motion to dismiss, Defendants argued that Thomas cannot challenge his security classification because he failed to first exhaust his administrative remedies for challenging that classification.  Defs.' Mot. to Dismiss & Br. in Supp. (ECF No. 37) at 4-8.  In support of that argument (and other aspects of their motion), Defendants filed a special report authored by DOC employee Benjamin Betts containing 16 attachments, including an affidavit of DOC employee Mark Knutson.  *See* Special Report (ECF No. 36).  That special report and its attachments have not been authenticated, and consist in large part of disputed factual assertions and material that is not subject to judicial notice.[4]

Relying on the information in the special report, the magistrate held that to the extent Thomas intended to assert any independent federal claim based on his security classification, or Oklahoma's policy prohibiting any classification lower than medium security for inmates sentenced to life, Defendants' motion to dismiss as to that hypothetical claim should be converted to a motion for summary judgment and granted.  Second Suppl.

---

[4]     Six of the sixteen attachments to the special report are copies of publicly available Operations Procedure Policies, which are arguably a matter of public record of which the Court may take judicial notice.  *See, e.g.*, *Staats v. Cobb*, 2013 WL 1450504, at *5 & n.4 (W.D. Okla. Apr. 9, 2013) (DeGiusti, J.).  The report itself and the remaining attachments, however, are not.

R. & R. at 20 n.7, 21.  That was error.  Thomas continues to dispute the factual assertions in the special report and has not yet had any opportunity to test those assertions through discovery.

Moreover, the magistrate did not provide adequate notice to Thomas that he intended to convert any portion of Defendants' motion to dismiss to a motion for summary judgment, which is required under the law of this circuit.  *Whitesel v. Sengenberger*, 222 F.3d 861, 866 (10th Cir. 2000) (quoting *Brown v. Zavaras*, 63 F.3d 967, 969 (10th Cir. 1995)) ("Prior to conversion [of a motion to dismiss to a motion for summary judgment], however, the trial court must 'give the parties notice of the changed status of the motion and thereby provide the parties to the proceeding the opportunity to present to the court all material made pertinent to such motion by Rule 56.'"); *see also Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991) (quoting *State of Ohio v. Peterson, Lowry, Rall, Barber & Ross*, 585 F.2d 454, 456 (10th Cir. 1978)) (same).[5]  Relying on that report to grant summary

---

[5]    In a footnote, the magistrate stated that "the Court's Order notifying Plaintiff of his right to respond to Defendants' Motion to Dismiss . . . specifically stated that when a dispositive motion is supported by documentary evidence outside of the Complaint, the motion may be converted to one for summary judgment and the opposing party should respond with similar evidence as is appropriate under Federal Rule of Civil Procedure 56."  Second Suppl. R. & R. at 20 n.7.  The order at issue states: "If a Defendant files a motion that relies on materials not included with the Complaint, such a motion will result in the Court's conversion of the motion to a motion for summary judgment."  Order Requiring Service and Special Report (ECF No. 27) at 3.  But this did not suffice to inform the parties that the magistrate would in fact convert a portion of Defendants' motion to dismiss to a motion for summary judgment, especially as to a hypothetical claim that Thomas had never actually asserted in his complaint.  *See, e.g.*, *Brown v. Zavaras*, 63 F.3d 967, 969-70 (10th Cir. 1995) (conversion to summary judgment was inappropriate where "there is no indication in the record that the court notified [the plaintiff] of the conversion to a summary

judgment against Thomas on a hypothetical claim that Thomas has not even asserted, let alone had an opportunity to submit evidence in support of, would be remarkably improper. This Court should decline to take that injudicious course.

## III. The Magistrate Erred In Recommending Dismissal Of Thomas's State Law Claim.

Finally, because (as the Tenth Circuit has already held) Thomas has stated a plausible Eighth Amendment claim, the magistrate erred in recommending that this Court decline to exercise supplemental jurisdiction over Thomas's state law claim, which asserts that Thomas's sentence and Oklahoma's parole process violate the prohibition against cruel or unusual punishment in Okla. Const. Art. II, § 9. Second Suppl. R. & R. at 21. The magistrate based that recommendation solely on his conclusion that Thomas had failed to state a plausible federal claim, *see* Second Suppl. R. & R. at 21, which is incorrect for all of the reasons discussed above (and for the reasons explained by the Tenth Circuit in its binding decision in this case), *see supra* pp.14-20. Given the clear overlap between Thomas's federal claim and his state-law claim, judicial efficiency clearly favors litigating these claims together in the same case. This Court should therefore exercise supplemental jurisdiction over Thomas's state law claim.[6]

---

judgment proceeding or that he had the opportunity to introduce evidence supporting his claims").

[6] The magistrate correctly declined to adopt Defendants' other arguments related to Thomas's alleged failure to exhaust his administrative remedies, Defs.' Mot. to Dismiss & Br. in Supp. at 4-8, and Defendants' baseless claims of absolute or qualified immunity, *id.* at 8-10, 16-20. Those arguments fail for the reasons outlined in Thomas's opposition to Defendants' motion to dismiss. *See* Pl.'s Resp. in Opp. to Defs.' Mot. to Dismiss at 6-19.

## CONCLUSION

For the foregoing reasons, this Court should decline to adopt the magistrate's second supplemental report and recommendation and should deny Defendants' motion to dismiss.

Respectfully submitted,

AMY BREIHAN
PAT MOBLEY*
SHUBRA OHRI*
RODERICK & SOLANGE
  MACARTHUR JUSTICE CENTER
906 Olive Street, Suite 420
St. Louis, MO 63101
(314) 254-8540
amy.breihan@macarthurjustice.org
pat.mobley@macarthurjustice.org
shubra.ohri@macarthurjustice.org


EASHA ANAND
RODERICK & SOLANGE
  MACARTHUR JUSTICE CENTER
2443 Fillmore Street, #380-15875
San Francisco, CA 94115
(510) 588-1274
easha.anand@macarthurjustice.org

*Indicates counsel with forthcoming
motions to appear pro hac vice and/or
entries of appearance.

*/s/ Emily Merki Long*
C. HARKER RHODES IV
EMILY MERKI LONG (*pro hac vice*)
ALYSSA M. MCCLURE*
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, DC 20004
 (202) 879-5000
harker.rhodes@kirkland.com
emily.long@kirkland.com
alyssa.mcclure@kirkland.com


SPENCER BRYAN*
STEVEN J. TERRILL*
BRYAN & TERRILL LAW
3015 E. Skelly Drive, Suite 400
Tulsa, OK 74105
(918) 935-2777
jsbryan@bryanterrill.com
sjterrill@bryanterrill.com

*Counsel for Plaintiff Dwain Edward Thomas*

December 21, 2022

**CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Western District of Oklahoma by using the CM/ECF system.  I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Emily Merki Long*
Emily Merki Long