IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DWAIN EDWARD THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-20-944-D |
| ) | |
| KEVIN STITT, et. al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter comes before the Court for review of the Second Supplemental Report and Recommendation [Doc. No. 53] issued by United States Magistrate Judge Gary M. Purcell. Plaintiff filed a timely Objection [Doc. No. 56] and the Court must therefore make a de novo determination of the portions of the Report to which a specific objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

## PROCEDURAL BACKGROUND

Plaintiff is a state prisoner that was sentenced as a juvenile to life imprisonment with the possibility of parole.[1] In this action brought pursuant to 42 U.S.C. § 1983, he alleges that Oklahoma's parole system violates the Eighth Amendment of the United States Constitution and Article II, § 9 of the Oklahoma Constitution by denying juveniles sentenced to parole-eligible life sentences a meaningful opportunity for release. The Complaint seeks declaratory and injunctive relief and names the Governor of Oklahoma,

---

[1] Plaintiff was sentenced to life imprisonment but is eligible under Oklahoma law for parole consideration after serving fifteen years of each of his consecutive sentences. *See Thomas v. State*, No. PC-2019-116 (Okla. Crim. App. Sept. 6, 2019).

the Executive Director of Oklahoma's Pardon and Parole Board, the Chair of the Board of Corrections, and the Director of the Oklahoma Department of Corrections as defendants. Each of these individuals is sued in their official capacity only.

Upon screening pursuant to 28 U.S.C. § 1915A, the Complaint was dismissed for failure to state a plausible claim under the Eighth Amendment. The Tenth Circuit reversed on appeal,[2] finding that "the complaint contains enough well-pleaded facts to plausibly entitle [Plaintiff] to relief." *Thomas v. Stitt*, No. 21-6011, 2022 WL 289661, at *4 (10th Cir. Feb. 1, 2022).

On remand, the case was referred to Judge Purcell pursuant to pursuant to 28 U.S.C. § 636(b)(1)(B). Defendants then moved to dismiss the Complaint and made three main arguments in support: Plaintiff failed to state a claim under the Eighth Amendment, Plaintiff failed to exhaust his administrative remedies, and Defendants are immune from suit. Upon consideration, Judge Purcell concluded that Plaintiff failed to state a claim under the Eighth Amendment and his Report therefore recommends that this Court grant Defendants' Motion to Dismiss and decline to exercise supplemental jurisdiction over the state constitutional claims. Plaintiff filed a timely Objection to the Report, to which Defendants have not responded. Accordingly, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court will make a de novo determination of the issues specifically raised by Plaintiff's Objection. Additionally, because the matter is fully briefed, the Court

---

[2] Plaintiff was initially proceeding pro se but retained counsel during his appeal.

will resolve the remaining arguments raised in Defendant's Motion to Dismiss rather than re-refer this action to a magistrate judge.

## DISCUSSION

### A. Failure to State a Claim

As one basis for seeking dismissal, Defendants argue that Plaintiff has failed to state a claim under the Eighth Amendment.[3] The Tenth Circuit has already rejected this argument and found that Plaintiff "has stated plausible claims for relief." *Thomas*, 2022 WL 289661 *4. It goes without saying that this Court is required to follow Tenth Circuit precedent, not to mention the mandate issued in this very case. Thus, although the Court acknowledges the cogent analysis contained in Judge Purcell's Report, it is nevertheless compelled to conclude that dismissal for failure to state a claim is not appropriate. There is no need to belabor this point.

---

[3] Defendants also argue, in a somewhat perfunctory manner, that Plaintiff has failed to state a plausible claim because he has not adequately alleged facts showing that each Defendant was personally involved in the deprivation of Plaintiff's constitutional rights. However, as Plaintiff points out, this argument is misplaced because Defendants are sued in their official – not individual – capacity. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) (explaining that "[i]ndividual liability under § 1983 must be based on personal involvement in the alleged constitutional violation"); *Robbins v. Oklahoma,* 519 F.3d 1242, 1250 (10th Cir. 2008) (discussing pleading requirement for suits against officials in their individual capacities); *Savage v. Fallin*, No. CIV-15-1194-HE, 2018 WL 1558281, at *3 (W.D. Okla. Mar. 30, 2018), aff'd, 845 F. App'x 772 (10th Cir. 2021) (holding that alleged ongoing constitutional violation "might warrant an award of injunctive relief" against official sued in his official capacity "[b]ut an individual capacity claim, which seeks damages against the state official personally, requires more").

## B. Failure to Exhaust Administrative Remedies

Defendants further contend that dismissal is required because Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e, and the Oklahoma Governmental Tort Claims Act, Okla. Stat. tit. 51, § 151 et seq. The Court is not persuaded that either of these statutory schemes requires exhaustion of Plaintiff's claims.

The PLRA requires prisoners who bring an action "with respect to prison conditions" to first exhaust their administrative remedies. 42 U.S.C. § 1997e(a). This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The claims asserted here concern the constitutionality of Oklahoma's parole procedures, not prison conditions or prison life.[4] Accordingly, the PLRA's exhaustion requirement does not apply.[5] *See Howard v. Coonrod*, 546 F. Supp. 3d 1121, 1130 (M.D. Fla. 2021) ("As such, the Court finds that the PLRA exhaustion requirement does not apply to the claims at issue challenging Florida's parole process.").

---

[4] For similar reasons, Okla. Stat. Ann. tit. 57, § 566.4(C), which bars state prisoners from seeking injunctive relief for claims related to prison management, does not apply here.

[5] The Second Supplemental Report similarly concluded that the PLRA does not require administrative exhaustion of claims challenging parole procedures. Defendants failed to object to this conclusion and have therefore waived further review of this issue. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996).

As to the GTCA, that statute requires notice prior "to filing a claim for tort damages." *Hall v. GEO Grp., Inc.*, 324 P.3d 399, 400 (Okla. 2014). A claim is defined as a "written demand…to recover money from the state or political subdivision as compensation." Okla. Stat. tit. 51, § 152(4) Thus, "the GTCA does not affect claims seeking only prospective injunctive relief." *Abab, Inc. v. City of Midwest City*, No. CIV-20-0134-HE, 2020 WL 9073568, at *1 (W.D. Okla. Sept. 1, 2020). *See also Feenstra v. Sigler*, No. 19-CV-00234-GKF-FHM, 2019 WL 6040401, at *12 (N.D. Okla. Nov. 13, 2019) ("Accordingly, based on the briefing received to date, it does not appear that the OGTCA applies to suits seeking only equitable relief."); *Barrios v. Haskell Cnty. Pub. Facilities Auth.*, 432 P.3d 233, 238 n. 13 (Okla. 2018) (stating that the GTCA does not "affect claims that fail to implicate the state's sovereign immunity, such as those against state officials in their individual capacity and those seeking only prospective injunctive relief"). Plaintiff's Complaint seeks declaratory and injunctive relief, not monetary damages, and the GTCA's notice provisions therefore do not apply.

**C. Immunity**

Defendants additionally argue that this action should be dismissed because they are entitled to Eleventh Amendment immunity, absolute legislative immunity, or qualified immunity. Again, the Court is not persuaded that any of these immunity doctrines apply to Plaintiff's claims.

Eleventh Amendment immunity, which bars suits against states for money damages in federal court, "does not extend to a state official sued in his official capacity when the plaintiff seeks only prospective, injunctive relief." *Tarrant Reg'l Water Dist. v. Sevenoaks*,

545 F.3d 906, 910–11 (10th Cir. 2008) (citing *Ex parte Young*, 209 U.S. 123 (1908). Similarly, absolute immunity and qualified immunity are not available "in suits seeking relief against a public official only in his or her official capacity." *Brown v. Buhman*, 822 F.3d 1151, 1162 n. 8 (10th Cir. 2016); *see also Lemmons v. L. Firm of Morris & Morris*, 39 F.3d 264, 267 (10th Cir. 1994) ("[N]either qualified nor absolute immunity precludes prospective injunctive relief except in rare circumstances not relevant here."). Defendants are state officials sued in their official capacity and the complaint purports to seek only prospective injunctive and declaratory relief.[6] Accordingly, Eleventh Amendment immunity, absolute legislative immunity, and qualified immunity are not applicable.

## CONCLUSION

For the reasons explained above, the Second Supplemental Report and Recommendation [Doc. No. 53] is NOT ADOPTED and Defendant's Motion to Dismiss [Doc. No. 37] is **DENIED**.

**IT IS SO ORDERED** this 23rd day of January, 2023.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[6] To the extent the Complaint could be interpreted otherwise, Plaintiff's response brief makes clear that he is seeking only "prospective declaratory and injunctive relief." *See* Pl.'s Br. at 12, 15.