## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DWAIN EDWARD THOMAS, | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) ) |
| KEVIN STITT, Governor; STEVEN BICKLEY, Executive Director, OKLAHOMA PARDON AND PAROLE BOARD; T. HASTINGS SIEGFRIED, Chair, OKLAHOMA BOARD OF CORRECTIONS; SCOTT CROW, Director, OKLAHOMA DEPARTMENT OF CORRECTIONS; | ) No. 5:20-cv-00944-D ) ) JURY TRIAL DEMAND ) ) ) ) ) ) |
| *Defendants.* | ) |

### ANSWER

Defendants Kevin Stitt, Tom Bates, T. Hastings Siegfried, and Steve Harpe, (hereinafter "Defendants"), by and through their attorney of record Assistant Attorney General Jessica Wilkes, provide the following Answer to Plaintiff's Complaint. Defendants admit Plaintiff's allegations contained in the Complaint only to the extent specifically set forth below. To the extent any matters are not explicitly admitted herein, they are wholly denied. Defendants answer as follows:

### PARTIES, JURISDICTION AND VENUE

1.  Upon information and belief, Defendants admit Plaintiff is an inmate in the custody of the Oklahoma Department of Corrections ("DOC") confined in the Dick Conner Correctional Center located at 129 Conner Road in Hominy, Oklahoma 74035. Upon information and belief, Defendants admit Plaintiff was convicted in the District

Court of Sequoyah County, State of Oklahoma, on March 20, 1997, of Count-I: Murder in the First Degree ("Murder") in violation of 21 O.S.1994, § 701.7(A); Count-II: Murder in violation of 21 O.S.1994, § 701.7(A) and, Count-III: Murder in violation of 21 O.S.1994, § 701.7(A), in a case styled *State of Oklahoma v. Thomas*, No. CF-95-380 (Seq. Cty. Dist. Ct.). Upon information and belief, Defendants admit that Plaintiff was a fifteen (15) year old juvenile at the time he entered a plea agreement (with the aid of counsel) and was sentenced to Life imprisonment on all three Counts. Upon information and belief, the District Court ordered Plaintiff to serve Counts I and II concurrently, and Counts II and III consecutively. Upon information and belief, Defendants admit that Plaintiff has completed/ achieved: EPA Certification; Residential Electrician's Assistant; Commercial/Industrial Electrician's Assistant; Motor Vehicle Air Conditioning Refrigerant Recovery and Recycling Equipment under Section 609 of the Federal Clean Air Act; Heating, Ventilation, and Air Conditioning (HVAC Technician, Refrigeration Technician; Module I (Licensed Trades Academy); two (2) Six (6)-Month Participation in Licensed Trades Academy; Mechanical Journeyman License; Biblical Interpretation through The Center for Advanced Studies at Crossroad Bible Institute; Lexington Skills Center Mechanical Code Training to the IMC, IFGC &IRC; CEU's Credit for Mechanical Codes; and, Paralegal Certification from Blackstone Career Institute. Defendants do not have sufficient information or knowledge to admit or deny that Mr. Thomas has maintained Level IV since 2003 and has maintained an "Outstanding" evaluation average for his Monthly Inmate Evaluation Time Credit Report, receiving a

fifty (50)-point score average, and as such denies.[1] All other allegations contained in Paragraph 1 are denied.

2. Defendant Stitt admits that he is the Governor of the State of Oklahoma and in his official capacity was working under color of State law when the allegations arose; and that he is a resident of the State of Oklahoma. The remaining allegations in paragraph 2 contain legal conclusions, each of which are admitted only extent they fully and accurately recite relevant Oklahoma law; otherwise, they are denied. Moreover, Defendant Stitt denies any wrongdoing.

3. To the extent that the allegations contained in paragraph 3 relate to the newly appointed Executive Director of the Oklahoma Pardon and Parole Board ("PPB"), Tom Bates, Defendant Bates admits that he is the Executive Director of the PPB and in his official capacity was working under color of State law when the allegations arose; and that he is a resident of the State of Oklahoma.[2] The remaining sentences of paragraph 3 contain legal conclusions, each of which are admitted only extent they fully and accurately recite relevant Oklahoma law; otherwise, they are denied. Moreover. Defendant Bates denies any wrongdoing.

4. Defendant Siegfriend admits that he chairs the Board of Corrections ("BOC") and in his official capacity was working under state law when the allegations arose; and that he is a resident of the State of Oklahoma. The remaining sentences of paragraph 4 contain legal conclusions, each of which are admitted only extent they fully

---

[1] Footnote 1 is admitted.
[2] As of 2020, Tom Bates has replaced Steven Bickley as the Executive Director of the PPB.

and accurately recite relevant Oklahoma law; otherwise, they are denied. All other allegations contained in paragraph 4 are denied. Defendant Siegfried further denies any wrongdoing.

5. To the extent that the allegations contained in paragraph 5 relate to the newly appointed Director of the Oklahoma Department of Corrections ("DOC"), Steven Harpe, Defendant Harpe admits that he is the Director of DOC and in his official capacity was working under state law when the allegations arose; that he is a resident of the State of Oklahoma; that the Director is responsible for managing the state-operated prisons in which prisoners serving life sentences are housed and creating policies that govern how individuals are assigned to any particular security status or facility.[3] All other allegations contained in paragraph 5 are denied. Defendant Harpe further denies any wrongdoing.

6. Defendants admit that this Court has subject matter jurisdiction over Plaintiff's claim and that this court may exercise supplemental jurisdiction over the state law claims. Defendants, however, deny any wrongdoing.

7. Defendants admit that venue is proper. However, Defendants deny any wrongdoing.

## NATURE OF THE CASE

8. Upon information and belief, Defendants admit that Plaintiff is an inmate who was sentenced to three (3) "imprisonment for life" ("Life") sentences in state court for acts committed when he was a juvenile. Defendants deny the remaining allegations in Paragraph 8.

---

[3] As of 2022, Steven Harpe has replaced Scott Crow as the Director of DOC.

9. Paragraph 9 contains legal conclusions; therefore, no response is required.

10. Paragraph 10 contains legal conclusions; therefore, no response is required.

11. Paragraph 11 contains legal conclusions; therefore, no response is required.

12. Paragraph 12 contains legal conclusions which do not require a response. Insofar as a response is required, it is denied.

13. Paragraph 13 contains legal conclusions which do not require an admission or denial. Insofar as a response is required, it is denied.

14. Paragraph 14 contains legal conclusions which do not require an admission or denial. Insofar as a response is required, it is denied. All other allegations contained in paragraph 14 are denied.

15. Upon information and belief, Defendants admit that Plaintiff is serving life sentences for offenses he committed as a juvenile, and that Plaintiff is serving three (3) Life sentences that are parole eligible. All other allegations contained in paragraph 15 are denied.

16. Upon information and belief, Defendants admit that Mr. Thomas has served at least twenty (20) years upon his first Life sentence, and he has been denied parole. Defendants deny the remaining allegations in paragraph 16.

17. Paragraph 17 is denied.

18. Paragraph 18 is denied.

19. Paragraph 19 is denied.

20.     Defendants admit that Plaintiff is an individual who was sentenced to consecutive Life sentences for an offense committed as a juvenile, who has been incarcerated since 1997. Defendants deny the remaining allegations in paragraph 20.

21.     Paragraph 21 is denied as stated.

22.     Defendants do not deny that Plaintiff is seeking declaratory and injunctive relief. Defendants deny that Plaintiff is entitled to any relief whatsoever.

## FACTUAL ALLEGATIONS

### I. YOUTH HAVE DIMINISHED CULPABILITY AND GREATER PROSPECTS FOR REFORM THAN ADULTS AND THE STATE CANNOT, EXCEPT IN THE RAREST OF CASES, CONDEMN YOUNG OFFENDERS TO DIE IN PRISON WITHOUT A MEANINGFUL AND REALISTIC OPPORTUNITY FOR RELEASE.

#### A. CASES OF THE USSC ESTABLISH THAT YOUTH ARE DIFFERENT FROM ADULTS IN WAYS THAT DIMINISH THE PENOLOGICAL JUSTIFICATIONS FOR THE HARSHEST PUNISHMENT.

23.     Defendants admit that paragraph 23 provides a true and correct quote from *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016).

24.     Defendants admit that paragraph 24 provides a true and correct quote from *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016).

25.     Defendants admit that paragraph 25 provides a true and correct quote from *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016).

26.     Defendants admit that paragraph 26 provides a true and correct quote from *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016).

27.     Defendants admit that paragraph 27 provides a true and correct quote from *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016).

28.     Defendants admit that paragraph 28 provides a true and correct quote from *Miller v. Alabama,* 132 S.Ct. 2455 (2012).

29.     Defendants admit that paragraph 29 provides a true and correct quote from *Graham v. Florida*, 560 U.S. 48 (2010) in reference to only a life without parole ("LWOP") sentence.

30.     Defendants admit that paragraph 30 provides a true and correct quote from *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016).

31.     Defendants admit that paragraph 31 provides a true and correct quote from *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016).

32.     Defendants admit that paragraph 32 provides a true and correct quote from *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016).

33.     Defendants admit that paragraph 33 provides a true and correct quote from *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016).

34.     Defendants admit that paragraph 34 provides a true and correct quote from *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016).

35.     Defendants admit in *Miller*, the United States Supreme Court said "the characteristics of youth, and the way they weaken rationales for punishment, can render a life-without-parole sentence disproportionate." *Miller*, 132 S.Ct. at 2465–66. Defendants deny the remaining allegations contained in paragraph 35.

> **B.   AS A RESULT OF THESE DIFFERENCES, THE USSC HAS FORBIDDEN LWOP AS UNCONSTITUTIONALLY DISPROPORTIONATE PUNISHMENT FOR ALL BUT THE RAREST OF YOUTH WHO DEMONSTRATE "IRREPARABLE CORRUPTION."**

36.     Paragraph 36 contains legal conclusions which do not require an admission

or denial. Insofar as a response is required, it is denied.

37. Paragraph 37 contains legal conclusions which do not require an admission or denial. Insofar as a response is required, it is denied.

38. Defendants admit that paragraph 38 provides a true and correct quote from *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016).

39. Paragraph 39 contains legal conclusions which do not require an admission or denial.

40. Defendants admit that paragraph 40 provides a true and correct quote from *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016).

41. Defendants admit that paragraph 41 provides a true and correct quote from *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016).

42. Defendants admit that paragraph 42 provides a true and correct quote from *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016).

C. **FOR THOSE WHO ARE NOT "IRREPARABLE CORRUPT," THERE MUST BE A MEANINGFUL AND REALISTIC OPPORTUNITY TO OBTAIN RELEASE, AND OKLAHOMA'S PAROLE SYSTEM FAILS TO MEET THIS STANDARD.**

43. Defendants admit that in *Graham v. Florida*, the USSC said "Terrance Graham's sentence [that] guarantees he will die in prison without any meaningful opportunity to obtain release, no matter what he might do to demonstrate that the bad acts he committed as a teenager are not representative of his true character, even if he spends the next half century attempting to atone for his crimes and learn from his mistakes." *Graham*, 560 U.S. at 79. Defendants deny the remaining allegations contained in paragraph 43.

44. Defendants admit the USSC said a State is not required to guarantee eventual freedom, "but must provide 'some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation.'" *Miller*, 132 S.Ct. at 2469 (quoting *Graham*, 560 U.S. at 75). Defendants deny the remaining allegations contained in paragraph 44.

45. Defendants admit that paragraph 45 provides a true and correct quote from *Graham v. Florida*, 560 U.S. 48 (2010).

46. Defendants admit that paragraph 46 provides a true and correct quote from *Solem v. Helm*, 463 U.S. 277, 300–01 (1983).

47. Paragraph 47 is denied.

48. Defendants admit that paragraph 48 provides a true and correct quote from *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016).

49. Defendants admit the USSC said "prisoners like Montgomery must be given the opportunity to show their crime did not reflect irreparable corruption; and, if it did not, their hope for some years of life outside prison walls must be restored." *Montgomery*, 136 S.Ct. at 736–37.

50. Defendants admit that paragraph 50 provides a true and correct quote from *Graham v. Florida*, 560 U.S. 48 (2010).

51. Defendants admit that paragraph 51 provides a true and correct quote from *Graham v. Florida*, 560 U.S. 48 (2010).

52. Paragraph 52 contains legal conclusions; therefore, a response is not required. Insofar as a response is required, it is denied.

## II. OKLAHOMA'S POLICIES AND PRACTICES SUBJECT MR. THOMAS TO UNCONSTITUTIONALLY DISPROPORTIONATE PUNISH- MENT BY DENYING A MEANINGFUL AND REALISTIC OPPORTUNITY FOR RELEASE REGARDLESS OF INDIVIDUAL MERIT.

### A. OVERVIEW OF HOW OKLAHOMA VIOLATES MR. THOMAS' CONSTITUTIONAL RIGHTS.

53. Paragraph 53 is denied.

54. Paragraph 54 contains legal conclusions which do not require an admission or denial. Insofar as a response is required, it is denied. All other allegations contained in paragraph 54 are denied.

55. Upon information and belief, Defendants admit that, as of the date of his filing, Plaintiff has never been recommended for parole. All other allegations contained in paragraph 55 are denied.

56. Paragraph 56 is denied.

57. Paragraph 57 is denied.

58. Paragraph 58 is denied.

59. Paragraph 59 is denied.

60. Paragraph 60 is denied.

### B. OKLAHOMA MANDATES LIFE (I.E., "IMPRISONMENT FOR THE NATURAL LIFE OF THE OFFENDER") SENTENCES FOR JUVENILES WHO'S CRIMES DO NOT REFLECT IRREPARABLE CORRUPTION.

61. Upon information and belief, Defendants admit that Plaintiff is serving Life sentences in Oklahoma that are parole eligible. Defendants deny the remaining allegations contained in paragraph 61.

62. Paragraph 62 is denied as stated.

63. Paragraph 63 contains legal conclusions which do not require an admission or denial. Insofar as a response is required, it is denied.

64. Paragraph 64 contains legal conclusions; therefore, no response is required.

65. Paragraph 65 contains legal conclusions; therefore, no response is required.

66. Paragraph 66 contains legal conclusions; therefore, no response is required.

67. Paragraph 67 contains legal conclusions; therefore, no response is required. All other allegations contained in paragraph 67 are denied.[4]

68. Paragraph 68 is denied.

**C. OKLAHOMA'S PAROLE SCHEME OPERATES AS A SYSTEM OF CLEMENCY THAT FAILS TO AFFORD MR. THOMAS AND THOSE SIMILARLY SITUATED A MEANINGFUL AND REALISTIC OPPORTUNITY FOR RELEASE UPON DEMONSTRATED MATURITY AND REHABILITATION.**

**1. The Governor's clemency authority is exclusive and devoid of standards.**

69. Paragraph 69 contains legal conclusions; therefore, no response is required.

70. Paragraph 70 contains legal conclusions; therefore, no response is required.

71. Paragraph 71 contains a legal conclusion that does not require a response. Insofar as a response is required, it is denied. [5]

72. Paragraph 72 contains a legal conclusion that does not require a response. Insofar as a response is required, it is denied.

---

[4] Footnote 2 contains a legal conclusion. Therefore, a response is not required. All other allegations contained in footnote 2 are denied.

[5] Footnote 3 contains a legal conclusion that does not require a response.

73. Paragraph 73 is denied.

74. Paragraph 74 is denied.

75. Paragraph 75 contains legal conclusions, each of which are admitted only extent they fully and accurately recite relevant Oklahoma law; otherwise, they are denied.

76. Paragraph 76 contains a hypothetical to which no response is required. Insofar as a response is required, it is denied as stated.

77. Paragraph 77 contains legal conclusions, each of which are admitted only extent they fully and accurately recite relevant Oklahoma law; otherwise, they are denied.

78. Paragraph 78 is denied.

### 2. PPB policies and practices, combined with the scheme of executive clemency, deny Mr. Thomas and those similarly situated a meaningful and realistic opportunity for release.

79. Paragraph 79 is denied.

80. Paragraph 80 is denied.

81. Defendants admit that PPB's policies do not make an express distinction between those whose offenses occurred as youths and those whose offenses occurred as adults. All other allegations contained in paragraph 81 are denied.

82. Defendants admit that none of the statutory factors to be considered in determining whether an individual is suitable for parole include explicit consideration of youth at the time of the offense. All other allegations contained in paragraph 82 are denied.

83. Paragraph 83 is denied.[6]

---

[6] Footnote 4 contains legal conclusions; therefore, no response is required. All other allegations contained in footnote 4 are denied.

84. Paragraph 84 is denied.[7]

85. Paragraph 85 is denied.

86. Paragraph 86 is denied.

87. Paragraph 87 is denied.

88. Paragraph 88 is denied.

### 3. DOC policies automatically deny Mr. Thomas, as well as those similarly situated, rehabilitative opportunities that affect his opportunity for release.

89. Defendants are without sufficient information to admit or deny the allegations in paragraph 89 and therefore deny the same.

90. Paragraph 90 is denied.

91. Defendants admit that from lowest to highest, DOC's security classification levels are Global Positioning Satellite Surveillance Program (GPS), Community Corrections, Minimum, Medium, and Maximum; that typically classification is assigned upon commitment to the DOC and reviewed every 120 days thereafter; that DOC's classification is a score-based system that assigns and increases points based on certain factors to determine at which security level an individual may be safely assigned; and that DOC uses an "Initial Custody Assessment/Facility Assignment Form" and subsequently reassesses such determinations using a "Custody Assessment Scale." Defendants deny the remaining allegations in paragraph 91. [8]

---

[7] Footnote 5 contains a legal conclusion. Therefore, a response is not required. All other allegations contained in footnote 5 are denied.

[8] Defendants admit that DOC uses separate custody assessment tools for male and female inmates; that the male inmates' custody assessment has at least seven categories, and the female custody assessment has at least six categories; that one such category is the inmate's

92. Paragraph 92 is denied.

93. Defendants admit that DOC policy demands that Plaintiff must be placed in a maximum-security prison. Defendants deny the remaining allegations in paragraph 93.

94. Paragraph 94 is denied.

95. Paragraph 95 is denied.

96. Defendants admit that Plaintiff has been assigned to the same institution for more than three years. Defendants deny the remaining allegations in paragraph 96.

97. Paragraph 97 is denied as stated.

98. Defendants are without sufficient information to admit or deny the allegations in paragraph 98 and therefore deny the same.

99. Paragraph 99 is denied.

### III. THE ORIGINS AND EFFECTS OF OKLAHOMA'S SYSTEM OF DE FACTO LIFE WITHOUT PAROLE.

100. Defendants admit that parole was and continues to be a meaningful and realistic availability for inmates serving Life sentences who demonstrate their rehabilitation. Defendants are without sufficient information or knowledge to admit or deny the remaining allegations contained in paragraph 100 and therefore deny such allegations and demand strict proof thereof.

101. Defendants are without sufficient information or knowledge to admit or deny

---

"Current Age"; that a male inmates receives four points until he reaches the age of 28; that a female inmate receives three points if she is twenty (20) years of age or younger and two points if she is between the age of twenty-one (21) and thirty-one (31); and that DOC policy does not provide for "Maximum" security placement assessment for females. All other allegations contained in paragraph 6 are denied.

the remaining allegations contained in paragraph 101 and therefore deny such allegations and demand strict proof thereof.

102.  Paragraph 102 is denied as stated.

103.  Paragraph 103 is denied.

104.  Paragraph 104 contains legal conclusions which do not require a response. Insofar as a response is required, it is denied.

105.  Paragraph 105 contains legal conclusions which do not require a response. Insofar as a response is required, it is denied.

106.  Paragraph 106 is denied.

### IV. MR. THOMAS' RIGHTS HAVE BEEN VIOLATED AND HE SUFFERS GRAVE HARMS AS A RESULT OF OKLAHOMA'S SYSTEM OF DE FACTO LIFE WITHOUT PAROLE.

107.  Paragraph 107 is denied.

108.  Paragraph 108 is denied.

109.  Upon information and belief, paragraph 109 is admitted.

110.  Defendants admit that Mr. Thomas was sentenced to Life in prison. All other allegations contained in paragraph 110 are denied.

111.  Paragraph 111 is denied.

112.  Paragraph 112 is denied.

113.  Upon information and belief, Defendants admit that, when Plaintiff first arrived in DOC, he had no prior record. All other allegations contained in paragraph 113 are denied.

114.  Paragraph 114 is denied.

115.  Upon information and belief, paragraph 115 is admitted.

116. Paragraph 116 is denied as stated.

117. Upon information and belief, Defendants admit the allegations in paragraph 117.

118. Defendants admit that the "current patterns of behavior" section of the Adjustment Review evaluates and rates several areas of Plaintiff's behavior. Defendants admit that among these areas are relationships with staff, participation in assigned programs, job performance, relationships with other inmates, maintenance of personal hygiene, maintenance of living quarters, and program job performance. Defendants deny the remaining allegations in paragraph 118.

119. Paragraph 119 is denied.

## CAUSES OF ACTION

## COUNT ONE

**VIOLATION OF THE EIGHTH AMENDMENT PROHIBITION AGAINST CRUEL AND UNUSUAL PUNISHMENT AND 42 U.S.C. § 1983**
(Mr. Thomas Against all Defendants)

120. Defendants re-allege paragraphs 1 to 119 and incorporates them as if fully stated herein.

121. Paragraph 121 contains legal conclusions to which responses are not required.

122. Paragraph 122 is denied.

123. Paragraph 123 is denied.

124. Paragraph 124 is denied.

125. Paragraph 125 is denied

126. Paragraph 126 is denied.

## COUNT TWO

### VIOLATION OF ARTICLE II, SECTION 9, OKLAHOMA CONSTITUTION'S PROHIBITION AGAINST CRUEL OR UNUSUAL PUNISHMENT
(Mr. Thomas Against all Defendants)

127. Defendants re-allege paragraphs 1 to 119 and incorporates them as if fully stated herein.

128. Paragraph 128 contains legal conclusions to which responses are not required. Insofar as a response is required, it is denied.

129. Paragraph 129 is denied.

130. Paragraph 130 is denied.

131. Paragraph 131 is denied.

132. Paragraph 132 is denied.

133. Paragraph 133 is denied.

## COUNT THREE

### FOR DECLARATORY JUDGMENT THAT OKLAHOMA STATUTE TITLE 57, SECTION 332.7 IS UNCONSTITUTIONAL
(Mr. Thomas Against all Defendants)

134. Defendants re-allege paragraphs 1 to 119 and incorporates them as if fully stated herein.

135. Paragraph 135 contains a legal conclusion to which no response is required. Insofar as a response is required, it is denied.

136. Paragraph 136 is denied.

137. Paragraph 137 is denied.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief whatsoever. Defendant further denies any wrongdoing.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff failed to exhaust his administrative remedies as to any claims.

3. Plaintiff failed to comply with the Governmental Tort Claims Act.

4. Plaintiff's request for injunctive relief is barred by Okla. Stat. tit. 57, § 566.4(c).

5. Defendants are entitled the Eleventh Amendment Immunity.

6. Defendant asserts all immunity to which it may be entitled under the Oklahoma Governmental Tort Claims Act.

7. Defendants are entitled to absolute immunity.

8. Defendants are entitled to qualified immunity.

9. Defendants did not personally participate in any constitutional violations.

10. Plaintiff is not entitled to injunctive relief.

11. Defendants acted in good faith and dealt fairly with Plaintiff at all times material to the Complaint.

12. Defendants reserve the right to amend and supplement these defenses as discovery proceeds.

13. Defendants reserve and do not waive any defenses available under federal law.

Respectfully submitted,

/s/ Jessica A. Wilkes
**JESSICA A. WILKES, OBA #34823**
Assistant Attorneys General
Oklahoma Attorney General's Office
Litigation Division
313 NE 21st Street
Oklahoma City, Oklahoma 73105
Telephone: (405) 521-3921
Facsimile: (405) 521-4518
Email: Jessica.wilkes@oag.ok.gov
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of February 2023, I electronically transmitted the attached document to the Clerk of the Court using the ECF system for filing and transmittal to the following person who is an ECF registrant:

| | |
|---|---|
| **Alyssa M. McClure** | **J. Spencer Bryan, OBA # 19419** |
| **KIRKLAND & ELLIS LLP** | **BRYAN & TERRILL LAW, PLLC** |
| 1301 Pennsylvania Ave., NW | 2500 South Broadway, #122 |
| Washington, DC – 20004 | Edmond, OK – 73103 |
| *Attorneys for Plaintiff* | Email: jsbryan@bryanterrill.com |
| | *Attorneys for Plaintiff* |

/s/ Jessica A. Wilkes
Jessica A. Wilkes