IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DWAIN EDWARD THOMAS | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIV-20-944-D |
| | ) | |
| KEVIN STITT, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT STATUS REPORT AND DISCOVERY PLAN**

Date of Conference:         August 2, 2023

Appearing for Plaintiff:       Tracie L. Bryant
                               Alyssa M. McClure
                               Pat Mobley

Appearing for Defendants:     Alejandra J. Brigida
                               Lauren Ray

**Jury Trial Demanded □ - Non-Jury Trial ✘**

1. **BRIEF PRELIMINARY STATEMENT**. State briefly and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

a.   Plaintiff:

Plaintiff Dwain Edward Thomas (Thomas) was convicted of three counts of murder in 1997 when he was 15 years old, and sentenced to life in prison. Thomas filed suit against the Governor of Oklahoma, the Executive Director of the Oklahoma Pardon and Parole Board (PPB), the Chair of the Oklahoma Board of Corrections, and the Director of the Oklahoma Department of Corrections (DOC), alleging that Okla. Stat. tit.

1

57, § 332.7 (Oklahoma's statute governing parole consideration) is unconstitutional as applied to individuals convicted of homicide and sentenced to life as juveniles. Specifically, Thomas alleges that Oklahoma's parole system is unconstitutional under the Eighth Amendment and Article II, § 9 of the Oklahoma Constitution because it fails to provide a meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation as required by the U.S. Supreme Court in *Miller v. Alabama*, 567 U.S. 460 (2012), *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), and their progeny.

b. <u>Defendants</u>:

Mr. Dwain Edward Thomas ("Plaintiff") has filed this action pursuant to 42 U.S.C. § 1983 asserting that OKLA. STAT. 57, § 332.7 is unconstitutional as applied to individuals convicted of homicide and sentenced to life as juveniles and that Oklahoma's parole system violates the U.S. and the Oklahoma constitutions. However, Defendants contend that Plaintiff's claims fail because they rely upon *Miller* and *Montgomery*, which are not implicated by Plaintiff's sentences. *See Bias v. Stitt,* No. CIV-20-989-SLP, 2020 WL 10731244 (W.D. Okla. Dec. 15, 2020), report and recommendation adopted, No. CIV-20-989-SLP, 2021 WL 3008606 (W.D. Okla. July 15, 2021); *Lewis v. Okla. Pardon & Parole Bd.,* No. CIV-18-1205-G, 2019 WL 1500671, at *1-2 (W.D. Okla. Apr. 5, 2019) (concluding that *Miller* did not apply because "Plaintiff was not sentenced to life-without-parole" and dismissing § 1983 complaint). Plaintiff was **not** convicted of life without parole, he was convicted to life (parole eligible sentence) for a homicide offense as a juvenile, so neither *Miller* nor *Montgomery* applies to his sentence. *See Rodgers v.*

2

*Whitten*, No. CIV-20-839-PRW, 2020 WL 8768604, at *2 (W.D. Okla. Nov. 3, 2020), report and recommendation adopted, No. CIV-20-00839-PRW, 2021 WL 735647 (W.D. Okla. Feb. 25, 2021). However, to the extent Plaintiff argues that *Miller* and *Montgomery* either create a liberty interest and/or are relevant to Plaintiff's sentences for Eighth Amendment purposes, it is clear, particularly in light of *Jones v. Mississippi,* that Oklahoma's parole procedures meet any requirement set forth in these Supreme Court decisions *(*i.e.*, Jones, Miller, Montgomery*). Oklahoma's parole system was and continues to be a meaningful and realistic availability for inmates serving Life sentences who demonstrate their rehabilitation.

2. **JURISDICTION**.   State the basis on which the jurisdiction of the Court is invoked and any presently known objections.

This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1343, and supplemental jurisdiction over the state law claims asserted under 28 U.S.C. § 1367. There are no presently known objections, as Defendants "admit that this Court has subject matter jurisdiction over Plaintiff's claim and that this court may exercise supplemental jurisdiction over the state law claims." Dkt. 63.

3. **STIPULATED FACTS**.  List stipulations as to all facts that are not disputed, including jurisdictional facts.

The parties stipulate to the following facts:

- This court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1343, and supplemental jurisdiction over state law claims asserted under 28 U.S.C. § 1367.

- Thomas is an inmate in the custody of the Oklahoma Department of

   Corrections confined in the Dick Conner Correctional Center located at 129 Conner Road in Hominy, Oklahoma 74035.

- Thomas was convicted in the District Court of Sequoyah County, State of Oklahoma, on March 20, 1997 of Count-I: Murder in the First Degree ("Murder") in violation of 21 O.S.1994, § 701.7(A); Count-II: Murder in violation of 21 O.S.1994, § 701.7(A) and, Count-III: Murder in violation of 21 O.S.1994, § 701.7(A), in a case styled *State of Oklahoma v. Thomas*, No. CF-95-380 (Seq. Cty. Dist. Ct.).

- At the time he was convicted, Thomas was a fifteen-year-old juvenile.

- Thomas was sentenced to life imprisonment on each of the three Counts. The District Court ordered Thomas to serve Counts I and II concurrently, and Counts II and III consecutively.

- Thomas has been incarcerated in the Oklahoma Department of Corrections system since 1997. Per DOC policy, Thomas is housed in a maximum-security prison.

- Thomas is serving life sentences in Oklahoma that are parole eligible.

- As of the date of his Complaint, Thomas has never been recommended for parole.

- Defendant Stitt is the Governor of the State of Oklahoma and in his official capacity was working under the color of state law when the allegations arose; and he is a resident of the State of Oklahoma.

- Defendant Bates is the Executive Director of the Oklahoma Pardon and Parole Board and in his official capacity was working under the color of state law when the allegations arose; and he is a resident of the State of Oklahoma.

- Defendant Siegfried chairs the Board of Corrections and in his official capacity was working under the color of state law when the allegations arose; and he is a resident of the State of Oklahoma.

- Defendant Harpe is the Director of the Oklahoma Department of Corrections and in his official capacity was working under the color of state law when the allegations arose; and he is a resident of the State of Oklahoma.

- The Oklahoma Pardon and Parole Board's policies do not make an express distinction between those whose offenses occurred as juveniles and those

whose offenses occurred as adults.

- From lowest to highest, the Oklahoma Department of Correction's security classification levels are "(a) Global Positioning Satellite Surveillance Program, (b) Community Corrections, (c) Minimum, (d) Medium, and (e) Maximum. Classification is assigned upon commitment to the DOC and reviewed every 120 days thereafter. DOC's classification is a score-based system that assigns and increases points based on certain factors to determine at which security level an individual may be safely assigned. DOC uses an "Initial Custody Assessment/Facility Assignment Form" and subsequently reassesses such determinations using a "Custody Assessment Scale."

- DOC uses separate custody assessment tools for male and female inmates. The male inmates' custody assessment has at least seven categories, and the female custody assessment has at least six categories; one such category is the inmate's "Current Age." A male inmate receives four points until he reaches the age of 28; a female inmate receives three points if she is twenty (20) years of age or younger and two points if she is between the age of twenty-one (21) and thirty-one (31). DOC policy does not provide for "Maximum" security placement assessment for females.

- While incarcerated, Thomas has completed/achieved: EPA Certification; Residential Electrician's Assistant; Commercial/Industrial Electrician's Assistant; Motor Vehicle Air Conditioning Refrigerant Recovery and Recycling Equipment under Section 609 of the Federal Clean Air Act; Heating, Ventilation, and Air Conditioning (HVAC Technician, Refrigeration Technician; Module I (Licensed Trades Academy); two (2) Six (6)-Month Participation in Licensed Trades Academy; Mechanical Journeyman License; Biblical Interpretation through The Center for Advanced Studies at Crossroad Bible Institute; Lexington Skills Center Mechanical Code Training to the IMC, IFGC &IRC; CEU's Credit for Mechanical Codes; and, Paralegal Certification from Blackstone Career Institute.

4. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

   a. Plaintiff:

   1. Declare, pursuant to 28 U.S.C. §§ 2201-2202, that Defendants have operated, and continue to operate, a parole scheme that denies individuals, such as Mr. Thomas, who are serving parole-eligible Life sentences for offenses committed as a juvenile, a meaningful and

realistic opportunity for release, in violation of the prohibitions against cruel and unusual punishment in the Eighth Amendment to the U.S. Constitution and the prohibition against cruel and unusual punishment in Article II, § 9 of the Oklahoma Constitution;

2. Declare, pursuant to 28 U.S.C. §§ 2201-2202, that Mr. Thomas is serving de facto life without parole sentences pursuant to which he has not been afforded any meaningful or realistic opportunity for release, in violation of the prohibition against cruel and unusual punishment in the Eighth Amendment to the U.S. Constitution and the prohibition against cruel and unusual punishment in Article II, § 9 of the Oklahoma Constitution;

3. Declare, pursuant to 28 U.S.C. §§ 2201-2202, that Article VI, § 10 of the Oklahoma Constitution, granting the Governor the exclusive authority to parole an individual serving a parole-eligible Life sentence, is unconstitutional as applied to individuals, including Mr. Thomas, whom were juveniles at the time of their offenses;

4. Declare, pursuant to 28 U.S.C. §§ 2201-2202, that 57 O.S. § 332, granting the Governor the exclusive authority to parole an individual serving a parole-eligible Life sentence, is unconstitutional as applied to individuals, including Mr. Thomas, whom were juveniles at the time of their offenses;

5. Declare, pursuant to 28 U.S.C. §§ 2201-2202, that 57 O.S. § 332.16(B), granting the Governor the exclusive authority to parole an individual serving a parole-eligible Life sentence, is unconstitutional as applied to individuals, including Mr. Thomas, whom were juveniles at the time of their offenses;

6. Declare, pursuant to 28 U.S.C. §§ 2201-2202, that Defendants' reliance upon risk assessment tools that discriminate against those who were juveniles at the time of offense to assess opportunities for release has denied Mr. Thomas a meaningful and realistic opportunity for release upon a showing of rehabilitation, in violation of the Eighth Amendment.

7. Declare, pursuant to 28 U.S.C. §§ 2201-2202, that, at least since 1995, Defendants have denied Mr. Thomas, and others who are similarly situated, a meaningful and realistic opportunity for release by denying him access to critical rehabilitative opportunities through policies and practices that automatically preclude him from being classified lower

   than medium security regardless of individual merit, in violation of the prohibition against cruel and unusual punishment in the Eighth Amendment to the U.S. Constitution and the prohibition against cruel or unusual punishment in Article II, § 9 of the Oklahoma Constitution.

   8. Enjoin Defendants immediately to discontinue these practices and to take remedial steps to address their past illegal conduct, by granting Mr. Thomas, and those similarly situated, a meaningful and realistic opportunity to demonstrate his readiness for release;

   9. Award Plaintiff costs, expenses, and reasonable attorneys' fees arising out of this litigation pursuant to 42 U.S.C. § 1988; and

   10. Grant such other and further relief as the Court may deem just and proper. Mr. Thomas does not seek damages.

b.  <u>Defendant</u>:

   1. Plaintiff's claims fail because they rely upon *Miller* and *Montgomery*, which are not implicated by Plaintiff's sentences.

   2. Oklahoma's parole system was and continues to be a meaningful and realistic availability for inmates serving Life sentences who demonstrate their rehabilitation.

   3. Plaintiff has no valid claim against Defendants.

   4. Defendants did not personally participate in any constitutional violations.

   5. Plaintiff is not entitled to any relief whatsoever.

   6. Plaintiff failed to exhaust his administrative remedies as to any claims.

   7. Plaintiff failed to comply with the Governmental Tort Claims Act.

   8. Plaintiff's request for injunctive relief is barred by Okla. Stat. tit. 57, § 566.4(c).

   9. Defendants are entitled the Eleventh Amendment Immunity.

   10. Defendants are entitled to absolute immunity.

  11. Defendants are entitled to qualified immunity.

5.  **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.
Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?
  ☐ Yes ☒ No

6.  **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

No motions are currently pending.

Motions under *Daubert* shall be submitted by 21 days after the close of expert discovery. Oppositions to *Daubert* motions shall be filed 14 days after filing of any *Daubert* motions, with replies due 7 days after the filing of the relevant opposition.

Motions for summary judgment shall be submitted by 60 days after the close of expert discovery. Oppositions to motions for summary judgment shall be due 21 days after the filling of any motion for summary judgment, with any replies due 14 days after the filing of the relevant opposition.

7.  **COMPLIANCE WITH RULE 26(a)(1)**. Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made? ☐ Yes ☒ No
If "no," by what date will they be made? _____

Initial disclosures required by Fed. R. Civ. P. 26(a)(1) will be made within 14 days of the date of joint submission of the Joint Status Report and Discovery Plan.

8.  **PLAN FOR DISCOVERY**.

  A. The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on 8/2/2023.

  B. The parties anticipate that discovery should be completed within 10 months from the date of joint submission of the Joint Status Report and Discovery Plan.

  C. In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session?

      10 months.

D. Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

      ✘ Yes ☐ No

E. Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

      ✘ Yes ☐ No

      To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

      Not applicable.

F. Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

  a. Discovery need not be conducted in phases or limited to particular issues other than those provided in accordance with the federal rules.

  b. The parties will conduct discovery on subject matters regarding the claims and allegations in Thomas's Complaint and Defendants' defenses.

  c. The parties acknowledge that the discovery of electronically stored information ("ESI") may occur in this case. Such discovery shall be conducted in accordance with the Federal Rules of Civil Procedure and Local Rules, including the specific provisions and limitations on discovery of ESI found in Fed. R. Civ. P. 26(b)(2)(B) and 26(b)(2)(C).

  d. Thomas does not anticipate requesting a protective order in this case.

  e. If applicable, Thomas shall disclose all expert witnesses and shall provide

      e. the summaries and reports required by Fed. R. Civ. P. 26(a)(2)(B) and (C), no later than 6 months from the date of the discovery planning conference.

      f. If applicable, Defendants shall disclose all expert witnesses and shall provide the summaries and reports required by Fed. R. Civ. P. 26(a)(2)(B) and (C), no later than 7.5 months from the date of the discovery planning conference.

      g. Thomas's rebuttal expert summaries and reports, if any, shall be due no later than 9 months from the date of the discovery planning conference.

      h. Close of discovery shall be 10 months from the date of joint submission of the Joint Status Report and Discovery Plan. Any discovery requiring any response must be taken sufficiently in advance so that the response is due on or before this date. The facts the parties considered in arriving at this deadline include the nature of this case and counsels' estimates of time necessary to propound and respond to written discovery and to prepare for and take depositions of witnesses.

9. **ESTIMATED TRIAL TIME**: Three (3) days

10. **BIFURCATION REQUESTED**: ☐ Yes  ☒ No

11. **POSSIBILITY OF SETTLEMENT**:   ☐ Good   ☐ Fair  ☒ Poor

12. **SETTLEMENT AND ADR PROCEDURES**:

    A. Compliance with LCvR 16.1(a)(1) - ADR discussion:  ☒ Yes   ☐ No

    B. The parties request that this case be referred to the following ADR process:

        ☐ Court-Ordered Mediation subject to LCvR 16.3
        ☒ Judicial Settlement Conference
        ☐ Other _____
        ☐ None - the parties do not request ADR at this time.

13. Parties consent to trial by Magistrate Judge?   ☐ Yes   ☒ No

14. Type of Scheduling Order Requested.  ☒ Standard  -  ☐ Specialized (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

10

Jointly submitted this 17th day of August, 2023.

AMY BREIHAN (*pro hac vice*)
PAT MOBLEY
SHUBRA OHRI
MEGAN CRANE
RODERICK & SOLANGE
MACARTHUR JUSTICE CENTER
906 Olive Street, Suite 420
St. Louis, MO 63101
(314) 254-8540
amy.breihan@macarthurjustice.org
pat.mobley@macarthurjustice.org
shubra.ohri@macarthurjustice.org
megan.crane@macarthurjustice.org

TRACIE L. BRYANT (*pro hac vice* forthcoming)
EMILY MERKI LONG (*pro hac vice*)
ALYSSA M. MCCLURE *(pro hac vice)*
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 879-5000
tracie.bryant@kirkland.com
emily.long@kirkland.com
alyssa.mcclure@kirkland.com

SPENCER BRYAN
STEVEN J. TERRILL
BRYAN & TERRILL LAW
3015 E. Skelly Drive, Suite 400
Tulsa, OK 74105
(918) 935-2777
jsbryan@bryanterrill.com
sjterrill@bryanterrill.com

_____/s/_ Alyssa M. McClure_____
Counsel for Plaintiff

ALEJANDRA J. BRIGIDA
ASSISTANT ATTORNEY GENERAL
OKLAHOMA ATTORNEY GENERAL'S
OFFICE
LITIGATION DIVISION
313 NE 21st Street
Oklahoma City, Oklahoma 73105
T: (405) 522-2951
F: (405) 521-4518

____/s/Alejandra J. Brigida_____
Counsel for Defendants