IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DWAIN EDWARD THOMAS,<br><br>　Plaintiff,<br><br>v.<br><br>KEVIN STITT, *et al.*,<br><br>　Defendants. | Case No. CIV-20-944-D |

**STIPULATED PROTECTIVE ORDER**

Before the Court is the parties' Joint Motion for Protective Order [Doc. No. 76]. Upon consideration, the Court enters the following Stipulated Protective Order governing confidential and private material obtained in this case.

1. **Definitions**.

    A. "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: any "CONFIDENTIAL Information or Items," disclosure of which to anyone other than the individuals identified in Paragraph 4(A), (B), (C), (D), (E) or (F) is prohibited by statute or contractual agreement, including Okla. Stat. tit. 57 § 332.2(Q), or could reasonably be expected to result in injury. For avoidance of doubt, "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items include (a) victim letters received by the Oklahoma Pardon and Parole Board related to Plaintiff or any other persons and (b) Pardon and Parole Board files related to any inmate other than Plaintiff.

    B. "CONFIDENTIAL" Information or Items: any information or items that

1

    the Producing Party asserts in good faith reflects personal identifying information, medical, psychiatric, or other health information, personnel or employment records of any Party or Non-Party, or other sensitive commercial information that is not publicly available, regardless of how it is generated, stored, or maintained.

C. <u>Designating Party:</u> a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

D. <u>Disclosure or Discovery Material:</u> all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or in response to discovery in this matter.

E. <u>Non-Party:</u> any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

F. <u>Party:</u> any Party to this action, including all of its officers, directors, employees, consultants, retained experts, and counsel (and their support staffs).

G. <u>Producing Party:</u> a Party or Non-Party that produces Disclosure or Discovery Material in this action.

H. <u>Receiving Party:</u> a Party that receives Disclosure or Discovery Material

from a Producing Party.

2. **Designation of Information.** Any document, data, testimony, interrogatory answer, response to a request to admit, exhibit, and other information produced, served, or otherwise disclosed to or by any Party or Non-Party during the proceeding as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be in the manner that is consistent with the definitions and procedures set forth in this Stipulated Protective Order. Disclosure or Discovery Material previously produced may be retroactively designated by notice to the Receiving Party in writing. The Producing Party must identify the retroactively designated documents by Bates number or other such means that will allow for the identification of such documents. No Party may retroactively designate documents after April 30, 2024.

3. The CONFIDENTIAL Information and CONFIDENTIAL – ATTORNEYS' EYES ONLY Information, as described above, shall remain confidential and, absent permission by this Court, will be used only for the purpose of preparation and presentation of this case with the exception that should counsel for either Party have subsequent litigation with a Party who has provided confidential information, such information may be used by counsel subject to the continued terms and obligations of this or any subsequent protective order.

4. With regard to CONFIDENTIAL – ATTORNEYS' EYES ONLY and CONFIDENTIAL Information, the records or the contents contained therein shall not be furnished, shown, or disclosed to any person or entity without leave of Court except to:

A. Counsel for the Parties to this action and their associated attorneys,

        paralegals, and other professional and non-professional personnel (including support staff and outside copying services) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

    B.    Expert witnesses, investigators, or consultants retained by the Parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such information is furnished, shown or disclosed in accordance with Paragraph 6 hereof;

    C.    The Court and court personnel;

    D.    An officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical, or other personnel of such officer;

    E.    Trial and deposition witnesses, if furnished, shown, or disclosed in accordance with Paragraph 7 hereof; and

    F.    Any other person agreed to by the Parties.

5.    Counsel for Plaintiff are strictly prohibited from providing copies of CONFIDENTIAL – ATTORNEYS' EYES ONLY Information to Plaintiff, without prior agreement from Defendants' counsel or leave of Court.

6.    Before any disclosure of CONFIDENTIAL – ATTORNEYS' EYES ONLY

Information is made pursuant to Paragraph 4(B), counsel for the Receiving Party making such disclosure shall provide to the expert witness, investigator, or consultant a copy of this Stipulated Protective Order and obtain the expert's, investigator's, or consultant's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms.  Counsel for the Receiving Party obtaining the certificate shall supply a copy to counsel for the other Parties at the time designated for expert disclosure, except that any certificate signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied.

7. This Order shall not preclude counsel for any Party from using, during any deposition in this action, any Documents or Testimony which has been designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY under the terms hereof.  Any deposition witness who is given access to CONFIDENTIAL Information or CONFIDENTIAL – ATTORNEYS' EYES ONLY Information shall, prior thereto, be provided with a copy of this Order and shall execute a written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms.  Counsel for the Party obtaining the fully executed Exhibit A shall supply a copy to counsel for the other Party or Parties.  In the event that, upon being presented with a copy of Exhibit A, a witness refuses to execute the agreement to be bound by this Order, counsel may move for a Court order directing the witness's compliance with this Order.

8. In the event a Party or Non-Party seeks to file any Disclosure or Discovery Material containing CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY Information with the Court, the Party or Non-Party must take appropriate action to

5

ensure that the document receives proper protection from public disclosure by seeking permission to file the document under seal as required by the Court's ECF Policies & Procedures Manual §§ II(H) and III(A).  Nothing in this Order will be construed as a blanket directive to allow any document to be filed under seal.

9. The Party entitled to hold the information as CONFIDENTIAL may waive the confidentiality of all or part of any otherwise confidential information, however such waiver will not be implied and must be made expressly by the Party.  Information that is confidential shall be marked CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY except that victim letters and Pardon and Parole Board files related to any inmate other than Plaintiff are CONFIDENTIAL – ATTORNEYS' EYES ONLY without further designation.

10. A Party may designate portions of a deposition as confidential if it contains information designated as confidential by this Order and if such designation is made in writing within thirty (30) days of the transmittal of the deposition transcript.

11. **Disputes Over Whether Material is Confidential**.  Any Party receiving information or a designation of deposition testimony marked as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY may dispute the designation of confidentiality by sending a written statement to the designating Party.  The written statement must identify what documents or testimony is disputed as confidential and it must be sent out within fifteen (15) days of the receipt of the designation of confidentiality. Thereafter, the Party making the designation of confidentiality has the duty to meet and confer and, if no agreement can be reached, to file a motion asking for a determination of

the confidential nature of the information, which must be filed within thirty (30) days of the date when the objection to confidentiality is received. If no application is made, the material will cease to be confidential. If application is made, the material must be treated as confidential until the Court determines the matter. Control and distribution of the information and/or documents subject to this Order shall be the responsibility of the attorneys of record.

12. Any person receiving CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof and shall use reasonable measures to store and maintain the CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY Information so as to prevent unauthorized disclosure.

13. This Order may be changed by further order of this Court and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information. Claims of privilege or inadvertent disclosure of privileged or confidential material shall be controlled by the provisions of FED. R. CIV. P. 26.

14. This Order shall remain in force unless and until it is modified by this Court. Information filed of record or presented in open court ceases to be confidential when so filed or presented; subject, however, to the right of either Party to move separately for the sealing of such information or for its withdrawal from the public record.

15. The entry of this Protective Order does not constitute a determination that any materials designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS'

EYES ONLY are either relevant, admissible, or subject to being produced during discovery. Each Party retains the right to make substantive objections to discovery requests other than those based on privacy or confidentiality.

16. This Order shall not affect or limit the presentation of evidence, including materials marked as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY, during the trial of this action.

17. At the conclusion of the litigation—including completion of all appeals, matters on remand or the expiration of time for appeals—Plaintiff's counsel shall, if requested, return the CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY Information. The balance of any confidential records shall be returned or destroyed at counsel's option after the passage of five years. The Parties agree that they will not charge each other for document production. It is in all instances the responsibility of the Party seeking return of documents to make a formal request for return and set out the proposed manner of return.

18. This Order may be signed in counterparts, which, when fully executed, shall constitute a single original, and electronic signatures shall be deemed original signatures.

**IT IS SO ORDERED** this 29th day of April, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ *[print or type full name]*, of _____ *[print or type full address]*, have read and understand the Stipulated Protective Order that was issued by Chief Judge Timothy D. DeGiusti of the United States District Court for the Western District of Oklahoma on _____ *[insert date]* in the case of *Thomas v. Stitt et al.* (20-cv-944-D). I agree to comply with and be bound by all terms of this Stipulated Protective Order. In compliance with this Order, I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of this Court for the purpose of enforcement of this Stipulation in this action.

Dated: _____

Signature: _____