## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DWAIN EDWARDS THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-20-944-D |
| | ) |
| KEVIN STITT, et al., | ) |
| | ) |
| Defendants. | ) |

### RESPONSE OF J. KEVIN STITT, GOVERNOR OF OKLAHOMA, TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION

Defendant J. Kevin Stitt, Governor of Oklahoma ("Governor Stitt" or "Governor") submits his responses and objections to Plaintiff's First Set of Requests for Admission (the "Requests"), pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, as follows:

### GENERAL OBJECTIONS AND CONDITIONS APPLICABLE TO ALL DISCOVERY REQUESTS

A.  Governor Stitt objects to the Requests to the extent they attempt to impose obligations, definitions, instructions, or requirements that go beyond those imposed or authorized by Fed. R. Civ. P. 26, *et seq.* and applicable local rules. Governor Stitt will respond to the Requests only in accordance to the scope, requirements, definitions, and instructions set forth in the Federal Rules of Civil Procedure and any applicable local rules.

B.  Governor Stitt objects to the definition of the terms "Defendant," "You" and "Your" to the extent these terms are intended to include predecessors, successors, as well as current and former employees, agents, investigators, experts, consultants,



applicable to all discovery requests, Governor Stitt admits only that OKLA. CONST. art. VI, § 10 states "[t]he appointed members shall hold their offices coterminous with that of the Governor and shall be removable for cause only in the manner provided by law for elective officers not liable to impeachment."

**REQUEST FOR ADMISSION NO. 4:** Admit that Inmates are subject to a multi-stage parole process that includes Stage I, a Stage II personal appearance before the PPB, and a recommendation for or against parole by the PPB that is ultimately decided by You.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:** Governor Stitt objects to this request on the ground that it calls for an improper legal conclusion unrelated to the facts of the case. Governor Stitt further objects to this request on the ground that it is vague, ambiguous, compound, overly broad, unduly burdensome, and not limited in scope. Furthermore, because Governor Stitt has no involvement with the PPB Parole Process, the request calls for improper speculation. Subject to these objections, and the foregoing objections and conditions applicable to all discovery requests, Governor Stitt admits that his office receives recommendations for parole of certain inmates from the PPB. To the extent further response is required, denied.

**REQUEST FOR ADMISSION NO. 5:** Admit that Inmates who receive favorable recommendations for parole by the PPB cannot receive parole unless and until You grant it.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:** Governor Stitt objects to this request on the ground that it calls for an improper legal conclusion unrelated to the

facts of the case. Subject to this objection, and the foregoing objections and conditions applicable to all discovery requests, admitted.

**REQUEST FOR ADMISSION NO. 6:** Admit that the Oklahoma Parole Process is the same for JLWP Inmates as it is for other Inmates whose offenses were not committed as juveniles.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:** To the extent this request seeks information related to Governor Stitt's consideration of favorable parole recommendations, Governor Stitt objects on the ground that such information is protected by the Governor's executive, deliberative, attorney-client, or other privilege. *See Vandelay Entm't, LLC v. Fallin*, 2014 OK 109, ¶ 29, 343 P.3d 1273, 1279 ("[T]he Governor has a privilege to protect confidential advice solicited or received from 'senior executive branch officials' for use in deliberating policy and making discretionary decisions."). To the extent this request seeks information related to the PPB Parole Process, because Governor Stitt has no involvement with the PPB Parole Process, the request calls for improper speculation. Subject to these objections, and the foregoing objections and conditions applicable to all discovery requests, Governor Stitt admits only that each parole recommendation is considered on a case-by-case basis. *See* Answer to Interrogatory No. 3. To the extent further response is required, denied.

**REQUEST FOR ADMISSION NO. 7:** Admit that when the PPB recommends an Inmate for parole, the PPB sends You the PPB Parole File.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7**: Subject to the foregoing objections and conditions applicable to all discovery requests, admitted.

"indicate" which is not defined and could be subject to multiple different interpretations. Subject to this objection, and the foregoing objections and conditions applicable to all discovery requests, denied.

**REQUEST FOR ADMISSION NO. 10:** Admit that You do not receive any information directly from BOC or DOC regarding JWLP Inmates.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:** Governor Stitt objects to this request on the ground that it is overly broad, not limited in scope, unduly burdensome, vague, and ambiguous. The request is so broad, vague, and unintelligible that Governor Stitt cannot determine the nature of the information sought in order to provide a response. Governor Stitt therefore denies the same.

**REQUEST FOR ADMISSION NO. 11:** Admit that You are not obligated by any state laws, statutes, regulations, or other state policies to consider a JLWP Inmate's juvenile status at the time of the offense in Your decision to grant or deny parole to that JLWP Inmate.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:** Governor Stitt objects to this request on the ground that it is vague and ambiguous to the extent it relies on the terms/phrases "not obligated[,]" "state policies[,]" "consider[,]" and "juvenile status[,]" which are not defined and could be subject to multiple different interpretations. Governor Stitt further objects on the ground that the request calls for an improper legal conclusion unrelated to the facts of the case. By asking Governor Stitt to offer an opinion on a pure question of law, the request seeks to uncover mental impressions, conclusions, opinions, or theories of Governor Stitt's attorneys, which are protected by the work product doctrine,

8

broad phrase "person, organization, government entity, or legal entity" would require Governor Stitt to speculate about the mental impressions, opinions, or conclusions of other government officials and separate branches of government. Subject to these objections, and the foregoing objections and conditions applicable to all discovery requests, denied.

**REQUEST FOR ADMISSION NO. 13:** Admit that You have never received a favorable recommendation for parole from the PPB regarding any JLWP Inmate.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13**: Subject to the foregoing objections applicable to all discovery requests, denied.

**REQUEST FOR ADMISSION NO. 14:** Admit that You have never received a favorable recommendation for parole from the PPB regarding Plaintiff Thomas.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:** Subject to the foregoing objections applicable to all discovery requests, admitted.

Respectfully submitted,

/s/ Phillip G. Whaley
Phillip G. Whaley, OBA #13371
Grant M. Lucky, OBA #17398
RYAN WHALEY
400 North Walnut Avenue
Oklahoma City, Oklahoma 73104
(405) 239-6040
(405) 239-6766 FAX
pwhaley@ryanwhaley.com
glucky@ryanwhaley.com

*Attorneys for Defendant*
*Kevin Stitt, Governor of Oklahoma*

Alejandra J. Brigida
Lauren J. Ray
ASSISTANT ATTORNEYS' GENERAL
OKLAHOMA ATTORNEY GENERAL'S OFFICE
Litigation Division
313 N.E. 21st Street
Oklahoma City, OK  73105
alejandra.brigida@oag.ok.gov
lauren.ray@oag.ok.gov

*Attorneys for Defendants*
*DOC, BOC and PPB*

                                                                                 _____
                                                                                 Phillip G. Whaley