

# State of Oklahoma

# Pardon and Parole

# Board

# Investigator

# Handbook

# 2023

Thomas v. Stitt/WD.-20-944                0138                        PPB
Deft's Discovery Responses to Plntf

# OKLAHOMA PARDON AND PAROLE BOARD INVESTIGATOR HANDBOOK TABLE OF CONTENTS

I.   Preliminary Docket Roster Review ........................................................................... 3
II.  Types of Dockets ................................................................................................. 4
     Administrative Parole ......................................................................................... 4
     Aging Parole ..................................................................................................... 4
     Clemency .......................................................................................................... 4
     Commutation ..................................................................................................... 4
     In Absentia ........................................................................................................ 4
     Medical ............................................................................................................. 4
     Parole ............................................................................................................... 4
     Re-Entry ........................................................................................................... 4
     Serious Incident Review (SIR) ............................................................................ 5
     Special Review .................................................................................................. 5
     Stage II ............................................................................................................. 6

III. Offender Interviews ............................................................................................. 6
     Exceptions to a Personal Interview .................................................................... 6
     Interpreters ....................................................................................................... 7
     Lack of Cooperation .......................................................................................... 7
     Conflict of Interest ............................................................................................ 7
     Interview Questionnaire ..................................................................................... 7

IV.  Investigative Reports .......................................................................................... 8
     Offender Information .......................................................................................... 8
     Docket Information ............................................................................................ 8
     Controlling Case ........................................................................................... 12-13
     Concurrent Cases (CC) and Consecutive Cases (CS) and Detainers ............... 14-15
     District Attorney's Version of the Instant Offense(s) .......................................... 16
     Other Version on Instant Offense ...................................................................... 16
     Offender Version of Instant Offense .................................................................. 17
     Chronology of Other Felony Convictions ....................................................... 18-19
     Other Relevant Information ................................................................................ 20

**Exhibit 8**

Evaluation of Previous Adult Community Supervision...................................................... 21

Evaluation of Alternate Release Programs ...................................................................... 22

Institution Transfers and Escapes................................................................................... 22

Disciplinary Record ........................................................................................................ 23

Substance Abuse/Mental Health History and Treatment .......................................... 24-26

Documented Violent Behavior........................................................................................ 26

Program Needs and Participation................................................................................ 27-28

Parole Plan .................................................................................................................... 29

Personal Information .................................................................................................. 30-31

Investigator Recommendation ...................................................................................... 31

**Appendices**

Appendix A – Glossary of Terms ................................................................................. 32-34

Appendix B – Common Acronyms ................................................................................ 35

Appendix C – Violent Offenses .................................................................................. 36-39

Appendix D – Tutorial Examples ................................................................................ 40-45

Appendix E – Sentence Commutation Reference and Calculation Guide....................46-50

**Exhibit 8**

Thomas v. Stitt/WD.-20-944                    0140                                        PPB
Deft's Discovery Responses to Plntf

# OKLAHOMA PARDON AND PAROLE BOARD
## INVESTIGATOR HANDBOOK

The Oklahoma Pardon and Parole Board Investigator Handbook is an instructional manual for preparation of the Investigative Report and is the standard for measuring accuracy of the reports. Pursuant to 57 O.S. § 332.7, reports will be prepared in strict compliance with these instructions.

## I. PRELIMINARY DOCKET ROSTER REVIEW

Prior to beginning work on each docket, review each offender on the roster to determine accurate eligibility.

1.      Check eligibility on all current cases. New information may be available since the initial docket was set, or since last consideration (staggered concurrent cases, jail time adjustments, escapes, etc.), or the offender may have rebilled to a consecutive sentence. In the event of ineligibility, calculate and revise the docket date and submit required documentation.

2.      Check disciplinary actions for Class A or Class X misconduct report(s) within two months of Board meeting. If the offender has been previously considered on the current sentence and has a Class A or Class X misconduct report within two months of the Board meeting, strike from the docket. Re-docket nonviolent offenders to their next annual docket. Re-docket violent offenders to their next three-year docket, or to one (1) year prior to discharge, using the earlier date.

3.      If the current docket code is Prior to Discharge (PTD), calculate the projected release date and if more than one year remains from the docket month, reset the consideration according to the following rules:

4.      If the last consideration was three years ago, retain on the docket. Only the Board has the authority to set consideration off more than three (3) years.
B.      If the last consideration was less than three (3) years ago, reset the docket to three (3) years from the last consideration OR one year (1) prior to discharge, based on the current Projected Release Date (PRD), and using the earlier date.

5.      Document revised docket dates/removal from docket using the combined Docketing Worksheet/Pass or Re-docket Request form. Revisions that do not affect calculation of the initial consideration date may be documented by completing only the Pass/Re-docket Request section. These include, but are not limited to the following:

  A.  Disciplinary actions
  B.  Discharges
  C.  Death of offender
  D.  Lack of file for report preparation
  E.  Offender on docket in error/accurate docketing worksheet exists
  F.  Violent offender on annual docket
  G.  Violent offender on docket as PTD with projected release date more than one year from docket month
  H.  Pending consideration, or recommendation, for administrative parole



Exhibit 8

3

## II. Types of Dockets

The following are various docket types that may be on a roster:

**ADMISTRATIVE PAROLE**
Administrative Parole is a streamlined form of parole for inmates convicted of nonviolent offenses who have served the minimum amount of their sentence (1/3 for offenses committed before November 2018, 1/4, for offenses after November 2018). In order to qualify for administrative parole, the inmate must:
be substantially compliant with their Department of Corrections case plan,
meet specific requirements regarding misconducts, and
not receive a protest by either a victim or district attorney.
Investigative reports are not prepared for the Administrative Parole docket, and there are no delegate presentations.

**AGING PRISONER PAROLE**
The inmate must be 60 years of age or older, have served in actual custody 10 years or 1/3 of the total term of imprisonment (whichever is shorter), must pose a minimal public safety risk, and not be incarcerated for a violent crime identified in Section O.S. Title 21, Section 13.1 or Title 57, Section 571. Finally, the inmate also may not be convicted of a crime that would require registration under the Sex Offender Registration Act.

**CLEMENCY**
Clemency is consideration for possible commutation of a death sentence. No Investigator recommendation is required for clemency reports.

**COMMUTATION**
A commutation is a substitution of a lesser incarceration term for a greater one, or modification or reduction of a punishment, such as the change of an indefinite term to a definite term. The purpose of a commutation is to correct an unjust or excessive sentence in relation to the range

**IN ABSENTIA**
In Absentia is parole consideration of offenders who are currently in the custody of another jurisdiction, serving active Oklahoma sentences in conjunction with sentences ordered by the other jurisdiction**.**

**MEDICAL**
Medical parole consideration is requested by the Department of Corrections based on an offender's medical condition, in accordance with state statute. Prepare medical reports without an interview, and **do not** complete optional sections of the report, with the exception of the Parole Plan. Enter information regarding home offer or care facility placement, medical care provider, and transportation to and from medical appointments into the top section of the Parole Plan page.

**PAROLE**
Regular parole docket consideration based on statutory eligibility on all sentences currently being served.

4

**Exhibit 8**

**RE-ENTRY**

It is the policy of the Pardon and Parole Board (PPB) to have a re-entry docket for offenders who are about to discharge a sentence and re-enter the community. Inmates on the re-entry docket will complete a short parole form and will not receive an interview or a personal Board appearance.

Only non-violent offenders are eligible for the re-entry docket, and must also meet the following requirements:
• Must be on their first, second, or third incarceration if the inmate is not on GPS.
• Must be projected to discharge within 12 months of the docket month.
• Must not have any Class X misconducts in the last year, and no Class A misconduct reports in the last six months.
• Must not have any consecutive cases with terms of incarcerations to serve.
• Sex offenses, domestic violence, and stalking charges are ineligible.
• All GPS offenders with non-violent offenses are eligible, irrespective of the number of incarcerations.

**SERIOUS INCIDENT REVIEW (SIR)**

SIR parole consideration is based on statutory eligibility on all sentences currently being served and SIR consideration is subject to a two-stage process.

Inmates will be considered on the Serious Incident Review docket if at least one of the following criteria applies:

One (1) Class X misconduct report within six (6) months of the docket month

Any combination of three (3) Class A or Class X misconduct reports within the past year, counting in reverse from the docket month. Subsequent SIR memoranda, for inmates receiving misconduct reports after the initial memo is submitted, will be provided to the Field Director as soon as the disciplinary actions are discovered.

Class B misconduct reports will not cause an offender to be placed on the Serious Incident Review docket, regardless of the number.

**Stage I**

A Serious Incident Review memo will be provided to the Field Director no later than week two of the docket. The Stage I memo will include the following information in the required format, in the form of a Microsoft Word document.

**Identifying Information**

Last Name, First Name, DOC Number (violent or nonviolent) County or Counties of conviction

**Disciplinary Actions**

Date of misconduct report – Title of rule violation (Class of rule violation): Description of violation

**Stage II**
**If passed to Stage II by majority Board vote, a short format report will be prepared.**



**SPECIAL REVIEW**

Parole consideration subsequent to the Board's recommendation at or after minimum eligibility, as ordered by the Board. This may be the result of new or updated information, review of stipulations, discovery of information missing from the Investigative Report, or other factors as defined by the Board.

**STAGE II**

Second stage parole consideration for violent offenders passed from Stage I by majority vote of the Board, second stage consideration for offenders passed from Stage I SIR dockets by majority vote of the Board, and for all offenders being considered on the commutation docket. This option is entered on Investigative Reports only by administrative staff after the Board's vote passing the offender to the second stage.

### III. OFFENDER INTERVIEWS

Face to face interviews with each offender scheduled on monthly dockets shall be conducted, except as noted (see exceptions below). Interviews shall be conducted in a professional manner and offenders treated with respect and common courtesy. Phrase interview questions so as to gain all possible information and detail regarding a) the offender's version of the offense(s); b) substance abuse and mental health information; c) the parole plan; and d) personal information.

**EXCEPTIONS TO A PERSONAL INTERVIEW**

In the following circumstances, submit the Investigative Report without an interview, utilizing all other available sources to include the information normally gained from the interview:

- Offender is housed on administrative or disciplinary segregation Offender is on the Serious Incident Review (SIR), Re-entry or Medical Docket
- Offender is incarcerated in another state through Interstate Compact
- Offender is housed in a medical facility or mental health facility outside of DOC
- Offender is being considered for parole in absentia
- Offender's physical health or mental health condition renders him/her incapable of responding to questions, or of providing lucid responses
- Offender is away from the facility and cannot reasonably be expected to return before docket deadline
- Hold the report and follow up regarding the offender's availability no later than the Monday of deadline week.
- Offender is mentally ill, and facility psychological services staff confirm that a personal interview would be detrimental to the offender's condition, or that a personal interview would compromise the safety of the offender, the Investigator, or DOC personnel
- Institutional conditions temporarily render offender movement unsafe, and security staff confirms that conditions will persist for a length of time that makes postponing interviews impractical, or docket deadline is imminent
- Offender refuses or respectfully declines to be interviewed
- If an offender fails to report for interview, without a valid reason, after being notified twice, submit the report without an interview.



Exhibit 8

Thomas v. Stitt/WD.-20-944                    0144                    PPB
Deft's Discovery Responses to Plntf

**INTERPRETERS**

Interview Non-English-speaking offenders with the assistance of an interpreter, if possible. If the offender will be appearing personally before the Board, complete a Request for Interpreter form and submit it to the facility Case Manager Supervisor, the Investigator Supervisor, and the Field Director in order to arrange for an interpreter to be available at the Board meeting.

**LACK OF COOPERATION**

Should an offender become threatening, disrespectful, disruptive, or uncooperative, immediately terminate the interview, and document at which point it was terminated. Lack of cooperation, may include but is not limited to:

Refusal to answer questions, or to respond with relevant information
Persistent focus on topics irrelevant or unrelated to the scope of the Investigative Report, or circumstances over which the Investigator has no authority or control

If any offender eligible for personal appearance, including Stage II, becomes threatening in any manner or speech, disrespectful or uncooperative, notify the Deputy Director as soon after the interview as is practicable, and copy all communication to the Executive Director, the Field Director, and the Staff Attorney. Provide specific details of the offender's inappropriate speech, demeanor, or behavior. A determination may be made by Executive staff to consider the offender by jacket review.

**CONFLICTS OF INTEREST**

In the following circumstances, neither prepare the Investigative Report, nor conduct the interview. Notify the supervisor and an alternate Investigator or the Supervisor may prepare the report and conduct the interview.

A family relationship exists between the Investigator and the offender, or between the offender and any member of the Investigator's extended family
Any other personal relationship existed, prior to the offender's conviction/incarceration, between the offender and the Investigator, or the Investigator's family or close friends
The Investigator, or anyone with whom he or she has or had a personal relationship, was the victim of any crime ever committed by the offender
Any other circumstances, excepting the nature or circumstances of the offense, in which the Investigator feels his or her objectivity is compromised

**INTERVIEW QUESTIONNAIRE**

General Use
Questionnaires should not be used routinely; however, on the occasion that time, travel, or other specific considerations do not allow for a personal interview or for offenders housed at facilities where there is not an embedded parole investigator, questionnaires may be used. Questionnaires may also be used in the event of an extended facility lockdown that prohibits or severely restricts offender movement, and the report deadline is imminent.

**Exhibit 8**

Ample time must be provided for the offender to receive, complete, and return the questionnaire. The investigator should send questionnaires sixty (60) days prior to the offender's docket month. The investigator should document the date the questionnaire was sent and the date the completed questionnaire was received.

**Interstate Compact**

For offenders housed in another state's correctional facility or in a federal facility, questionnaires may be used to gain information that would otherwise be gathered during the personal interview. Ample time must be provided for the offender to receive, complete, and return the questionnaire. The investigator shall send the questionnaire immediately upon review of initial roster for each docket.

## IV. INVESTIGATIVE REPORTS

Investigative Reports are official documents used by the Pardon and Parole Board and the Governor to make parole or clemency decisions. These reports may also be used by other state agencies and law enforcement agencies. Reports shall be accurate, complete, clear, concise, professional in appearance, and contain minimal spelling, grammar, capitalization, and punctuation errors.

The Pardon and Parole Reporting System is used to create the Pardon and Parole Investigative Report. Enter data into the reporting system using the following guidelines and criteria.

**OFFENDER INFORMATION – Section 1**
1. Enter the offender's name as it appears on the Judgment and Sentence (J&S). If the name on the J&S does not match the DOC records, use the name that appears on the J&S but make note of the discrepancy in the Other Relevant Information Section.
2. Enter the offender's date of birth.
3. Select the offender's gender in the drop-down menu.

**DOCKET INFORMATION – Section 2**

1. Enter the docket month, year, and type.
2. Enter strike or waiver, if applicable. Enter all strikes and waivers into the reporting system.

**Facility**
Select the facility to which the offender is assigned.

**Security**
Select the applicable security level. Indicate the security level of the facility where the offender is physically housed, not that indicated by security points.

**Reception Date**
Enter the date of reception, on the original sentence for the current incarceration, at Lexington Assessment and Reception Center (LARC) or Mabel Bassett Assessment and Reception Center (MBARC).

**Exhibit 8**

❖ **<u>Do not</u>** enter the original reception date for parole violations.
Enter the date of return to LARC or MBARC.

## <u>Rebill Date</u>

If applicable, enter the date of rebill to the current sentence. "Rebill" shall be defined as discharge or parole from a sentence or sentences to a consecutive sentence and shall not include discharge of sentences while continuing service on a staggered concurrent sentence.

❖ **<u>Do not</u>** enter a rebill date for a parole violation if the sentence was rebilled to prior to parole release and was not rebilled to during the current incarceration.

## <u>Jail Time</u>

Enter the amount of county jail time, as noted on the CRC, for the sentence upon which the current docket date is based.

Current and Projected Release Dates
Select the "calculate" button to access the projected/current release date calculation tool.
Enter the offender's latest documented number of days remaining to serve. If multiple CRCs are being posted, ensure that the greatest number of days remaining is entered. Possible exceptions may include sentences not being reduced by earned or achievement credits upon which service will continue after discharge of concurrent sentences with greater days remaining that are being reduced by such credits. In these cases, calculate both ways, and use the later Current Release Date (CRD) and Projected Release Date (PRD).

Enter the last day of the month of last time posting.
Select the documented earned credit level.
Enter Level 1 for all offenders whose sentence are not being reduced by earned or achievement credits, even if the offender's level for privileges is higher.
If applicable, select "Life" or "Life Without Parole."

## <u>Number of Other Convictions</u>

Enter the total number of felony convictions, excluding the controlling case. For cases involving multiple counts, each count shall be treated as a conviction.

❖ The total number shall **<u>exclude</u>** the following:

- Deferred sentences successfully completed/never accelerated
- Successfully completed Drug Court or Mental Health Court sentences, provided the case was dismissed upon completion
- Nonviolent Indeterminate Offender (NIO) sentences that were never re-sentenced
- Sentences reversed/vacated on appeal
- Active detainers for which the offender has not yet been sentenced

9



**Exhibit 8**

**Number of Prior Incarcerations**

Enter the number of prior incarcerations. "Incarceration" shall be defined as reception and confinement to state or federal correctional facilities, state jails, and/or military confinements for felony offenses, followed by release from confinement by parole, discharge or sentence modification. The total number shall <u>exclude</u> the following:

1. The current incarceration
2. Time served in county jails after sentencing and awaiting reception at DOC
3. Time served on Nonviolent Indeterminate Offender (NIO) or delayed sentences, for which deferred or suspended sentences were later imposed
4. Return from escape
5. Return to confinement from alternative release programs
6. Rebill to consecutive sentences, or discharge to staggered concurrent sentences
7. Confinement to juvenile facilities
8. Return to custody after release for court appearances or appeal bond, or return to custody after reverse/remand and retrial/resentencing
9. Confinement for sentences reversed/vacated by district or appellate court(s)
10. Temporary confinement sanction for probationers, parolees, offenders sentenced to Drug Court or Mental Health Court, or offenders on alternative release programs
11. Confinement as intermediate revocation of Post Imprisonment Supervision

**Personal Appearance**
Select Yes, No, or Y2, based on the following criteria:

**Nonviolent Offenders**
Enter Yes only if the offender is on the Stage II Commutation docket and has not had a Class A or Class X misconduct report since the date of application.

If no is entered, a reason does not have to be included.

**Violent Offenders (see Appendix C)**
Enter Y2 for all violent offenders. Treat offenders as violent for purposes of the two-stage consideration process if the controlling sentence or any concurrent sentence currently being served is for a violent offense

❖ **Do not** enter Y2 if the controlling and all CC cases are nonviolent and the only sentences for violent offenses are consecutive cases

**Parole Eligibility Authority**
Enter the reason for the *current* consideration. If the offender has been previously considered on the



Thomas v. Stitt/WD.-20-944          0148          PPB
Deft's Discovery Responses to Plntf

current sentence(s), <u>do not</u> enter the reason for initial consideration.

**Last Board Consideration/Action**
Enter the date of the last regular parole consideration Board consideration on the current sentence during the current incarceration, and enter the action taken by the Board.

❖ **Exclude** the following:

- Consideration on a previous sentence prior to rebill
- Consideration on a prior incarceration
- Consideration from a previous incarceration on parole revocations
- Aging Prisoner Parole, Administrative Parole, Death Row Clemency and Commutation

**Next Board Consideration/Action**

***Nonviolent Offenders***
Enter "Annual" for Next Board Consideration.
If there is a violent CC case, "Annual" should only be entered if the sentence(s) for the violent offense(s) is shorter than that for the controlling sentence and/or is projected to be discharged prior to the annual docket date.

If all sentences are for nonviolent offenses, <u>do not</u> enter PTD. PTD will only be entered for violent offenders.
Enter Next Board Consideration even if the offender is projected to discharge or rebill one year or less from the current consideration.

***Violent Offenders*** (See Appendix C)
1. Violent offenders are generally reviewed every three years; however, be aware that the Board has the authority, by majority vote, to set an offender's next consideration off for five (5) years. Three (3) years or one (1) year prior to discharge, using the earlier date, and based on the projected release date at the time of report preparation. No offender may be considered twice in a calendar year on the same sentence(s) except as Special Review, Commutation, or Medical.
2. Violent offenders will not be designated as "Annual" for next Board consideration, except as noted for nonviolent offenders.
3. Enter Next Board Consideration even if the offender is projected to discharge one year or less from the current consideration.
4. One year or less from the current consideration.

**Sentence Sequence**
Sentences shall be entered in chronological sequence, based on the case number(s) and progression of counts within each case number. When entering consecutive sentences, if the sequence of service, as determined by the Department of Corrections or ordered by Judgement and Sentences, is not chronological, match the sequence on the CRC or as order by the Court(s), with Court orders taking precedence.



Exhibit 8

**CONTROLLING CASE – Section 3**

Enter the controlling case according to these rules. The longest running sentence may not necessarily be the controlling case.

1. Enter the earliest count of the earliest case number as the controlling case, regardless of sentence length, excluding active suspended sentences and/or discharged CC cases.
2. For multiple cases with sentences of the same length, enter the case with earliest case number and count number.
3. For multiple sentences of varying lengths with the same reception date, enter the case with earliest case number and count number.

❖ **Exception:** Sentences of Life or Life Without Parole with concurrent sentences of determinate length.

**Offense Type**

Select Violent or Nonviolent

**Offense Count**

Enter the count number. If none is indicated, enter 0.

**Offense**

Enter the offense title exactly as it appears on the Judgment and Sentence (J&S).

**Sentence (This will be what is entered into the "sentence" box)**

Enter the sentence as currently being served.

- Include partial suspended time only in the sentence appears as such on the judgement and sentence or revocation order resulting in the current incarceration
- Do not include time previously served
- Include a notation of balance suspended upon completion of program, if applicable
- For parole revocations:
  - Enter the amount of time revoked if specific number of years/months
  - Enter the amount of time in years, months and days remaining to serve if revoked in its entirety

**County**

Enter the county of conviction.

**Sentence History**

The sentence history will consist of all legal or executive actions affecting a sentence and its terms and/or length of service. Legal action (court ordered) determines the type and length of a sentence, service in the community or in custody, acceleration, revocation/partial revocation, or modification of the original sentence, or reverse/remand/dismissal of sentence. Executive action determines release under parole supervision or revocation of the same, and commutation of sentence through executive clemency. Dispositions depend on the sentence type and/or immediately preceding legal or executive action. Enter the sentence history in tabular form, with actions in chronological order, from the original sentence to latest or final disposition.

**Exhibit 8**

**Prior Parole Consideration**

Enter the following information, in a double-spaced entry, after the sentence history.

All prior consideration/action, for the six years preceding the docket month, on the sentence(s) currently being served. The information will be entered in the format indicated, and entries will be made in reverse chronological order. (See Appendix for consideration types/actions)

Stage I and Stage II consideration will be noted separately for parole, Serious Incident Review consideration and commutation, if applicable

EXAMPLE (assumes the inmate is a violent offender, and on the 04/2022 parole docket) Prior Parole Consideration: 04/2019 Stage I Parole- Denied by Board

04/2016 Stage I Parole – Denied by Board, 08/2018 Stage II Commutation – Denied by Board, 05/2018 Stage I Commutation – Passed to Stage II

**Case Number**

Enter the case number as noted on the Judgment and Sentence (J&S).



**Exhibit 8**

Thomas v. Stitt/WD.-20-944          0151          PPB
Deft's Discovery Responses to Plntf

**CONCURRENT CASES (CC) AND/OR CONSECUTIVE CASES (CS) OR DETAINERS – Section 4**
Include in this section all sentences currently being served, and sentences consecutive to the controlling sentence. Enter cases in sequence, according to the following orders of precedence:

A.      List sentences concurrent to the controlling case, that are currently being served, in order of earliest to latest case and count number, regardless of sentence length.
B.      List sentences consecutive to the controlling case. If the sentence is also consecutive to other consecutive sentences, list them in the order determined by J&S's and case numbers. Entries for multiple consecutive sentences must include sequence explanations in the sentence history, indicating the sentence and/or sentences to which they are consecutive.
C.      List multiple consecutive counts of the same case number in order of count number, unless otherwise ordered by the J&S.
D.      Designate sentences that are consecutive to the controlling case, but are CC to a CS case, as "CS," and list immediately after the case with which they are concurrent in order of case and count number. Note the cases to which they are concurrent in the sentence history
E.      When sentence sequence designations and/or explanations appear to be in conflict with other case sequence explanations, or are difficult to understand, "See Other Relevant Information" may be entered into the sentence history box, with corresponding sequence explanation entered into the Other Relevant Information section. All such entries must include case number and count references to the cases in question.
F.      Rules of entry for the sentence and sentence history will be the same as those for the controlling sentence

❖  Do not list sentences from other state or federal jurisdictions, even if they are ordered to run concurrent with the current Oklahoma sentences. List such sentences as Detainers, with a notation that they are concurrent to the current sentence(s).

❖  Data entry for CC and CS cases is the same as that for the controlling case, with these exceptions:

•  CC or CS will be selected from the menu
•  Enclose sentence histories by parentheses
•  Reception dates must match the controlling sentence

**Staggered (Or Delayed) Concurrent Cases (CC)**
Define staggered concurrent cases according to the following rules:

•  The Judgment and Sentence is dated after the DOC reception date for the original controlling sentence and is projected to remain active after discharge of the original controlling sentence
•  The Judgment and Sentence is dated prior to that of the controlling sentence, but was received for service after the DOC reception date, AND is longer in sentence length or projected to remain active after discharge of the original controlling sentence
•  For eligibility purposes only, any sentence with a minimum parole eligibility date that is after the minimum eligibility date of the original controlling sentence

Sentences not the same length as the controlling case, but with the same DOC reception date are


Exhibit 8

Thomas v. Stitt/WD.-20-944                                    0152                                    PPB
Deft's Discovery Responses to Plntf

not considered staggered concurrent cases.

Enter data for staggered concurrent cases as for all other concurrent cases. Note the effective date of the sentence in the sentence history.

**Detainers**
Include all detainers lodged against the offender by state and federal jurisdictions. Select detainer type from the menu.

**ICE Detainers**
1.   Enter the country of origin.
2.   Check the "deported" button if it is documented that the offender has previously been deported.
3.   Enter any applicable notes about the detainer.

**County/State/Federal Detainers**
1.   Select the type of detainer from the menu.
2.   Enter the count number. If none, enter 0.
3.   Enter the offense title. If not known, enter "undocumented".
4.   Enter the sentence. If not known, enter "undocumented." If not yet sentenced, enter "Pending". If there is a sentence history for the offense, then include it in this section enclosed in parentheses.
5.   Select the detaining authority: county, other state, or federal. If other state, enter it in County/State box.
6.   Enter CF (case felony), CM (case misdemeanor), or the warrant number.

**Do not select "County" for other state detainer**



Exhibit 8

Thomas v. Stitt/WD.-20-944                    0153                          PPB
Deft's Discovery Responses to Plntf

**DISTRICT ATTORNEY'S VERSION OF THE INSTANT OFFENSES – Section 5**

Search the field file and the Pardon and Parole Board scanned documents for the District Attorney's Narrative Report

(DANR). Enter narratives verbatim, to a maximum of 3,000 words, as written on the DANR form, for the controlling case and all CC cases currently being served. This section has been expanded from 500 words to a maximum capacity of 3,000 words.

If the crime is 5 years or less, then type: No DANR required after 11/01/2017. (5 years or less)

If not available, select box: No DA version available

Select box:  Offense was not unusual

- ❖ **Do not** include narratives for consecutive sentences, or any sentence not currently being served, unless the offenses are murder or rape. If DANRs are not available or are incomplete, the Investigator shall send a request to the Supervisor, who shall then forward to designated administrative staff for an official request.
  Only written narratives prepared and provided by the District Attorney or District Attorney Protest Letters should be used to complete this section.
- • If the DANR refers to attached documents (Probable Cause Affidavits, Felony Information, Police Report, etc.), enter that information along with a notation that the documents are available in Web- Xtender for review. If the existing DANR does not provide a detailed account of the offense(s), enter a statement that the DANR does not describe the offense(s)

If more than one DANR/protest letter for a case is available, enter the one providing the most detailed description of the offense(s).

- • If identical DANRs for multiple counts of the same case number or for multiple cases are provided, enter the narrative only once.
- • Identify the narratives by case number, if more than one is entered. It is not necessary to enter the case number if there is only one.


**OTHER VERSION OF INSTANT OFFENSE – Section 6**
- ❖ Do not complete this section of the report. Delete any such versions existing from previous years' reports.

**Exhibit 8**

**<u>OFFENDER VERSION OF INSTANT OFFENSE – Section 7</u>**
During the interview, obtain the offender's version of the controlling case and all CC cases currently being served. Versions shall be descriptive accounts of the offense(s).

Do not include versions for consecutive sentences, or any sentence not currently being served, unless the offenses are murder or rape.

- Cases, if more than one, should be addressed in chronological order.
- Identify offender versions by the case numbers, if more than one is listed. It is not necessary to enter the case number if there is only one.
- Include only circumstances and details which directly describe the offense(s), paraphrasing the offender's version. Information must be clear, concise, and complete, and free of irrelevant detail.
- If the offender has given a previous version that is significantly different, include the previous version and the date it was given.
- Use a third-person format when entering the offender's version.
- If the offender is not interviewed, include a statement from an available documented source. This need not be included for Re-entry, Medical, or Serious Incident Review (SIR) reports.

**Exhibit 8**

## **CHRONOLOGY OF OTHER FELONY CONVICTIONS – Section 8**

The Chronology of Other Felony Convictions section traces all documented adult felony convictions, from original inception to final disposition, and will consist of all legal or executive actions affecting change in jurisdiction from juvenile authority to adult, the overall sentence length, and type and/or terms of service. List convictions in descending chronological order, and enter the earliest dated court ordered legal action for each sentence, with relevant histories listed in chronological order.

❖ Exclude the following:

- Successfully completed Youthful Offender sentences
- Successfully completed deferred sentences
- NIO (Nonviolent Indeterminate Offender) sentences that were never resentenced
- Sentences reversed/vacated on appeal
- Successfully completed Drug Court or Mental Health Court sentences, provided the sentences were dismissed by the Court upon completion
- Active detainers for which the offender has not yet been sentenced
- Cases listed in the CC/CS or Detainer sections
- Sentences that were reversed/remanded and vacated or dismissed by an appellate court. Such sentences are to be treated as if they never occurred. Should such a sentence cause a gap in sentence history or logical flow of chronological sequence in other entries, enter an explanation into the Other Relevant Information section of the report.

❖ If felony status of a sentence cannot be definitively documented, do not include it in the Chronology of Other Felony Convictions.

## **Offense Type**
Select the offense type.

## **Felony Type**
Select felony type if CC. **Do not select CS; enter and explain the consecutive sequence in sentence histories.**

## **Felony Count**
Select the felony count. If none, enter 0.

## **CF Number**
Enter the case number as it appears on the Judgment and Sentence.
❖ Do not enter case numbers for out of state or federal sentences.

## **Offense**
Enter the offense title as it appears on the Judgment and Sentence. Only abbreviate words or use acronyms in the offense title if they appear as such on the Judgment and Sentence.
Offense titles for out of state and Federal cases shall be entered as they appear on source documents.
Multiple counts of the same offense with the same case number, may be listed by entering 0 in the count number space, and preceding the offense title with Counts 1 and 2, Counts 1 – 10, etc. in the



offense box.

### **Sentence**

Enter the original sentence, from earliest dated court ordered legal action. These may include, but are not limited to:

- ❖ Juvenile Court filing
- ❖ Youthful Offender Sentencing
- ❖ Delayed sentence
- ❖ Drug Court or Mental Health Court
- ❖ Deferred sentence
- ❖ Suspended sentence

### **History**

Enter all documented subsequent legal or executive actions, in chronological order, including sentencing as a Youthful Offender and subsequent bridge to adult sentencing; acceleration, revocation or modification of the original sentence; resentencing after Drug Court, Mental Health Court, or delayed sentencing; reverse/remand/resentencing; release on parole or suspended sentence and subsequent revocation; commutation of sentence through executive clemency; rebill to consecutive sentence and/or date service began by rebill; discharge of sentence to suspended portion; and any other legal or executive action. Note all final dispositions, such as discharge of time to serve and expiration of all types of community supervision, if documented.

- Sentence histories in parentheses, histories in the format used for the controlling case, CC cases or CS cases, or notations of "same sentence history" are not appropriate. Include complete histories for all entries.
- If felony status cannot be definitively documented, give the offender the benefit of the doubt.
- If the final disposition cannot be documented, enter "termination undocumented."

- ❖ **Do not** include escapes or Global Positioning System releases/returns in the history of a sentence, as they do not change the length or terms of service of the original sentence, nor are they legal actions affecting the sentence. Should an escape cause a gap in logical flow of chronological sequence, enter an explanation into the Other Relevant Information section of the report.

### **Reception Date:**

Enter the date of the earliest dated court action, as indicated by the JOLTS, Court orders deferring the sentence, Judgements and Sentences, or NCIC or OSBI abstracts.

- Juvenile court filing
- Youthful Offender Sentencing
- Drug Court or Mental Health Court sentencing
- Deferred or suspended sentencing
- Judgement and Sentence ordering time to serve, or part time to serve/part time suspended

  - ❖ *Do not enter Department of Corrections "reception dates."*



**OTHER RELEVANT INFORMATION – Section 9**

This section shall be utilized to enter information that does not belong in other sections of the report or cannot be entered in other sections without compromising clarity or conciseness of information.

Information entered here shall include, but is not necessarily limited to, the following:

A. Undocumented felony convictions, defined as those convictions for which there are no certified court documents or documentation on state or federal criminal abstracts, or for which the only source of information is OSCN/ODCR or the offender's statement

B. Undocumented sentence lengths, types, histories and/or dispositions, subject to the same documentation rules as paragraph A.

C. Explanation of the sequence of current CC and/or CS cases that cannot be entered into the sentence History section without compromising clarity or conciseness of information

D. Explanation of sentence sequences that cannot be entered into the Chronology of Other Felony Convictions section without compromising clarity and conciseness of information, such as:
   - Escapes during service of a sentence that result in appearance of an incorrect discharge date, relative to sentence length and reception date
   - Application of time served in other jurisdiction, or on a vacated sentence, that results in the appearance of an incorrect discharge date, relative to the sentence length and reception date
   - Gaps in the Chronology of Other Felony Convictions without documentation, subject to the same documentation rules as paragraph A

E. Explanation of discrepancies between information as shown on court documents and as shown on OMS, such as:
   - Sentences shown on OMS for which there is no other documentation
   - Differences between sentence sequence(s) as shown on OMS and as documented in court documents
   - Sentences not noted on OMS, but are indisputably documented in court documents or another reliable source
   - Differences between an offender's name as it appears on OMS versus how it appears on the J&S and the CRC.

F. Undocumented disposition of detainers is subject to the same documentation rules as paragraph A

G. Discrepancies in disciplinary actions, such as:
   - Misconduct reports entered into OMS, but obviously are not related to the subject offender
   - Disagreement between violation class or title as entered on OMS, the disciplinary action documents, and the CRC
   - Misconduct reports still listed in OMS, but are indisputably documented as having been overturned and dismissed
   - Excludes disciplinary actions not entered into OMS, but are fully documented by disciplinary action documents and/or the CRC

H. All information for which the offender is the sole source

I. Restitution ordered on current cases if paroling to the street

J. Informal disciplinary sanctions not related to substance abuse or violent behavior

K. Native American tribal affiliation if any



**EVALUATION OF PREVIOUS ADULT COMMUNITY SUPERVISION – Section 10**
List all documented terms of adult community supervision. If there were multiple terms and/or types of supervision on a sentence, make a separate entry for each term and/or type.

- If a parole or suspended term ran for its entire length and expired while the offender was incarcerated on other sentences, do not enter that term. This includes, but is not limited to, parole/rebill to CS case, discharge/rebill from the incarceration portion of a split sentence, or incarceration on other unrelated sentences, either in Oklahoma or other jurisdiction.
- If the J&S orders the term to be unsupervised, do not enter that term unless it is accelerated or revoked.
- Enter offense titles into the evaluation section for successfully completed deferred sentences.

**Jurisdiction**
Select the jurisdiction from menu.

**Type**
Select the supervision type from the menu.
- If more than one case and/or count is included in the term of supervision, indicate this in the evaluation box.
- Offense title(s) for deferred sentences and successfully completed Drug Court or Mental Health Court shall be included in the evaluation box.

**Date Received**
Enter the date the supervision term began.

**Disposition**
Select the disposition type from the menu.

Dispositions for various supervision types:
- Deferred: Accelerated, Accelerated to Suspended, Accelerated to Delayed, Expired, Active, Undocumented
- Delayed Sentence Probation: Resentenced
- Drug Court and Mental Health Court (Either may be a condition of a suspended or deferred sentence, or a stand-alone sentence.)
  - If condition of deferred or suspended sentence, do not make a separate entry. Note as part of the evaluation for deferred or suspended sentence.
  - If stand-alone sentence: Resentenced, Expired, Undocumented
- Mandatory Release: Revoked, Expired
- NIO Probation: Resentenced, Expired
- Parole: Partially Revoked, Revoked, Expired
- Probation: Partially Revoked, Revoked, Expired
- Supervised Release (use only for Federal supervision): Partially Revoked, Revoked, Expired
- Suspended: Partially Revoked, Revoked, Expired



**Disposition Date**

Enter the disposition date. If undocumented, leave the box blank.

**Evaluation**

Enter a summary of documented violations occurring during the supervision term. Include technical violations, arrests, misdemeanor convictions, documented or admitted substance abuse, and any other rule violations.

- If the term of supervision was for the controlling case, a CC or CS case, and/or a detainer, indicate this in the Evaluation, in parentheses.

**Source**

Note sources of information for all segments. It is not necessary to note multiple sources for the same information. Enclose in parentheses for clarity in the printed reports.

**EVALUATION OF ALTERNATIVE RELEASE PROGRAMS – Section 11**

Enter all types of alternative release programs only for the current incarceration, including prior to rebill. Programs shall include Electronic Monitoring Program (EMP), Global Positioning Surveillance (GPS), House Arrest, Pre-parole Conditional Supervision (PPCS) and Specialized Supervision Program (SSP).

Select "Add Program", then:
1. Select the program type.
2. Enter the date the offender was received for the program.
3. Enter the date the offender was terminated from the program in the "Term" box.
4. Summarize documented violations, if any, in the evaluation box. Note the method of termination.
5. Note sources as indicated for Evaluation of Previous Adult Community Supervision.

**INSTITUTIONAL TRANSFERS AND ESCAPES – Section 12**

**Transfers**

List all transfers occurring within two years of the docket month, excluding temporary transfers for court appearances or medical or mental health services.
1. Select "Add Transfer".
2. Enter the date of the transfer.
3. Select the facilities from and to which the offender was transferred.

**Escapes**

Enter escapes from Department of Corrections' custody. Enter only those escapes occurring during service of the current sentence, on the current incarceration.
1. Select "Add Escape".
2. Enter the date of the escape in the "Escapee at Large" box, as documented by the CRC, OMS, or other documented source.
3. Select the facility from which the offender escaped.
4. Enter the date of return to custody to a Department of Corrections facility in the "Escapee in Custody" box, as documented by the CRC, OMS, or other documented source.
5. Confinement to a county or state jail or to a correctional facility in another jurisdiction shall not



be considered return to DOC custody.

**DISCIPLINARY RECORD – Section 13**

Enter misconduct reports according to the following procedure, using all available sources of information. Investigators shall check the Offender Management System (OMS) during the final review of reports and prior to submitting them for supervisor review.

If a misconduct report has been issued, but not yet processed, enter the misconduct report, and check the "pending" button.

- Enter all misconduct reports during the past year, including the same month as the docket in the previous year.
- Enter all misconduct reports for violent behavior and drug/alcohol related rule violations in the past ten years

**Listing Misconduct Reports:**

Enter the date the rule violation occurred.

1  Paraphrase violation titles and descriptions for brevity.
2  Enter class designation in parentheses as A, B or X. It is not necessary to include the numerical code.
3  Enter the facility where the rule violation occurred.

- ❖  **Do not** include obscene or vulgar words.
- ❖  **Do not** include misconduct reports for which the offender was found not guilty, or those expunged on appeal.

When all required rule violations have been entered, complete the section by entering the date of the most recent misconduct report, the number of misconduct reports during the past year, and the total number of misconduct reports during service of the current incarceration, including prior to rebill(s)

- ❖  **Do not** count the following misconduct reports:

  - o  Misconduct reports received prior to parole, in the case of parole violators
  - o  Misconduct reports received during the first portion of a split sentence
  - o  Misconduct reports received during a delayed sentence, for which a deferred or suspended sentence was later imposed

When updating previous years' reports:

- Delete any misconduct reports older than one year that were not for violent behavior or drug/alcohol related rule violations
- Delete misconduct reports older than ten years for violent behavior or drug/alcohol related rule violations

**Exhibit 8**

**SUBSTANCE ABUSE/MENTAL HEALTH HISTORY AND TREATMENT – Section 14**
List each type of history and treatment in its own separate text editor box. All available sources of information shall be used, and sources shall be noted for all information. List information in the order noted below.

**Substance Abuse History/Treatment**
1. Offender statement regarding alcohol and/or drug use, in order of age progression, including:

   A. Type of substance(s)
   B. Age at first use
   C. Highest level of use
   D. Length of time elapsed since last use of any substance

2. Documented activity involving the use and/or possession of drugs and/or alcohol to demonstrate behavioral progression, in the following order:

   A. JOLTS information (if applicable), including adjudication as delinquent, deferred filing or arrests not resulting in adjudication
   B. Adult arrests and/or misdemeanor convictions (if applicable) documented on state and Federal criminal abstracts
      • Arrest information shall include the offense, date of arrest, and the disposition, if documented. Example: Arrested for Possession of Marijuana, 03/12/1995 –Dismissed.
      • List misdemeanor convictions with only the offense and date of conviction. Example: Misdemeanor conviction for DUI on 12/17/2012.

        ❖ **Do not** include the jurisdiction, sentence, or other orders, i.e., fines, community service, etc.

        ❖ Misconduct reports older than ten years, for drug/alcohol related rule violations, in chronological order.

   C. Informal disciplinary sanctions

   ❖ **Do not** duplicate information listed in the disciplinary section.

   D. Adult Substance Use Survey (ASUS):  The ASUS completed on (date) indicates the following: Copy/paste these fields from the inmate's most recent ASUS:
   ❖ Critical Summary
   ❖ Treatment Guidelines
   ❖ Referral Guidelines

3. Provide information regarding substance abuse treatment, in tabular form, in the order noted below. List **ONLY** treatment received in the community and during Office of Juvenile Affairs custody, and do not include programs completed during adult incarceration.

   A. Facility name: If unknown, enter "Facility name undocumented"



B. Reason Enter "substance abuse treatment." The assumption is inpatient treatment. If outpatient, indicate specifically as such
C. Length of treatment – inpatient: Enter the number of days or months, if known. If unknown, enter "length unknown"
D. Length of treatment – outpatient: Enter the overall length of treatment and frequency of treatment sessions, if known. If not known, enter "length undocumented" and "frequency undocumented"

## Mental Health History/Treatment – Section 14

Provide information regarding mental health history and treatment, in the order noted below. Include **ONLY** treatment received in the community and during Office of Juvenile Affairs custody. Treatment received during adult incarceration will be included in subsection 2, including temporary transfers to mental health facilities.

Enter the mental health code as documented by the most recent IHAP, Offender Profile or other source, followed by the standard description of characteristics associated with the code. Note the source of the information

**MH-O -** No mental health history
**MH-A -** Has a history of mental health services but has not been on psychotropic medication AND/OR had a suicide attempt for 1+ years
**MH-B -** Current mental health symptoms, currently prescribed psychotropic medication (or have been within the past year). AND/OR suicide attempt within the past year.
**MH-C1 -** More severe mental health concerns. Cyclic behaviors. Typically has poor medication compliance and is more difficult to manage.
**MH-C2 -** Developmentally disabled AND/OR significant cognitive deficits. Low functioning.
**MH-D -** Grossly impaired. Inability to care for self. Usually housed at a mental health unit under 24-hour medical monitoring.

1. Note the offender's statement of mental health history. Include specific mental illnesses, or symptoms according to the offender.

   ❖ **Do not** include learning disabilities.
   ❖ Note the interview as the source.

2. Using all available sources other than the offender, note documented mental health history, including the following:

   A. Diagnosis or diagnoses by mental health professionals
   B. Synopsis of behavioral issues related to mental illness
   C. Cooperation with treatment/medication compliance
   D. Current mental health code designation

3. List mental health treatment, according to all sources. The assumption is inpatient treatment. If outpatient, indicate specifically as such. List treatment information in this order:

25


Exhibit 8

    A.  Facility/treatment provider, if known
    B.  Reason - enter "mental health treatment," "observation," "mental health evaluation," etc.
    C.  Calendar year(s) of treatment
    D.  Length of treatment. For outpatient, note frequency and number of sessions. If length/frequency of treatment is not known, enter "length undocumented" or "frequency undocumented."

4.  Include sex offender treatment in this section, if received in the community or during Office of Juvenile Affairs custody. Enter information in the same format as substance abuse and mental health treatment.

5.  Offender statements regarding substance abuse and/or mental health shall be included in Re-entry reports.

**DOCUMENTED VIOLENT BEHAVIOR – Section 15**
List all documented instances of violent behavior to illustrate behavioral progression, in the following order:

1.  JOLTS information (if applicable), including adjudication as delinquent, deferred filing or arrests not resulting in adjudication
2.  Adult arrests and/or misdemeanor convictions (if applicable) documented on state and Federal criminal abstracts.
    •  Arrest information shall include the offense, date of arrest, and the disposition, if documented.
    •  Misdemeanor convictions shall be listed with only the offense and date of conviction.
        ❖  **Do not** include the jurisdiction, sentence, or other orders, i.e., fines, community service, etc.
3.  Misconduct reports more than ten years old accumulated during current and prior incarcerations, in chronological order, and including a brief description

    ❖  **Do not** duplicate those listed in the disciplinary section

4.  Informal disciplinary sanctions for violent misconduct

Include only JOLTS information, adult arrests and misdemeanor convictions, and misconduct reports for offenses that correspond with the most current list of violent criminal offenses.



Exhibit 8

**PROGRAM NEEDS AND PARTICIPATION – Section 16**

Include in each section known information regarding the offender's progress toward addressing his/her program need areas. During interviews, question offenders regarding program participation status, estimated dates of completion, application for programs and placement on waiting lists, and reasons for lack of participation or completion. In the case of Stage II SIR, Re-Entry and Medical. docket reports, or in other instances that the offender is not interviewed, rely on all available sources. Enter the following information:

- Programs in which the offender is currently participating and an estimated date of completion, if known
- Programs the offender has completed, including the date of completion, regardless of whether the program was required
- Programs for which the offender is on a waiting list
- Programs that the offender began, but did not complete and the reason for lack of completion
- Reason(s) for lack of participation in any program, in any identified need area
- Completion of other significant classes or courses
- General activities (church attendance/Bible studies, clubs, organizations, etc.)

**Education**

Programs listed in this section include the following:
- Basic Literacy
- Adult Basic Education (ABE)
- General Education Diploma (GED)
- Vo-tech
- College courses
- Any other program or course of an educational nature that may result in enhanced likelihood of employment upon release

**Substance Abuse**

Programs listed in this section include the following:
- Substance Abuse Education (SAE)
- Changing Attitudes to Change Habits (CATCH))
- Chemical Addiction Rehabilitation Enhancement (CARE)
- Therapeutic Community
- Drug Offender Work Camp (DOWC)
- Regimented Treatment Program (RTP)
- Residential Substance Abuse Treatment (RSAT)
- Twelve-Step Program attendance (AA, NA, ANV, etc.)
- Living Longer, Living Stronger (LLLS)
- Walking the Line

**Exhibit 8**

- Helping Women Recover (HWR)
- Key to Life (KTL)
- Any other drug and/or alcohol treatment-oriented program

## Cognitive Behavior

Programs listed in this section include the following:

- Moral Recognition Therapy (MRT)
- Thinking for a Change (TFC/TFAC)
- Rational Behavior Training/Therapy (RBT)
- Anger Management
- Stress Management and Relaxation Training (SMART)
- Interpersonal Communication Skills (IPCS)
- Cognitive Behavioral Relapse Program (CBRP)
- 52-Week Tribal or Certified Batterer's Intervention Program
- Prevention and Relationship Enhancement Program (PREP)
- Within My Reach
- Faith and Character Program
- Sex Offender Treatment Program (RSOTP, SOP, SOTP, SOETP)
- Regimented Inmate Discipline Program (RID)
- Victims Impact

## Mental Health

List any program offered through facility psychological services, or on designated mental health housing units, designed to assist with or provide therapy for, mental health issues.

## Re-Entry

Programs listed in this section include the following:

- Work Release
- Daily Living Skills (DLS)
- Life Skills
- Parenting Skills
- Re-entry Program
- Other programs designed to provide or enhance skills needed to succeed in the community

## Other

Enter all other classes, courses, or individual or group activities that provide the offender with productive use of time, or that result in offender service to the facility and/or community. These include, but are not limited to:

- Participation in religious services or activities, faith-based programs, or Bible studies
- Animal training or rehabilitation programs
- Scared Straight (or equivalent program)
- Arts and crafts, including state-sponsored art shows
- Membership in clubs and/or organizations
- Extraordinary or meritorious service/assistance to individual facility or Department of

28



**Exhibit 8**

Corrections

## PAROLE PLAN – Section 17

In each section, enter information regarding the offender's plans if paroled to the street. Question the offender to provide as specific information as possible. Do not enter vague or incomplete information. In the event that information entered on the first draft report is too vague or incomplete, the Supervisor will instruct the Investigator to contact the offender for more specific information.

## Home Offer

- Enter the city and state in which the offender will live, and with whom.
  - ❖ **Do not** abbreviate city or state names.
  - ❖ **Do not** give specific names of those providing home offers. Instead, indicate the relationship, such as husband, wife, mother, father, parents, friend, etc.

- If the offender plans to live in a halfway house, sober living facility, or other alternative housing, **require** the offender to provide documentation of acceptance before entering the information into the report.
- If the offender has no family or other offer of housing in the community, and cannot provide proof of acceptance to alternative housing, enter "No home offer at present".

## Employment

- Enter the name of the employer and expected position and wage/salary.
- If the offender cannot provide specific information regarding employment (name of company, business or individual) during the interview, enter "Job search upon release".

## School

- Information regarding plans to attend school is limited to higher education, such as vocational training or college, and shall include the name of the vocational training institution, college, or university, expected field of study, and planned method of finance.

  - ❖ **Do not** include literacy or adult basic education courses, GED, or brief licensing courses.

- If the offender cannot provide specific information, enter "He/She has no school plans".
- If the offender will be required to proceed to a consecutive sentence or a detainer, check "not applicable" and select the appropriate response.
- If the offender is not interviewed, the Investigator may use information from previous reports prepared during the current incarceration. Otherwise, indicate "unknown."



Exhibit 8

**PERSONAL INFORMATION – Section 18**
Enter information regarding the offender's personal background, based on offender statements and gathered from documented sources. If the offender is not interviewed, information from previous reports may be used, noting them as the source. Indicate sources for all included information.

**Marital Status/Number of Dependents**
Select the appropriate response from the drop-down menu.

**Highest Level of Education**
Select the appropriate response from the drop-down menu.

**Primary Job Skill**
Enter the offender's primary job skill, or most common area of employment in the community. Question the offender to determine the approximate number of years of experience the offender has in that specific skill.

- If the offender has no specific skill, the term "general laborer" may be entered.
- If the offender has no skills whatsoever, enter "He or She has no job skills".

    ❖ **Do not** list more than one skill unless the offender has significant experience in more than one area.

**Employment History**
Note the offender's overall work history in the community, described as "steady", "sporadic", "stable", "unstable", etc., and whether the offender was employed or unemployed when arrested.

- If the offender has never held a job, enter a statement to that effect.
- If the offender has only a brief work record, enter "No significant work history".
- If the offender is disabled, and has been so long-term, enter a statement to that effect. Include the number of years the offender has been unable to work due to disability and a statement of work history prior to the disability (if any).

**Military Service**
Enter information, in tabular form, in the following order:
- Branch (or branches) of service in the United States military (Do not abbreviate)
- Dates of service
- Highest rank achieved
- Awards and medals earned
- Type of discharge


Exhibit 8

**Family History**

Enter information regarding the offender's childhood and upbringing, and family situation during childhood that the offender believes may have affected criminal behavior, or involvement in substance abuse. "Childhood" shall be defined as birth to age 18. Pertinent factors include:

- Physical/psychological/sexual/emotional abuse by parents/stepparents and other family members, caretakers, authority figures, foster parents, family friends or strangers
- Parental divorce/absence or death of one or both parents during offender's childhood
    - Note the offender's age at the time of divorce, death, or absence.
    - Note whether one or both parents remarried.
    - If the offender was not raised by either parent, note who raised him/her.
- Removal from the home and placement in foster care or state custody
- Substance abuse and/or mental health problems in the immediate family
- Gang involvement during childhood
- Domestic violence in the home during offender's childhood
- Childhood trauma resulting from accident or catastrophic event

Include delinquent adjudications and deferred filings for offenses not related to substance abuse or violent behavior. Those for violent behavior and substance abuse shall be entered into previous areas of the report and need not be duplicated.

- ❖ **Do not** include information in reference to the offender's adult life in this section as such information is adequately addressed in other areas of the report.

**INVESTIGATOR RECOMMENDATION – Section 20**

Make a recommendation for or against parole, based on the totality of information available, including but not limited to, the offender's overall criminal record; the record of substance abuse and mental health history; the record of documented violent behavior; the institutional record; victim impact information; and other information gained during the interview.

Recommendations shall be objective in nature and clearly and concisely written, ensuring that information included and relied upon matches the body of the report.

Enter the total and change score and the risk level from the most recent Level of Service (LSI) Inventory.

- ❖ **Do not** include subjective content.
- ❖ **Do not** make a recommendation in investigative reports for death sentence clemency.
- ❖ **Do not** make a recommendation in investigative reports for commutation.
- In lieu of recommendation, enter three options for reduced sentence that include potential release date and parole date if commuted to the length suggested in each option.

**Exhibit 8**

Thomas v. Stitt/WD.-20-944
Deft's Discovery Responses to Plntf

PPB

## Appendix A
## Glossary of Terms

**Achievement Credits:** Credits applied to a sentence as reward for completion of programs, or other activity as defined by Department of Corrections policy

**Administrative Segregation:** Segregation from general population, with strictly limited contact with staff and other offenders, as a result of the offender having displayed a mentality, past or recent actions, or an established pattern of behavior that presents a high level of threat to the safety of staff and other offenders, or to the security of the facility (Assignment warrants the strictest security measures and extremely limited movement within the facility)

**Adult Certification**: Offender under age 18 ordered to stand trial/be sentenced as an adult

**Assessed Security Level:** The security level according to security points assessed by the Department of Corrections classification policy

**Assigned Security Level:** The security level of the facility at which the offender is physically housed

**Concurrent (CC) Case(s):** Sentence(s) being served at the same time as the controlling sentence, as ordered by the Judgment and Sentence

**Consecutive (CS) Case(s):** Sentence(s) that must be served after expiration of the controlling sentence, and any sentences being served concurrently to the controlling sentence

**Controlling Case:** The sentence taking precedence of service at the time of reception or rebill into DOC custody or at the time of rebill (This may, or may not, be the longest running sentence.)

**Current Release Date (CRD):** The date of expected sentence discharge, based on days remaining to serve at the instant time of calculation, exclusive of earned credits or other credits

**Deferred Sentence:** A finding of guilt that does not result in a conviction, but requires a probationary sentence for a specified length of time that may be supervised or unsupervised in the community, during which the offender is required to adhere to specific conditions and upon successful completion may result in dismissal and expungement of the case

**Delayed Sentence:** Sentencing for young adults delayed pending the completion of conditions required by the court and may be imposed as supervision in the community or in the custody of the Department of Corrections until formal sentencing occurs



**Detainer:** Warrant or hold for prosecution, sentence service, or other legal or executive action, lodged by Oklahoma, other state, or federal authority

**Earned Credits:** Credits that reduce time remaining to serve on a sentence, applied to a sentence according to state statute and Department of Corrections policy

**Earned Credit Levels:** System of levels that determines the monthly number of earned credits applied to a sentence, according to Department of Corrections policy

**Good Conduct Credits:** Extra credits applied to a sentence as reward for the absence of formal disciplinary actions in a defined period of time

**Informal Sanction:** Sanction imposed on an offender in response to rule infractions, without formal disciplinary action being taken

**Interstate Compact:** Offender received at LARC or MBARC, to serve Oklahoma sentences, but who is being housed in the custody of other state or federal jurisdiction

**Nonviolent Intermediate Offender (NIO):** An obsolete form of sentencing for young adults, discontinued upon ruling that it was unconstitutional, which was applied to offenders 18 to 22 years of age, and allowed offenders to be held in Department of Corrections custody until age 22 without determinate sentence

**Pardon:** A pardon is an act of forgiveness granted by the Governor for a crime or crimes committed by an individual. A pardon is a privilege and not a right. As per statute, the Pardon and Parole Board must first provide a favorable recommendation to the Governor regarding an individual's request for a pardon. Only the Governor can grant a pardon. Neither an application for a pardon nor a recommendation from the Board guarantees that a pardon will be granted

**Parole:** Conditional release of an offender, by executive action, to serve the remainder of the sentence in the community, to begin serving a consecutive sentence, or to satisfy the terms of an active detainer

**Parole Denial Reasons:**
- A. The aggravating factors associated with the original crime, including any DA or victim protests, currently outweigh any mitigating factors in support of parole at this time.
- B. Disruptive institutional behavior.
- C. Failure to fully or successfully engage in recommended programming.
- D. Prior Community Failure
- E. Continued risk to the public.
- F. Forthcoming projected release or parole date

**Probation:** Sentence that is ordered to be served in the community with or without supervision, as ordered by the sentencing court (Deferred and suspended sentences are forms of "probation." Delayed sentences may also be ordered as probation until sentencing)

**Projected Release Date (PRD):** The estimated date of sentence discharge based on days remaining to serve and earned credit level at the instant time of calculation

**Exhibit 8**

**Rapid Repatriation:**  Release of offenders, according to state statute, to Immigration and Customs Enforcement custody for repatriation, prior to the expiration of current sentence(s). (Not Pardon and Parole Board action)

**Reverse and Remand:**  Reversal of sentence, by an appellate court, with remand to district court for retrial, resentencing or dismissal

**Sentence Sequence:**  The order in which two or more sentences are served, during the same term of incarceration, as ordered by sentencing court(s)

**Suspended Sentence:**  A sentence that is served in the community with specific conditions, with or without supervision, as ordered by the court (Sentences may be fully or partially suspended)

**Youthful Offender:** Neither a juvenile nor adult sentence, which applies to offenders under age 25, whereby certification is required by juvenile court, and custody or supervision is overseen by the Office of Juvenile Affairs (If unsuccessful, during Youthful Offender sentencing, the offender may be "bridged" to adult court/Department of Corrections custody.)

**Exhibit 8**

## Appendix B
## Common Acronyms

**Ad Seg or AS:** Administrative Segregation
**CAS:** Cell Assessment Form
**CAT:** Chemical Abuse Treatment
**CCA:** Court of Criminal Appeals
**CRC:** Consolidated Record Card
**CRD:** Current Release Date
**DANR:** District Attorney's Narrative Report
**DLTR:** Driver's License Traffic Record
**DRC:** Delayed Reception Credits
**FAF:** Facility Assignment Form
**GCAC:** Good Conduct Achievement Credits
**IFAF:** Intra-Facility Assignment Form
**IHAP:** Activity Housing Summary (Medical/Mental Health Assessment Form)
**J&S:** Judgment and Sentence
**JOLTS:** Juvenile On-line Tracking System
**LWOP:** Life Without Parole
**NCIC:** National Crime Information Center
**OMS:** Offender Management System
**ODRC:** On Demand Court Records
**OSBI:** Oklahoma State Bureau of Investigation
**OSCN:** Oklahoma State Courts Network
**PC:** Protective Custody
**PRD:** Projected Release Date
**PREA:** Prison Rape Elimination Act
**PSI:** Pre-sentence Investigation
**PTS:** Previous Time Served
**RCAT:** Record of Chemical Abuse Testing
**RHU:** Restricted Housing Unit
**RSAT:** Residential Substance Abuse Treatment
**SAT:** Substance Abuse Treatment
**SHU:** Segregated Housing Unit
**SIMS:** Special Inmate Management System (tracks separates/non-association)
**SIR:** Serious Incident Review
**SIRF:** Subsequent Information Review Form
**SCC:** Staggered Concurrent Case
**YO:** Youthful Offender

**Exhibit 8**

## Appendix C
## Violent Offenses

This list is not to be considered conclusive, and variations in wording on a Judgment and Sentence may occur. When doubt exists regarding the designation of an offense as violent or as 85%, contact the Staff Attorney for review.

| | |
|---|---|
| • All assault, battery and assault and/or battery crimes are considered violent | • Assault and Battery Upon Peace Officer/Police Officer/DOC Employee/DHS Employee/Emergency Medical Technician/Officer, Witness, Juror/Employee of State Facility |
| • Attempt, conspiracy or solicitation to commit, or accessory to/accessory after the fact of any of the following crimes | • Aggravated First Degree Rape (85% Offense) |
| • Any crime listed in 21 O.S. § 13.1 (All of the 85% offenses) | • Aggravated Forcible Sodomy (85% Offense) |
| • Any crime listed in 57 O.S. § 571 | • Caretaker Abuse (Any Kind) (85% Offense) |
| • Abandoning Child Under Age Ten | • Carrying a Weapon with Intent to Injure Another |
| • Abuse, Neglect, or Financial Exploitation by a Caretaker (85% Offense) | • Any crime against a child included in Title 21 O.S. 843.5 is 85% |
| • Accessory/Accessory After the Fact to Murder (85%) | • Aggravated Trafficking (85% Offense) |
| • Act of Terrorism | • Aiding Suicide (Valid Prior to 1/1/1983) |
| • Act Violence/Bodily Harm-Threats | • Armed Robbery (85% Offense) |
| • Advocating Crime Syndicalism or Sabotage | • Arson First Degree (85% Offense) |
| • Advocate Overthrow of Government by Force | • Arson Fourth Degree, Attempted Arson,  or Causing Arson |
| • Advocating Syndicalism on School Grounds | • Arson Second Degree |
| • Aggravated Anal Rape First Degree (85% Offense) | • Assault and Battery with Intent to Kill (85% Offense) |
| • Aggravated Assault and Battery (85% Offense) | • Assault and Battery with Deadly Weapon |

**Exhibit 8**

Thomas v. Stitt/WD.-20-944
Deft's Discovery Responses to Plntf

PPB

| | |
|---|---|
| • Assault, Battery with Dangerous Weapon | • Child Sexual Exploitation (85% Offense) |
| • Assaults by Masked with Dangerous Weapons | • Conjoint Robbery (85% Offense) |
| • Assaults while Masked or Disguised | • Crime Against Nature, Bestiality, Sodomy |
| • Assaults with Intent to Commit Felony | • Criminal Syndicalism |
| • Assault with Intent to Kill (85% Offense) | • Death From Displace of Railroad Equipment |
| • Attempt to Kill by Administering Poison | • Discharge or Hurl Missile into or Within Bus Terminal or other Transportation Facility |
| • Attempt to Sabotage | • Discharge Firearm At/Into/Within Bus |
| • Beating or Injury of Children (85% Offense) | • Enabling Child Neglect (85% Offense) |
| • Boarding a Bus with a Dangerous or Deadly Concealed Weapon | • Endanger Human Life During Arson (85%Offense) |
| • Bombing and Explosives (No Personal Injury) (85% Offense) | • Extortion |
| • Bombing and Explosives (Personal Injury Results) (85% Offense) | • Extortion by Threatening Letter |
| • Booby-Trapping Car or Structure | • Failure to Stop at Scene of an Accident Involving Death |
| • Burglary First Degree (85% Offense) | • Film Processor Fail to Report Child Porn |
| • Burglary with Explosives | • First Degree Rape (85% Offense) |
| • Bus Hijacking | • Forcible Sodomy (85% Offense) |
| • Caretaker Abuse (Any Kind) (85% Offense) | • Furnishing Weapon or Drug in Suicide |
| • Carrying a Weapon with Intent to Injure Another | • Hate Crimes |
| • Child Abuse (Any Kind) (85% Offense) | • Human Trafficking (85% Offense) |
| • Child Beating (85% Offense) | • Illegal Possession of Incendiary Device |
| • Child Endangerment | • Importing/Distributing Obscene Material of Minor(s) (85% Offense |
| • Child Neglect (85% Offense) | • Incest |
| • Child Pornography (85% Offense) | • Inciting to Riot |
| • Child Prostitution (85% Offense) | • Inducing Minor to Engage in Prostitution (85% Offense) |
| • Child Sexual Abuse (85% Offense) | • Injuring or Burning Public Buildings |
| • Intent to Compel Woman to Marry | • Pos/Use/MFG or Tel Threat of Incendiary |
| • Interference with Persons Engaged in | • Possession of Explosive by Convicted Felon |
| • Kidnapping | • Possession of Obscene Material Involving a Minor (85% Offense) |
| • Kidnapping for Purpose of Extortion | • Possession of an Offensive Weapon in the Commission of a Felony |

37

**Exhibit 8**

| | |
|---|---|
| • Kidnapping Involving Sex Crime | • Prepare/Dist/Exhibit Obscene |
| • Killing Quick Unborn Child/Manslaughter First Degree (85%Offense) | • Procuring Child Under 18 for Prostitution (85% Offense) |
| • Lewd or Indecent Liberties with Child Under16 (85% Offense) | • Procure/Produce/Distribute/Possess Juvenile Pornography (85% Offense) |
| • Lewd or Indecent Proposals or Acts to a Child Under 16 (85% Offense) | • Putting Body Waste or Fluids Upon Government Employee or Contractor |
| • Lewdness Within 1000' of School/Church (85% Offense) | • Rape First Degree by Instrumentation (85% Offense) |
| • Maiming | • Rape (85% Offense |
| • Maiming Oneself | • Rape First Degree (85% Offense) |
| • Manslaughter First Degree (Any Kind) (85%Offense) | • Rape by Instrumentation (85% Offense) |
| • Manslaughter Second Degree | • Rape Second Degree |
| • Material Involving a Minor (85% Offense) | • Rape Second Degree by Instrumentation |
| • Medical Battery | • Recruit Minor into Criminal Street Gang |
| • Mistreatment of Mental Patient | • Release Dog on Law Enforcement Officer |
| • Murder First Degree (85% Offense) | • Restrain Female in House of Prostitution |
| • Murder Second Degree (85% Offense) | • Rioting |
| • Negligent Homicide – Motor Vehicle | • Robbery (85% Offense) |
| • Obtaining Signature by Extortion | • Robbery First Degree (85% Offense) |
| • Omitting to Provide for a Child | • Robbery of CDS from Pharmacy |
| • Owner of Known Mischievous Animal Which Kills a Person | • Robbery by Force or Fear, First Degree (85% Offense) |
| • Parent Consent to Juvenile Pornography (85% Offense) | • Robbery or Attempted Robbery with a Dangerous Weapon or Imitation Firearm (85% Offense) |
| • Performing or Inducing Abortion by a Personate Licensed Physician | • Robbery Second Degree |
| • Performing or Inducing Abortion Subsequent to the End of Trimester (Unless in Hospital) | • Robbery With Firearms (85% Offense) |
| • Performing or Inducing an Abortion Upon Oneself | • Running a Roadblock |
| • Performing Lewd Acts in Presence of Minor (85% Offense) | • Sabotage |
| • Pointing Firearms at Another | • Seduction Under Promise to Marry |
| • Poisoning With Intent to Kill (85% Offense) | • Sexual Abuse by Caretaker (85% Offense) |

**Exhibit 8**

| | |
|---|---|
| • Sexual Abuse of Child (85% Offense) | • Throwing or Dropping Object on or at Moving Vehicles |
| • Sexual Battery (85% Offense) | • Transport Child Under 18 for Purpose of Prostitution |
| • Shooting With Intent to Kill (85% Offense) | • Use of Minor in Sale of CDS |
| • Showing Obscene Material to a Minor (85% Offense) | • Use or Attempted Use of Restricted Bullets |
| • Solicitation of Murder First Degree (85% Offense) | • Use or Firearm While Committing or Attempting to Commit a Felony |
| • Soliciting Minor for Indecent Exposure/Photos (85% Offense) | • Using a Vehicle to Facilitate the Intentional Discharge of Firearm |
| • Soliciting Sexual Conduct with a Minor (85% Offense) | • Using Offensive Weapon in Felony |
| • Stalking | • Willful or Malicious Abuse of Child or Permitting Such Acts |
| • Substituting One Child for Another | • Willfully Avoiding, or Failing to Stop at Roadblocks |
| • Terrorism Hoax | • Willfully Poisoning Food, Drink, or Medication with Intent to Cause Injury (85% Offense) |
| | • Wiring or Equipping of Vehicles or Structure with Explosives |

**Exhibit 8**

**Appendix D**
**Tutorial Examples**

**<u>Next Docket Assignment for Violent Offenders</u>**
Next consideration for offenders serving sentences for violent offenses are set, subsequent to current consideration, at 3 years or 1 year prior to discharge, using the earlier date. Prior to discharge dates (PTD) are based on the projected release date (PRD) at the time of report preparation. The current release date (CRD) is **not** considered in setting the next consideration.

- Next consideration is not set at more than 3 years from last regular consideration except by majority vote of the Pardon and Parole Board members.
- Consideration on medical, commutation and special review dockets does not affect the next consideration.
- If the PRD is less than one year prior to next consideration, enter the next consideration as the same month as the current consideration, in the following year.
- Always keep in mind that offenders may not be considered twice in a calendar year, except for medical, commutation and special review dockets.
- Next docket reason for these offenders is not entered as "annual," with one exception: the sentence(s) for violent offense(s) are concurrent to nonviolent offenses for longer sentences and are projected to be discharged prior to an annual consideration. In such cases, enter the next docket/reason as "annual," note the PRD(s) in the sentence histories for the violent offense cases, and provide an explanation in the Other Relevant Information Section.
- Next consideration for offenders serving Life sentences is always set at 3 years.

**EXAMPLE A**
Offender A will be considered on the April 2017 docket, and his PRD is 9/2022.
    3 years = 4/2020
    PTD = 9/2021
    Correct next consideration/reason: 4/2020 – 3 years

**EXAMPLE B**
Offender B will be considered on the April 2017 docket, and his PRD is April 2019.
    3 years = 4/2020
    PTD = 4/2018
    Correct next consideration/reason: 4/2018 PTD

**EXAMPLE C**
Offender C will be considered on the April 2017 docket, and her PRD is 9/2019.
    3 years = 4/2020
    PTD = 9/2018
    Correct next consideration/reason: 9/2018 – PTD



Thomas v. Stitt/WD.-20-944          0178          PPB
Deft's Discovery Responses to Plntf

**EXAMPLE D**
Offender D will be considered on the April 2017 docket, and his PRD is 02/02/2019.
Incorrect next consideration/reason: 04/2020 – 3 years Incorrect next        consideration/reason:
02/2018 - PTD Correct next consideration/reason: 04 /2018 - PTD

**EXAMPLE E**
Offender E will be considered on the April 2017 docket. Her sentence for a violent offense is
projected to be discharged 09/09/2017, and her overall PRD is 07/2021.
Incorrect next consideration/reason: 04/2020 – 3 years Incorrect next consideration/reason:
04/2018
– PTD Correct next consideration/reason: 0 4/2018 –
Annual
Enter into Other Relevant Information: Next consideration is set as annual, based on
09/09/2017 PRD for violent offense sentences.

**<u>Sentence Lengths - Current Controlling Sentence and Concurrent/Consecutive Sentences</u>**
Sentence lengths and histories are listed as they are in this section for this reason:
For the controlling sentence, and concurrent/consecutive sentences, the purpose of the
sentence length is to indicate the length of time currently being served, and/or the length of
time that the offender has to serve upon rebill to a consecutive sentence. The purpose of the
sentence history is to provide the progression of the sentence in a manner that confirms and
validates the current sentence length.

- Suspended portions of sentences will be reflected in the current sentence length if it
  appears as such on the judgement and sentence or revocation order resulting in the
  current incarceration, for the controlling sentence, concurrent sentences, and
  consecutive sentences, as illustrated by these examples.

**EXAMPLE A**
Offender A was originally sentenced to 5 years (6 months in the county jail, balance suspended)
10/10/2010. After completing service of his county jail sentence, the balance of the sentence
was revoked 11/10/2011.
Correct sentence length: 4 years and 6 months

**EXAMPLE B**
Offender B was originally sentenced to 10 years (5 years suspended) 10/10/2010 and
discharged to the suspended portion of the sentence 12/12/2012. Two (2) years of the
suspended portion was revoked 03/02/2013.
Correct sentence length: 2 years


Exhibit 8

**EXAMPLE C**
Offender C was originally received into custody under delayed sentencing 10/10/2010 and was sentenced to 5 years deferred and released from custody 04/28/2011. The deferred sentence was accelerated to 3 years 12/12/2012.
**Correct sentence length: 894 days**

**EXAMPLE D**
Offender D was originally sentenced to 5 years (balance suspended upon completion of program) 10/10/2010 and was released to the suspended portion 06/10/2011. The sentence was revoked 04/28/2012. During this time, he accumulated 12 months of earned credits and achievement credits.
*Correct sentence length: 4 years and 4 months

*Earned credits and achievement credits are not applied to service required for parole eligibility.


**<u>Sentence Histories - Current Controlling Sentence and Concurrent/Consecutive Sentences</u>**
Sentence histories, if applicable, include the earliest legal or executive action, and progress to the latest dated legal or executive action. The histories are enclosed by parentheses for ease of reading on completed reports.

**EXAMPLE A**
Offender A was originally sentenced to 5 years (6 months in the county jail, balance suspended) 10/10/2010. After completing service of his county jail sentence, the balance of the sentence was revoked 11/10/2011.
Incorrect sentence history: Originally 5 years (4 years and 6 months suspended) 10/10/2010, revoked 11/10/2011.
Correct sentence history: Originally 5 years (6 months in the county jail, balance suspended 10/10/2010), revoked 11/10/2011.

**EXAMPLE B**
Offender B was originally sentenced to 10 years (5 years suspended) 10/10/2010 and discharged to the suspended portion of the sentence 12/12/2012. Two (2) years of the suspended portion was revoked 03/02/2013.
Incorrect sentence history: Originally 10 years (5 years suspended) 10/10/2010, discharged to suspended 12/12/2012, partially revoked 03/02/2013, remainder suspended.
Correct sentence history: Originally 10 years (5 years suspended) 10/10/2010, discharged to suspended 12/12/2012, 2 years revoked 03/02/2013.



**EXAMPLE C**
Offender C was originally received into custody under delayed sentencing 10/10/2010 and was sentenced to 5 years deferred and released from custody 04/28/2011. The deferred sentence was accelerated to 3 years 12/12/2012.
**Incorrect sentence history:** Originally delayed incarceration 10/10/2010, sentenced to 5 years deferred 04/28/2011, accelerated 12/12/2012.
**Correct sentence history:** Originally delayed sentence 10/10/2010, sentenced to 5 years deferred and released 04/28/2011, accelerated 12/12/2012.

*Court documents ordering delayed sentences specifically refer to "delayed sentencing program for young adults." Referencing them as "delayed incarcerates" is done by the Department of Corrections. Report information must match court documents.

**EXAMPLE D**
Offender D was originally sentenced to 5 years (balance suspended upon completion of program) 10/10/2010 and was released to the suspended portion 6/10/2011. The balance of the sentence was revoked 0 4/28/2012.
**Incorrect sentence history:** Originally 5 years 10/10/2010, resentenced to balance suspended upon completion of program and discharged to suspended 06/10/2011, revoked to 5 years/8 months PTS 04/28/2012.
**Correct sentence history:** Originally 5 years (balance suspended upon completion of program) 10/10/2010, released to suspended 6/10/2011, revoked 04/28/2012.

*Release from sentences that are balance suspended upon completion of a program are not true "discharges," as the time of release is conditional.

**EXAMPLES E1 and E2**
**E1:** Offender E1 was received to serve 10 years 10/10/2001 and was granted parole 09/09/2003. Parole was revoked 09/09/2007, with no credit for street time.
**Incorrect sentence history:** Paroled 09/09/2003, revoked 09/09/2007 with 1 year and 11 months previously served.
**Correct sentence history:** Originally received 10/10/2001, paroled 09/09/2003, revoked 09/09/2007, owes 4 years, 3 months, and 2 days.

* Time owed on parole revocations is noted, rather than time previously served, for two reasons.
1. The offenders, in the majority of cases, have served the required time for parole eligibility prior to release.
2. Revocation may include the entire amount of time remaining to serve on the effective date of parole release. Time owed at the time of release is the last number of days remaining to serve posted on the CRC prior to parole release. Since that number

43



includes earned credits, achievement credits, etc., the time previously "served" is always more than the day-for-day number.

**E2:** Offender E2 was received to serve 10 years 05/05/2001 and was granted parole 09/09/2003. Parole was revoked 09/09/2006, with credit for street time.
**Incorrect sentence history:** Paroled 09/09/2003, revoked 09/09/2006, owed 4 years, months, and 2 days.
**Correct sentence history:** Originally received 5/5/2001, paroled 09/09/2003, revoked 09/09/2006 with credit for street time. Owes 1 year, 3 months, and 2 days.

**<u>Chronology of Other Felony Convictions</u>**
Sentence lengths and histories are listed differently in this section than those for the current controlling sentence, and concurrent and consecutive sentences. This is done for two primary reasons.

1.      For the controlling sentence, and concurrent and consecutive sentences, the purpose of the sentence length is to indicate the length of time currently being served, and/or the length of time that the offender has to serve upon rebill to a consecutive sentence. This purpose in the Chronology is to indicate the sentence as first ordered by legal action.
2.      For the controlling sentence, and concurrent and consecutive sentences, the purpose of the sentence history is to indicate progression of the sentence, in an order that matches and confirms the current sentence length. This purpose in the Chronology is to provide the progression of legal and/or executive actions, subsequent to the original sentence, to last or final disposition.

The difference to keep in mind is that sentences with a history of juvenile court action, delayed sentences, deferred or suspended sentences, other forms of probation, or any other action except time to serve in an adult correctional facility, should not be listed as they were upon reception into custody with time to serve on a determinate sentence length.

**EXAMPLE A**
Offender A was arrested and taken into OJA custody 10/01/1999 and was certified to stand trial as an adult 12/30/1999. He was then sentenced to 5 years deferred 02/02/2000, the sentence was accelerated to 10 years suspended 05/05/2002 and revoked 03/04/2003. The offender was granted parole 01/02/2007, and the parole was revoked 08/09/2009. He discharged the sentence 04/04/2010.
**Incorrect listing for sentence:** 10 years Incorrect reception date: 05/05/2002
Incorrect listing for sentence history: Originally filed in juvenile court 10/01/1999, Tulsa County, certified to stand trial as an adult 12/30/1999, sentenced to 5 years deferred 02/02/2000, accelerated to 10 years suspended 05/05/2002, revoked 03/04/2003, paroled 01/02/2007, revoked 08/09/2009, discharged 04/04/2010.

**Correct listing for sentence:** filed in juvenile court (first legal action) Correct reception date:


Exhibit 8

10/01/1999 (date of first legal action)

**Correct listing for sentence history:** certified to stand trial as an adult 12/30/1999, sentenced to 5 years deferred 02/02/2000, accelerated to 10 years suspended 05/05/2002, revoked 03/04/2003, paroled 01/02/2007, revoked 08/09/2009, discharged 04/04/2010 (all actions subsequent to the original sentence)

**EXAMPLE B**
Offender B received a death sentence 03/05/1980, and the sentence was reversed and remanded for a new trial 09/09/1987. At the new trial, he was sentenced to Life 11/03/1987. His sentence was commuted to 75 years 06/07/1997, and he discharged it 02/05/2013.

**Incorrect listing for sentence:** 75 years Incorrect reception date: 06/07/1997
Incorrect listing for sentence history: Originally death sentence 03/05/1980, reversed and remanded for new trial 09/09/1987, sentenced to Life 11/03/1987, commuted to 75 years 06/07/1997, discharged 02/05/2013.

**Correct listing for sentence:** death sentence (first legal action) Correct reception date: 03/05/1980 (date of first legal action)
Correct listing for sentence history: reversed and remanded for new trial 09/09/1987, sentenced to Life for Murder II 11/03/1987, commuted to 75 years 06/07/1997, discharged 02/05/2013 (all actions subsequent to original sentence)

**Exhibit 8**

## Appendix E
## Sentence Commutation Reference and Calculation Guide

The primary goal for commutation calculation is to begin with a suggested sentence length that would result in parole consideration shortly after the sentence is commuted. Option 1 should always suggest such a sentence, with Options 2 and 3 suggesting progressively longer sentences.

To arrive at the suggested sentence length for Option 1, use the docketing worksheet. Enter possible sentence lengths, using the original reception or rebill date and applying the jail time credited (see other considerations below), until you arrive at a sentence that would result in the next available parole docket.

- If your first suggested sentence length would result in the inmate's immediate discharge, add 1 year to the suggested sentence length, continuing to add an additional year until you arrive at a length that will not result in immediate discharge.
- Option 1 should never be a sentence length which would reduce the time remaining to serve by more days than the inmate currently has remaining to serve.
- ➤ **Example:** The inmate is on the 08/2020 commutation docket, is serving 10 years and has 1,022 days remaining to serve. Commuting to 7 years would result in a 10/2020 parole docket but would reduce the time by 1,095 days.
- "Next available" parole docket should be noted as no less than two months after the commutation consideration docket.
- ➤ **Example:** The inmate is on the 08/2020 commutation docket. In order to offer a sentence length that would result in parole consideration soon after sentence commutation, the worksheet calculates 09/2020 or earlier. Enter the parole date as 10/2020 (next available docket). In some cases, Options 2 and/or 3 may result in the same next available docket.

In some instances, there will be no option meeting the goal of parole consideration shortly after sentence commutation, without causing discharge of the sentence(s). This occurs primarily when inmates are serving short sentences or have been incarcerated for some time for longer sentences. In those cases, rather than spend time with unnecessary calculations, you may enter a statement to the effect that commutation to less than the sentence currently being served will result in immediate discharge. For 85% offenses, the 85% date as calculated should also be used for the potential release date, as the majority of inmates serving 85% sentences *(with the exception of those convicted of aggravated trafficking)* are discharged on their 85% dates due to banked credits.

In other instances, only one or two options will meet the goal. In such cases, enter the options that will work, followed by a statement that commutation to less than the suggested options will result in immediate discharge.

**Exhibit 8**

**OTHER CONSIDERATIONS**

When inmates have staggered concurrent sentences, concurrent sentences with different minimum service requirements, or multiple sentences of the same length but varying jail time amounts, it may be necessary to provide two or more sets of calculations to arrive at a parole docket soon after sentence commutation. If so, include a statement that the differing sentence suggestions are necessary to ensure parole consideration for all sentences at the same time, or approximately the same time.

When some sentences are eligible for sentence reduction credits, and concurrent sentences are not, it may be necessary to provide two or more sets of calculations.

When inmates have multiple sentences of the same length, but with varying amounts of jail time, base primary calculations on the sentence with the least amount of jail time.

When the offense is ineligible for sentence reduction credits until 50% service, calculate based on the information available at the time of report preparation. Include a statement that reduction of sentence will result in an earlier earned credit eligibility date. In some cases, reduction of the sentence will result in immediate earned credit eligibility; if this is the case, include a statement to that effect.

For partially suspended sentences, base calculations ONLY on the portion being served.

**CALCULATION GUIDE**

**FOR LIFE SENTENCES (not 85%)**

Step 1: Add all earned/achievement credits

Step 2: Add all lost earned/achievement credits

Step 3: Subtract the total of Step 2 from the total of Step 1

Step 4: Add all time served, including jail time

Step 5: Add the totals of Steps 3 and 4. This is the amount to be applied to proposed sentence lengths.

Step 6: Calculate the number of days in the proposed sentence lengths.

Step 7: Subtract the total from Step 5 from the number of days in each proposed sentence length. This will be the number of days remaining to serve if the inmate is commuted to the proposed sentence lengths.



Exhibit 8

Step 8: Calculate the projected release dates as if the inmate has been commuted to the proposed sentence lengths, using the calculation instructions provided, and basing calculations on the inmate's current earned credit level. (See appendix and examples)

Step 9: Calculate new parole eligibility date from the original reception date, including original jail time, based on proposed sentence lengths.

**FOR DETERMINATE SENTENCES (not 85%)**
Step 1: Check Consolidated Record Card or the Offender Management Reporting System Sentence Details for last recorded number of days remaining to serve.

Step 2: Calculate the number of days in the number of years to be subtracted from the actual current sentence length. (For example, 50 years – 10 years, and 10 years = 3650 days)

Step 3: Subtract the total from Step 2 from the last recorded number of days remaining to serve.

Step 4: Calculate the projected release dates using the total from Step 3, by dividing the days remaining for each suggested sentence length by the average number of days earned and served each month, using the earned credit level at the time of report preparation.

Step 5: Calculate the new parole eligibility date from the original reception date, using the proposed sentence length.

**FOR AGGRAVATED TRAFFICKING SENTENCES (85%)**
Credits are not "banked" over the course of the sentence; application of earned credits begins when 85% service has been reached. Suggested parole dockets will be the same as for any other 85% sentence.
- Contact supervisor for assistance with potential release date calculations

To calculate potential release dates, divide the calculated days remaining by the average number of days being applied to the sentence(s) each month, based on the earned credit level at the time of report preparation.

**AVERAGE DAYS GUIDE**
Level 1: 30
Level 2: 52
Level 3: 63
Level 4: 74
Enhanced Level 3: 75
Enhanced Level 4: 90

**Exhibit 8**

**EXAMPLE (Life Sentence)**

Commutation for Inmate A is being considered for 20, 25 and 30 years. He was received 11/01/2010. Calculations were done 11/01/2018, and the inmate is currently on Level 4.

Time served 2920 calendar days + 102 days of jail time = 3022 days of time served.
Earned/achievement credits accumulated: 2000
Earned/achievement credits lost: 100 Total: 1900
Total time to be applied: 4922

20 years = 7300 days
25 years = 9125 days
30 years = 10, 950 days

Commutation to 20 years
Numbers to the left of the decimal point represent months; those to the right of the decimal point represent days) 7300 − 4922 = 2378
2378 ÷ 74 = 32.13 (32 months)
13 x .30 = 3.9 (round up to 4 days)
32 months and 4 days added to 11/01/2018 = 07/05/2021

Commutation to 25 years 9125 − 4922 = 4203
4203 ÷ 74 = 56.79 (56 months)
79 x .30 = 23.7 (round up to 24 days)
56 months and 24 days added to 11/01/2018 = 07/25/2023

Commutation to 30 years 10950 − 4922 = 6028
6028 ÷ 74 = 81.45 (81 months)
45 x .30 = 13.5 (round up to 14 days)
81 months and 14 days added to 11/01/2018 = 08/15/2025

**EXAMPLE (Determinate Sentence – not 85%)**

Inmate B is serving 50 years, with credit for 60 days of jail time. He was received 11/01/2010. Commutation is being considered to 25, 30 or 35 years. At the end of May 2018, he has 14,000 days remaining to serve and is on Level 4.

35 years = 15 years deducted from sentence 30 years = 20 years deducted from sentence 25 years = 25 years deducted from sentence

Commutation to 35 years
14,000 − 5,475 (15 years) = 8,525



8,525 ÷ 74 = 115.20 (115 months)
20 x .30 = 6 days
115 months and 6 days added to 06/01/2018 = 01/07/2028

Commutation to 30 years
14,000 – 7,300 (20 years) = 6, 700
6,700 ÷ 74 = 90.54 (90 months)
54 x.30 = 16.2 (round down to 16 days)
90 months and 16 days added to 06/01/2018 = 12/17/2025 Commutation to 25 years
14,000 – 9,125 (25 years) = 4,875
4,875 ÷ 74 = 65.87 (65 months)
87 x .30 = 26.1 (round down to 26 days
65 months and 26 days added to 06/01/2018 = 11/27/2023

**Exhibit 8**