# IN THE UNTED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

DWAIN EDWARD THOMAS,

    Plaintiff,

v.

**Case No.: CIV-20-944-D**

KEVIN STITT, *et al,*

    Defendants.

## DEFENDANT HASTINGS SIEGFRIED'S MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT

Defendant, Chairman of the Oklahoma Board of Corrections ("OBOC"), T. Hastings Siegfried ("Chairman Siegfried," "Siegfried" or "OBOC"), in his official capacity, moves for summary judgment pursuant to Fed. R. Civ. P. 56 in his favor against Plaintiff, as he is entitled to judgment as a matter of law. In support, Defendant states:

### STATEMENT OF THE CASE

Plaintiff, a 44-year-old currently in the custody of Oklahoma Department of Corrections ("ODOC"), pled guilty to the heinous murders of his mother, step-father, and his step-grandfather. *See ODOC Field File*, attached as Exhibit 1, at ODOC 495, 502, 512. Although Plaintiff was a minor at the time of his offenses, he was convicted and sentenced as an adult due to their violent nature. *Id.* at ODOC 326, 344. Plaintiff is currently serving three life sentences with the possibility of parole. *Id.*

Neither Defendant Siegfried nor OBOC is mentioned in the body of Plaintiff's Complaint. *See* [Doc.1]. Siegfried is solely mentioned in the "Parties, Jurisdiction and Venue" section, in which Plaintiff pleads that "OBOC establishes policies for the operation of the DOC" and "in his capacity as chair, Siegfried exercises ultimate authority - in consultation

with the Governor, other members, and the Director of the [O]DOC - with respect to the [O]BOC's policies, practices, and procedures." [Doc. 1 at p.7].

Plaintiff seeks both a declaration that Oklahoma's parole process is "unconstitutional. . . to the extent that it fails to provide adequate consideration of youth status," and injunctive relief "to remedy Oklahoma's unconstitutional failure to provide a meaningful and realistic opportunity for release to Mr. Thomas, as well as other similarly situated."[1] Plaintiff specifically alleges he "received neither adequate consideration of his youth at sentencing nor any meaningful and realistic opportunity [sic] release . . . in violation of the Eighth Amendment and OKLA. CONST. art. II, § 9." [Doc. 1 at ¶41–44]. However, Plaintiff's claims against Siegfried fail as OBOC is not involved in the parole review process nor in how ODOC's operating procedures and policies are developed or carried out.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

*Parole Process*[2]

1. When an individual is brought into ODOC custody, Pardon and Parole Board ("PPB") investigators are responsible for docketing the inmate's eligibility for parole, and for reviewing and confirming eligibility for parole throughout the parole process. *See Bates Depo,* attached as Exhibit 2 at p. 74:4-21; *see also Long Depo,* attached as Exhibit 3 at pp. 118:14-119:7; pp. 133:18-134:4.

2. Parole eligibility date calculations are based on statute. *See* Ex. 2 at p. 72:5-9; *see*

---

[1] Additionally, Plaintiff has not been appointed to represent a class, nor has Plaintiff even filed a motion for class certification. Therefore, relief can only be granted as to this Plaintiff.

[2] For the purposes of this lawsuit, regular parole consideration is at issue not medical parole, administrative parole, or aging prisoner parole.

2

*also PPB Admin. Rule* as Exhibit 4 at 515:25-3-1; and OKLA. STAT. tit. 57 § 332.7.

3. This date is calculated by PPB when the inmate is processed into ODOC custody. *See* Ex. 2 at p. 72:10-13; Ex. 3 at pp. 133:18-134:4.

4. For violent offenders, there is a two-step process for parole. The first step is called stage one or jacket review. *See* Ex. 2 at p. 67:6-25; *see also,* Ex. 4 at 515:25-7-2.

5. In stage one, the PPB members review the materials provided to PPB and then vote on whether to pass the inmate to stage two. *See* Ex. 2 at p. 67:6-25; Ex. 4 at 515:25-7-2.

6. The PPB Board members are given the investigative report prepared by the PPB investigator, all support letters (if any), all victim letters (if any), and all district attorney ("DA") narratives (if any). *See* Ex. 2 at pp. 56:24-57:8.

7. The parole investigator, an employee of PPB, is responsible for investigating and then preparing, drafting, and submitting an investigative report in advance to the parole hearing. *Id.* at pp. 73:16-74: 3, *see also* Ex. 3 at pp. 133:11-134:12; p. 180:14-17.

8. As a part of their investigations, parole investigators conduct face to face interviews with each offender scheduled on monthly dockets, unless an interview is not possible, or an exception applies. *See PPB Investigator Handbook*, attached as Exhibit 5 at p. 6; Ex. 3 at pp. 166:23-167:1; p. 179:8-10.

9. If a face-to-face interview with the offender is not possible, parole investigators can conduct personal interviews through a telephone call. *Id.* at p. 229:21-230:1-8.

10. If a personal interview is not possible, interview questionnaires may be used. *See* Ex. 5 at p. 7; Ex. 3 at pp. 229:21-230:8.

11. During stage one, the offender, any delegates, victims, and the district attorney

are not allowed to speak to the PPB members. Ex. 2 at p. 69:12-25.

12. If PPB board members vote to move the violent offender through the parole process, the next step is stage two, where the inmate makes a personal appearance *See* Ex. 2 at pp. 70:18-71:20; *see also* Ex. 4 at 515:25-7-2.

13. At the stage two parole hearing for a violent offense, the Board will vote to either recommend or deny parole for the Inmate. There are no limitations on the factors that the Board may consider in making its recommendations to the Governor. *See* Ex. 4 at 515:25-9-1.

14. While the PPB may grant parole for nonviolent offenses, for violent offenses, PPB members can only vote for a recommendation for release to parole to the Governor. *Id.* at 515:25-9-1; *see also* OKLA. STAT. tit. 57 §332.7.

15. Whether an inmate is classified as a violent or nonviolent offender is a matter of statute. (OKLA. STAT. tit. 57 § 571). Ex. 2 at p. 64:10-14; and Ex. 4 at 515:25-1-2.

### OBOC's Relationship with ODOC

16. OBOC's relationship to ODOC includes overseeing financials for approval, and a governing board related to items that require OBOC approval. *See Hastings Depo*, attached as Exhibit 6 at p. 34:3-11.

17. OBOC's policy directs ODOC to have operating procedures for state prisons put into place. *Id.* at pp. 73:24-74:5. However, OBOC's responsibility for prison operating procedures does not extend beyond simply ensuring they exist. *See Romine Depo*, attached as Exhibit 7 at p. 43:18-20.

18. OBOC does not create ODOC's operating procedure. Ex. 6 at p. 58:9-13.

19. OBOC does not dictate or govern ODOC's operating procedures. *Id.* at p. 58:3-13.

20. OBOC is not involved in how ODOC's operating procedures are developed or carried out. *Id.* at p. 58:9-13.

21. OBOC only reviews ODOC's operating procedures related to a facility's authorized capacity and population status but does not review any procedures related to security classification. *Id.* at pp. 91:25-92:1-14.

### *OBOC's role in the parole review process*

22. OBOC has no role in the review process for parole. *Id.* at p. 59:5-21; pp. 88:1-89:25; p. 97:2-14; *see also Luck Depo*, attached as Exhibit 8 at pp. 19:25-20:7.

23. The parole process that ODOC has oversight of is a function of supervision only after the PPB decisions are made. *Id.* at p. 59:10-21.

## STANDARD OF REVIEW

Summary judgment shall be granted when the moving party demonstrates that it is entitled to judgment as a matter of law because there is no evidence within the pleadings, depositions, answers to interrogatories, or affidavits to support the claims of the nonmoving party, or that there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). An issue is "genuine" only if the evidence is such that a reasonable fact finder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A fact is 'material' if, under the governing law, it could have an effect on the outcome of the lawsuit." *E.E.O.C. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). "Conclusory, self-

serving assertions, devoid of factual support, do not create a genuine issue of material fact." *Li Zu v. Avalon Health Care, Inc.,* 806 F. App'x 610, 617 (10th Cir. 2020).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Although a plaintiff is entitled to all reasonable inferences from the record, she must still marshal sufficient evidence requiring submission of the matter to the jury in order to avoid summary judgment." *Piercy v. Maketa*, 480 F.3d 1192, 1197 (10th Cir. 2007). Thus, if the plaintiff bears the burden of persuasion on a claim at trial, then summary judgment may be warranted if (a) defendant points out a lack of evidence to support an essential element of that claim, and (b) plaintiff cannot identify specific facts that would create a genuine issue. *Water Pik, Inc. v. Med-Systems, Inc.*, 726 F.3d 1136, 1143–44 (10th Cir. 2013). Even so, the existence of a fact issue does not preclude entry of summary judgment where there is no evidence to support a dispute on that issue, or the evidence is so one-sided that no reasonable juror could find for the other side. *True v. United States*, 190 F.3d 1165, 1177 (10th Cir. 1999).

**PROPOSITION I: PLAINTIFF CANNOT SHOW STANDING AGAINST OBOC.**

A plaintiff must satisfy three criteria for there to be a "case or controversy" that can be resolved by the federal courts. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S. Ct. 2130 (1992) First, the plaintiff must have suffered an injury in fact. *Id.,* at 561. Second, there must be a causal connection. *Id.* Third, it must be likely, not merely speculative, that a favorable judgment will redress the plaintiff's injury. *Id.* The plaintiff must show that a favorable judgment will relieve a discrete injury, although it need not relieve his or her every injury. *Larson v. Valente,* 456 U.S. 228, 243 n. 15, 102 S. Ct. 1673 (1982). In the case at hand,

the record is clear that OBOC is not involved in any of Plaintiff's claims; therefore, Plaintiff cannot show that a favorable judgment against OBOC would redress his injuries.

### (A)  *OBOC has no role in ODOC's operating procedures related to security classification.*

OBOC is only mentioned once in Plaintiff's Complaint. [Doc. 1 at ¶ 4]. Plaintiff's claims against OBOC center around his allegation that OBOC establishes policies for the operation of ODOC, and this violated Plaintiff's constitutional rights. The record shows this is false.

OBOC oversees the financials of ODOC for approval, and governs certain aspects related to the Oklahoma statutes that require OBOC approval. UMF 16. Additionally, OBOC directs and ensures that ODOC has operating procedures in place. UMF 17. OBOC, however, does not create or implement ODOC's operating procedures. UMF 18. Furthermore, ODOC's operating procedures are not dictated or governed by OBOC. UMF 19. In short, OBOC is not involved in how ODOC's operating procedures are developed or carried out. UMF 20. OBOC's sole involvement is ensuring that ODOC's operating procedures exist.

Specifically, regarding Plaintiff's that ODOC's security classification operating procedures mean he can never be housed at a level lower than medium, OBOC lacks authority to review such provisions of the operating procedures. UMF 21. OBOC is not aware of or involved with how ODOC's operating procedures related to security classification are developed or executed. Ex. 6 at pp. 58:22-59:4. Every ODOC operating procedure has an author, and that author is responsible for creating said operating procedure. All authors of ODOC's operating procedures are employed or contracted by ODOC, not OBOC. (Ex. 7 at pp. 45:25-46:5.

As OBOC is not involved in the policies or procedures of ODOC, Plaintiff cannot show that a ruling from this court would be capable of redressing any alleged injury. *Opala v. Watt*, 454 F.3d 1154, 1158 (10th Cir. 2006); *Larson v. Valente,* 456 U.S. 228, 243 n. 15, 102 S. Ct. 1673 (1982) (a plaintiff must how that a favorable judgment will relieve a discrete injury). A judgment in favor of Plaintiff against OBOC would do nothing for Plaintiff, as OBOC has no authority over ODOC related to the operating procedures and serves no role in developing, approving, or implementing these procedures.

### (B)    *OBOC is not involved in review for parole.*

Plaintiff further alleges in his capacity as chair, "Mr. Siegfried exercises ultimate authority --- in consultation with the Governor, other members, and the Director of the ODOC---with respect to the OBOC's policies, practices, and procedures." [Doc. 1, p.7]. The record is clear that OBOC is not involved in the parole review process, nor does OBOC have any policies related to the review or consideration of inmates for parole. UMF 22. OBOC is only involved after PPB makes its parole decisions, as OBOC is involved in supervision of inmates who have been granted parole. UMF 23. Plaintiff's claims, therefore, must fail, as he cannot show a constitutional violation by OBOC.

OBOC has no knowledge of Plaintiff or his eligibility for parole, nor does OBOC have any knowledge of any inmate's eligibility for parole. OBOC is not involved with the PPB's processes or decisions and has no authority over the PPB. (Ex. 6 at p. 97:2-14; *see also,* UMFs 1-15. Furthermore, OBOC does not communicate with the PPB about the parole review process. *Id.* at p. 33:19-23; p. 98:12-17. Even if Plaintiff could show a constitutional violation, as OBOC is not involved in the parole process, no ruling from this Court against OBOC

8

would be able to redress Plaintiff's alleged injury. A judgment in Plaintiff's favor against OBOC would do nothing regarding Plaintiff's parole consideration or review. As such, summary judgment in favor of OBOC is warranted.

**PROPOSITION II: OBOC ADOPTS ALL OF ODOC'S MOTION.**

To the extent this Court determines OBOC does play a role in ODOC operating procedure, and therefore Plaintiff has standing, OBOC adopts and incorporates ODOC'S MSJ [Doc 115] in its entirety as if it were set forth here.

## CONCLUSION

Plaintiff's lawsuit and the undisputed material facts developed herein fail to demonstrate that he is entitled to any relief. The undisputed material facts, when viewed in the light of applicable law, show that Plaintiff's claims must fail. For the reasons stated above, OBOC Chairman Hastings Siegfried requests that the Court enter judgment in his favor and against Plaintiff on his claims, and grant all other relief deemed just and equitable.

Respectfully submitted,

s/ *Alejandra J. Brigida*
**ALEJANDRA J. BRIGIDA, OBA# 35381**
**LAUREN J. RAY, OBA# 22694**
ASSISTANT ATTORNEY'S GENERAL
OKLAHOMA ATTORNEY GENERAL'S OFFICE
LITIGATION DIVISION
313 NE 21st Street
Oklahoma City, Oklahoma 73105
T: (405) 521-2951 | F: (405) 521-4518
*Attorneys for Defendants ODOC, OBOC, and PPB*

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of August 2024, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to all counsel of record in this action.

/s/ *Alejandra J. Brigida*
Alejandra J. Brigida
