IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DWAIN EDWARD THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-cv-944-D |
| ) | |
| KEVIN STITT, et al., ) | |
| ) | |
| Defendants. ) | |

**JOINT MOTION TO STAY AND STRIKE UNEXPIRED SCHEDULING DEADLINES PENDING RULING ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

Plaintiff Dwain Edward Thomas and Defendants Kevin Stitt, Tom Bates, T. Hastings Siegfried and Steven Harpe (hereinafter "Defendants") (collectively, the "Parties"), by and through their undersigned counsel, hereby move the Court to stay and strike all unexpired scheduling order deadlines pending the Court's ruling on Defendants' recently filed Motions for Summary Judgment and reschedule the remaining deadlines as appropriate. (Doc. 114, 115, 116, 119).  In support of this motion, the Parties state as follows:

1.     On September 28, 2023, the Court entered its Scheduling Order (Doc. 70), setting trial for August 13, 2024 and establishing the interim deadlines in this action.

2.     On March 12, 2024, the Parties filed a Joint Motion to Extend Certain Interim Deadlines and Amend Scheduling Order (Doc. 71), which the Court granted on March 13, 2024 (Doc. 72).  On May 2, 2024, the Parties filed a second Joint Motion for Extension of Deadlines (Doc. 78), which the Court granted on May 3, 2024 (Doc. 79).  On June 27,

2024, the Parties filed a third Joint Motion for Extension of Deadlines (Doc. 95), which the Court granted on June 28, 2024 (Doc. 96). On August 15, 2024, the Parties filed a fourth Joint Motion for Extension of Deadlines (Doc. 112), which the Court granted on August 16, 2024 (Doc. 113).

3. Absent a grant of the requested stay, the following deadlines remain controlling (Doc 96):

| Event | New Deadline |
| --- | --- |
| Designations of deposition testimony to be used at trial: | September 19, 2024 |
| Objections and counterdesignations: | September 26, 2024 |
| Objections to counter-designations: | October 3, 2024 |
| Motions in limine: | September 19, 2024 |
| Requested voir dire: | September 19, 2024 |
| Trial briefs (optional): | September 19, 2024 |
| Requested jury instructions: | September 19, 2024 |
| Any objections or responses to motions in limine, requested voir dire, jury instructions: | October 3, 2024 |
| Final Pretrial Report, approved by all counsel, and in full compliance with Local Rules (see Appendix IV), | September 19, 2024 |

4. Defendants Stitt, Siegfried and Harpe each filed a Motion for Summary Judgment on August 30, 2024 (Doc. 114, 115, 116).

5. Defendant Bates experienced technical difficulty filing his Motion for Summary Judgment and filed a Motion for Extension of Time to File Motion for Summary Judgment (Doc. 117).

6. The Court granted Defendant Bates's Motion for Extension of Time on September 4, 2024 (Doc 118).

7. Defendant Bates filed his Motion for Summary Judgment on September 4, 2024 (Doc. 119).

8. In the Court's September 28, 2023 Scheduling Order, as well as its June 28, 2024 and August 16, 2024 Orders amending the Scheduling Order, the Court provided that "[t]he parties may . . . move to stay unexpired scheduling order deadlines pending the Court's ruling on dispositive motions" (Doc. 70 at 2; Doc. 96 at 2 n.1; Doc. 113 at 2 n.1).

9. "District courts retain the discretion to issue a stay pending the outcome of a dispositive motion." *Terry v. Health Care Serv. Corp.*, 2019 WL 885923, at *1 (W.D. Okla. Feb. 22, 2019) (quotation marks and citation omitted); *see also Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010) ("Discovery and scheduling are matters within the district court's broad discretion."); *Neill v. State Farm Fire & Cas. Co.*, 2015 WL 8773490, at *1 (W.D. Okla. Dec. 14, 2015) (DeGiusti, J.) (noting that a district court has the "inherent authority to manage its docket for the efficient use of judicial resources"). "Indeed, such a stay is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Terry*, 2019 WL 885923, at *1 (quotation marks and citation omitted) ("[T]he Court finds that the interests of efficiency and judicial economy will be served by a temporary discovery stay during the resolution of Defendant's summary judgment motion."). As this Court noted in another matter, "[t]he order deferring trial submissions is a customary practice of this Court, which also routinely grants joint motions to stay other unexpired deadlines pending a ruling on dispositive motions. The Court has adopted this practice due to the time savings

that often result from postponing litigation activities that may be significantly affected, or even nullified, by a summary judgment ruling." *Neill*, 2015 WL 8773490, at *2.

10.   A stay of all unexpired scheduling order deadlines is appropriate here because the discovery period has closed, none of the Parties will be prejudiced by the stay, and the stay will result in substantial savings of time and resources by the Court and the Parties by ensuring that the Parties do not have to submit, and the Court does not have to prematurely decide potential disputes over, pretrial filings that may be significantly affected by the Court's ruling on the dispositive motion. *Neill*, 2015 WL 8773490, at *2 (granting a stay pending the Court's ruling on Defendant's dispositive motion where the stay would "not cause any real prejudice to Plaintiffs but may result in substantial savings of time and resources by the Court and the parties if there is any merit in Defendant's summary judgment motion."). How the Court rules on Defendants' Motions for Summary Judgment will also significantly influence how each of the Parties will prepare their respective cases for trial.

11.   This Motion is not made in bad faith, for the purposes of delay, or for any other improper purpose, but instead for judicial economy and to allow the parties to appropriately tailor their pretrial filings.

12.   On September 5, 2024, Plaintiff's counsel asked Defendants' counsel whether they would join or object to this Motion. Defendants have consented to the relief sought herein.

WHEREFORE, the Parties respectfully request that the Court enter an Order staying and striking all unexpired scheduling deadlines pending the Court's ruling on Defendants'

4

Motions for Summary Judgment (Doc. 114, 115, 116, 119) and rescheduling the remaining deadlines to commence thirty (30) days after the Court's ruling in accordance with the framework the Court articulated in its original Scheduling Order (Doc. 70), as outlined in the Proposed Order.

Dated:  September 6, 2024　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　/s/ Emily Merki Long
　　　　　　　　　　　　　　　　　　　Tracie L. Bryant
　　　　　　　　　　　　　　　　　　　Emily Merki Long
　　　　　　　　　　　　　　　　　　　Alyssa M. McClure
　　　　　　　　　　　　　　　　　　　Caroline H. Robinson
　　　　　　　　　　　　　　　　　　　Margaret R. Hagen
　　　　　　　　　　　　　　　　　　　KIRKLAND & ELLIS LLP
　　　　　　　　　　　　　　　　　　　1301 Pennsylvania Avenue, N.W.
　　　　　　　　　　　　　　　　　　　Washington, D.C. 2004
　　　　　　　　　　　　　　　　　　　tracie.bryant@kirkland.com
　　　　　　　　　　　　　　　　　　　emily.long@kirkland.com
　　　　　　　　　　　　　　　　　　　alyssa.mcclure@kirkland.com
　　　　　　　　　　　　　　　　　　　caroline.robinson@kirkland.com
　　　　　　　　　　　　　　　　　　　maggie.hagen@kirkland.com

　　　　　　　　　　　　　　　　　　　Amy Breihan
　　　　　　　　　　　　　　　　　　　Shubra Ohri
　　　　　　　　　　　　　　　　　　　Megan Crane
　　　　　　　　　　　　　　　　　　　RODERICK & SOLANGE MACARTHUR
　　　　　　　　　　　　　　　　　　　JUSTICE CENTER
　　　　　　　　　　　　　　　　　　　906 Olive Street, Suite 420
　　　　　　　　　　　　　　　　　　　St. Louis, MO  63101
　　　　　　　　　　　　　　　　　　　amy.breihan@macarthurjustice.org
　　　　　　　　　　　　　　　　　　　shubra.ohri@macarthurjustice.org
　　　　　　　　　　　　　　　　　　　megan.crane@macarthurjustice.org

　　　　　　　　　　　　　　　　　　　Spencer Bryan
　　　　　　　　　　　　　　　　　　　Steven J. Terrill
　　　　　　　　　　　　　　　　　　　BRYAN & TERRILL LAW
　　　　　　　　　　　　　　　　　　　3015 E. Skelly Drive, Suite 400
　　　　　　　　　　　　　　　　　　　Tulsa, OK  74105
　　　　　　　　　　　　　　　　　　　jsbryan@bryanterrill.com

sjterrill@bryanterrill.com

*Attorneys for Plaintiff*

*/s/ Phillip G. Whaley*
(*Signed by Filing Attorney with Permission*)
Phillip G. Whaley, OBA #13371
Grant M. Lucky, OBA #17398
RYAN WHALEY
400 North Walnut Avenue
Oklahoma City, OK  73104
(405) 239-6040
(405) 239-6766 FAX
pwhaley@ryanwhaley.com
glucky@ryanwhaley.com

*Attorneys for Defendant*
*Kevin Stitt, Governor of Oklahoma*

*/s/ Alejandra J. Brigida*
(*Signed by Filing Attorney with Permission*)
Alejandra J. Brigida
Lauren J. Ray
ASSISTANT ATTORNEYS' GENERAL
OKLAHOMA ATTORNEY GENERAL'S OFFICE
Litigation Division
313 N.E. 21st Street
Oklahoma City, OK  73105
alejandra.brigida@oag.ok.gov
lauren.ray@oag.ok.gov

*Attorneys for Defendants*
*DOC, BOC and PPB*