IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DWAIN EDWARD THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-cv-944-D |
| ) | |
| KEVIN STITT, et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S OPPOSED MOTION FOR ORAL ARGUMENT**

Plaintiff Dwain Edward Thomas ("Mr. Thomas"), by and through undersigned counsel, hereby moves this Court to schedule oral argument on Defendants' J. Kevin Stitt, Thomas Bates, Steven Harpe, and T. Hastings Siegfried (collectively, "Defendants") respective motions for summary judgment. *See* L.R. 78.1 ("Oral arguments or hearings on motions … will not be conducted unless ordered by the court.").

Mr. Thomas brought the instant action raising significant constitutional claims pursuant to 42 U.S.C. § 1983 in September 2020. In his Complaint, Mr. Thomas alleges that Oklahoma's parole system violates the Eighth Amendment of the United States Constitution and Article II, Section 9 of the Oklahoma Constitution by denying juveniles sentenced to parole-eligible life sentences a meaningful opportunity to obtain parole. Compl. ¶¶ 8, 22. Mr. Thomas raises both as-applied and facial challenges, bringing these claims on behalf of himself and other Oklahoma inmates who were juveniles at the time of the offense. *Id.* ¶¶ 18, 22.

The Court initially dismissed Mr. Thomas's Complaint for failure to state a claim under the Eighth Amendment, but the Tenth Circuit reversed that decision on appeal, finding that "the complaint contains enough well-pleaded facts to plausibly entitle [Mr. Thomas] to relief." *Thomas v. Stitt*, No. 21-6011, 2022 WL 289661, at *4 (10th Cir. Feb. 1, 2022). On a subsequent report and recommendation, this Court held that "the Tenth Circuit has already rejected [the] argument [that Mr. Thomas has failed to state a claim under the Eighth Amendment] and found that 'Mr. Thomas has stated plausible claims for relief.'" ECF No. 59 (citing *Thomas*, 2022 WL 289661 at *4).

Since August 2023, the parties engaged in extensive discovery over 12 months, in which Defendants produced 24,662 pages of documents and Mr. Thomas solicited over 30 hours of deposition testimony. The parties also served significant written discovery. Mr. Thomas served three sets of interrogatories to Defendants Bates and Stitt, two sets of requests for admission to Defendants Bates and Stitt, and two sets of requests for production to Defendant Stitt, as well as one set of requests for production to Defendants Bates, Harpe, and Siegfried.

After the close of discovery, all four Defendants moved for summary judgment, filing motions that totaled 97 pages with an additional 762 pages of exhibits. *See* ECF Nos. 115-119. On October 9, 2024, Mr. Thomas filed a consolidated response brief to Defendants Bates, Harpe, and Siegfried, totaling 70 pages and 575 pages of exhibits, *see* ECF No. 126, and responded to Defendant Stitt's brief separately in a 30-page brief with 131 pages of exhibits, *see* ECF No. 127. All four Defendants then filed reply briefs on

October 23, 2024, totaling another 36 pages and 87 pages of exhibits. *See* ECF Nos. 132-135.

This longstanding litigation has now been pending for over four years. Given the seriousness of the constitutional claims at issue, Mr. Thomas believes that oral argument will substantially aid the Court's consideration of the complex legal and factual questions raised in the briefs and will allow all parties to fully and adequately respond to questions identified by the Court.

## RELIEF REQUESTED

For the reasons set forth above, Mr. Thomas respectfully requests that the Court schedule oral argument on Defendants' motions for summary judgment, *see* ECF Nos. 114-19, on a date and location to be set by the Court. Defendants oppose Mr. Thomas's motion for oral argument. *See* L.R. 7.1(j) (requiring "briefs shall state whether opposing counsel agrees or objects to the request"). Defendants Bates, Harpe, and Siegfried do not think oral argument is necessary as they believe the briefs contain all the necessary information for the Judge to make his ruling and therefore object. Governor Stitt does not believe that oral argument is necessary and therefore objects.

Dated: November 8, 2024          Respectfully submitted,

*/s/ Emily Merki Long*
Tracie L. Bryant
Emily Merki Long
Alyssa M. McClure
Caroline H. Robinson
Annie Chiang
Michael Pronin
Margaret R. Hagen

KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 2004
tracie.bryant@kirkland.com
emily.long@kirkland.com
alyssa.mcclure@kirkland.com
caroline.robinson@kirkland.com
annie.chiang@kirkland.com
michael.pronin@kirkland.com
maggie.hagen@kirkland.com

Amy Breihan
Shubra Ohri
Megan Crane
RODERICK & SOLANGE MACARTHUR
 JUSTICE CENTER
906 Olive Street, Suite 420
St. Louis, MO  63101
amy.breihan@macarthurjustice.org
shubra.ohri@macarthurjustice.org
megan.crane@macarthurjustice.org

Spencer Bryan
Steven J. Terrill
BRYAN & TERRILL LAW
3015 E. Skelly Drive, Suite 400
Tulsa, OK  74105
jsbryan@bryanterrill.com
sjterrill@bryanterrill.com

*Attorneys for Plaintiff*

4