## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

DWAIN EDWARD THOMAS,          )
                              )
            Plaintiff,        )
                              )
    v.                        )          Case No. 20-cv-944-D
                              )
KEVIN STITT, et al.,          )
                              )
            Defendants.       )

## PARTIES' JOINT RESPONSE IN OPPOSITION TO
## KEITH BROWN'S MOTION TO INTERVENE

Plaintiff Dwain Edward Thomas and Defendants Kevin Stitt, T. Hastings Siegfried, Scott Crow, and Tom Bates (the "Defendants") (collectively the "Parties") jointly oppose the Motion to Intervene filed by Keith Brown on January 2, 2025. *See* ECF No. 137. Defendants join Mr. Thomas's opposition with respect to Section I.A., below. The Parties have completed fact discovery and are awaiting the Court's ruling on Defendants' pending motions for summary judgment. Permitting intervention at this stage in the case—months after the close of discovery and well after the Parties fully briefed summary judgment— would unnecessarily delay the case and unfairly prejudice the Parties, who have been engaged in this litigation for over four years. Mr. Thomas further argues in Section I.B. that Mr. Brown's interests are already represented in this suit. The Court should therefore deny Mr. Brown's motion to intervene.

## BACKGROUND

Mr. Thomas filed his Complaint on September 17, 2020, alleging that Defendants operate a parole system in the state of Oklahoma that denies juveniles serving life sentences

a meaningful opportunity for parole in violation of their Eight Amendment rights under the Supreme Court's precedent in *Graham v. Florida*, 560 U.S. 48 (2010), *Miller v. Alabama*, 567 U.S. 460 (2012), and *Montgomery v. Louisiana*, 577 U.S. 190 (2016).  Mr. Thomas brought his suit on behalf of himself and all "individuals . . . who are serving parole-eligible Life sentences for offenses committed as a juvenile," seeking both declaratory judgment and injunctive relief.  *See* ECF No. 1 at 38-40.

The Court initially dismissed Mr. Thomas's Complaint in December 2020, *see* ECF No. 17, but that decision was later reversed by the Tenth Circuit, which found that Mr. Thomas had "stated plausible claims for relief" and remanded the case for further proceedings.  *Thomas v. Stitt*, 2022 WL 289661, at *4 (10th Cir. Feb. 1, 2022).  After additional briefing between the Parties which resulted in the Court denying Defendants' renewed motion to dismiss, *see* ECF No. 59, the Court set a discovery schedule in September 2023, *see* ECF No. 70.  Since then, the Parties have engaged in extensive discovery over a 12-month period.  *See* ECF No. 112.  During this time, Defendants produced more than 23,000 pages of documents, Mr. Thomas took six depositions, and the Parties exchanged several rounds of pages of written discovery.  After the close of discovery in August 2024, Defendants submitted four distinct motions for summary judgment, *see* ECF Nos. 114-116, 119, to which Mr. Thomas responded, *see* ECF Nos. 126-127, and Defendants replied, *see* ECF Nos. 132-135.

Mr. Brown's motion for intervention was not filed until January 2, 2025, nearly two months after the Parties concluded summary judgment briefing.  *See* ECF No. 137.

## LEGAL STANDARD

There are two types of intervention under Federal Rule of Civil Procedure 24: (1) intervention of right and (2) permissive intervention. *See* Fed. R. Civ. P. 24(a)-(b). First, under Rule 24(a), a court must grant an intervention as of right to an intervenor who is either "given an unconditional right to intervene by a federal statute" or who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." *Id.* But courts "presume representation is adequate" "where the objective of the applicant . . . is identical to that of one of the parties." *Tri-State Generation and Transmission Ass'n, Inc. v. New Mexico Pub. Regul. Comm'n*, 787 F.3d 1068, 1072 (10th Cir. 2015) (citation omitted). Second, under Rule 24(b), intervention *may* be permitted where a potential party "is given a conditional right to intervene by a federal statute" or "has a claim or defense that shares with the main action a common question of law or fact." *See* Fed. R. Civ. P. 24(b). While permissive intervention is discretionary, courts "**must** consider whether the intervention will **unduly delay or prejudice the adjudication of the original parties' rights**." *Id.* (emphasis added); *Tri-State Generation*, 787 F.3d at 1074-75 (denying motion to intervene); *see also City of Stilwell, Okl. v. Ozarks Rural Elec. Co-op. Corp.*, 79 F.3d 1038, 1043 (10th Cir. 1996).

In either instance, a motion to intervene must be "timely." *See* Fed. R. Civ. P. 24(c); *Tri-State Generation*, 787 F.3d at 1074. Timeliness "is assessed in light of all of the circumstances," including "the length of time since the movant knew of its interest in the

case," "prejudice to the existing parties," "prejudice to the movant," and the "existence of any unusual circumstances," the purpose of which is to "guard against prejudicing the original parties by the failure to apply sooner." *Oklahoma ex rel. Edmondson v. Tyson Foods, Inc.*, 619 F.3d 1223, 1232, 1235 (10th Cir. 2010) (citation omitted).

## ARGUMENT

### I.    Mr. Brown's Permissive Motion To Intervene Should Be Denied.

Although Mr. Brown does not state whether he is seeking "intervention of right" or "permissive intervention" in this case, the facts and claims set forth in Mr. Brown's motion should be considered under the standard for permissive interventions under Federal Rule 24(b).  Mr. Brown has not alleged that he has an "unconditional right to intervene by a federal statute," *see* Fed. R. Civ. P. 24(a), and there are no property or transaction interests specific to Mr. Brown that are at stake in this litigation that would permit him to pursue intervention as of right.  Rather, Mr. Brown has alleged that "the facts of [Mr. Thomas's] lawsuit are similar to the claims [Mr. Brown] would raise in a new, separate lawsuit," and that "Oklahoma's parole system denied him a 'meaningful and realistic opportunity for release' in violation of [Supreme Court precedent]."  *See* ECF No. 137 ¶¶ 6, 11.  These are the types of "common question[s] of law or fact" that reflect a request for permissive intervention.  *See* Fed. R. Civ. P. 24(b); *see also Simpson v. Addison*, 2015 WL 13741828, at *2 (W.D. Okla. June 23, 2015) (determining that "[t]he allegations in [the intervenor's] motion reflect that he is seeking permissive intervention").

Because Mr. Brown is seeking permissive intervention, the Court should deny his motion on two grounds.  First, Mr. Brown's motion is not "timely" because it was filed

years after this case began and months after the Parties completed discovery and summary judgment briefing. Any intervention at this stage of the case would "unduly delay or prejudice the adjudication of the original parties' rights." *See* Fed. R. Civ. P. 24(b); *see also Gaedeke Holdings VII, Ltd. v. Mills*, 2013 WL 2532501, at *4 (W.D. Okla. June 10, 2013) (denying intervention because it "would unduly delay and prejudice the original parties."). Second, Mr. Thomas maintains that because his lawsuit already seeks declaratory and injunctive relief on behalf of similarly situated inmates, Mr. Brown's interests are already represented, and he will not be prejudiced in any way by this Court's denial of the motion for intervention.

### A. Mr. Brown's Motion Is Untimely And Would Unfairly Prejudice The Parties.

It is inappropriate to allow a new party to intervene this late in the game. Intervention now would "unduly prejudice" the rights of all parties who have expended immense time and resources to complete fact discovery, summary judgment briefing, and even certain pretrial filings in this case. *Gaedeke Holdings*, 2013 WL 2532501 at *4 (stating that permissive intervention would be prejudicial because "the parties have engaged in a substantial amount of discovery[] and the Court has issued a scheduling order placing this case on its [] trial docket."). The "Tenth Circuit instructs the Court to consider 'all of the circumstances'" under which an intervenor may have a timely or untimely submission. *See Tudor v. S.E. Oklahoma State Univ.*, 2022 WL 4084436, at *1 (W.D. Okla. Sept. 6, 2022) (citation omitted) (finding the motion "untimely"); *see also Oklahoma ex rel. Edmondson*, 619 F.3d at 1232 ("The timeliness of a motion to intervene is determined

'in light of all of the circumstances.'" (citation omitted)).  Of these circumstances, "the length of time the applicant knew or should have known is the most important." *Tudor*, 2022 WL 4084436, at *1.  Further, courts may take into consideration the prejudice to the Parties resulting from the intervenor's lack of timeliness. *Id.* at *2 (finding intervention would cause prejudice).

Mr. Thomas filed his Complaint more than four years ago on September 17, 2020. *See* ECF No. 1.  Since that time, there have been over 130 filings on the public docket.  Mr. Thomas has taken six depositions, Defendants have produced more than 23,000 pages of documents, and the Parties have exchanged substantial written discovery—discovery related both to Oklahoma's pardon and parole system and to Mr. Thomas individually. Discovery has now concluded, and the Parties have fully briefed Defendants' summary judgment motions.  All that remains is the Court's decision on those motions and trial.  In other words, the existing Parties have expended considerable time and resources over the last four-plus years to reach this late stage of the litigation, and any further delay would prejudice them from adjudicating their rights.

Under well-established precedent in this Circuit, the time for intervention has passed. *Compare Gaedeke Holdings*, 2013 WL 2532501 at *4 (denying motion for permissive intervention where the motion was "filed two years after the filing of th[e] case and four months before the commencement of trial"), *and Oklahoma ex rel. Edmondson*, 619 F.3d. at 1232-39 (affirming denial of intervention motion filed over four years after litigation started and shortly before trial.), *with Utah Ass'n of Ctys. v. Clinton*, 255 F.3d

1246, 1250-51 (10th Cir. 2001) (permitting intervention because "no scheduling order ha[d] been issued, no trial date set, and no cut-off date for motions set.").

### B.    Mr. Thomas Also Maintains That Mr. Brown's Interests Are Already Adequately Represented By The Relief He Seeks.

Permissive intervention may also be denied where "the objective of the applicant for intervention is identical to that of one of the parties." *Tri-State Generation*, 787 F.3d at 1072-73 (citation omitted); *see also Oklahoma v. U.S. Dep't of the Interior*, 569 F. Supp. 3d 1155, 1164 (W.D. Okla. 2021) (finding that "permissive intervention is not warranted because the federal defendants will adequately represent the [intervenor's] interest in this case."). Here, Mr. Brown admits that he seeks intervention to avoid filing a nearly identical suit. ECF No. 137 ¶ 16 ("All Defendant's [sic] are similarly situated as is the intervenor and the Plaintiff in this case."). And indeed, Mr. Brown alleges several common questions of law and fact that are shared with Mr. Thomas.

For example, both Mr. Brown and Mr. Thomas are in DOC custody serving life sentences for offenses they committed as juveniles, both allege they have been denied a "meaningful" opportunity for parole, and both allege that Oklahoma's parole system violates the Eighth Amendment and Article II, §9 of the Oklahoma Constitution. *Compare* ECF No. 1 ¶ 8, *with* ECF No. 137 ¶¶ 1, 2, 6, 14. Both seek "declaratory and injunctive relief." *Compare* ECF No. 1 ¶ 22, *with* ECF No. 137 ¶ 15. It is clear that Mr. Brown's objectives are "identical" to Mr. Thomas's, and Mr. Thomas will therefore adequately represent Mr. Brown in pursuit of those objectives. *See Tri-State Generation*, 787 F.3d at 1072-73 (stating that "even though a party seeking intervention may have different

'ultimate motivation[s]' . . . where its objectives are the same, we presume representation is adequate." (citation omitted)).

Moreover, Mr. Thomas specifically brought his suit on behalf of himself and "similarly situated" individuals, alleging that "the Oklahoma parole system violates the state and federal constitutions as applied to individual serving Life sentences for offenses committed as youth."  ECF No. 1 ¶¶ 19, 22.  That means that Mr. Thomas's suit, if successful, will remedy not only his own harm caused by Oklahoma's failure to provide him with a meaningful opportunity for parole, but it will also remedy the harm Mr. Brown, "***as well as others similarly situated***," face.  *Id.* (emphasis added).

In short, Mr. Brown's objectives in intervening are identical to those of Mr. Thomas, and because Mr. Thomas is seeking relief that would equally apply to Mr. Brown, permissive intervention is simply not warranted.  Respectfully, this Court should deny the motion for intervention.

Dated:  January 23, 2025                    Respectfully submitted,

                                            */s/ Emily Merki Long*
                                            Emily Merki Long
                                            Tracie L. Bryant
                                            Alyssa M. McClure
                                            Caroline H. Robinson
                                            Margaret R. Hagen
                                            KIRKLAND & ELLIS LLP
                                            1301 Pennsylvania Avenue, N.W.
                                            Washington, D.C. 2004
                                            emily.long@kirkland.com
                                            tracie.bryant@kirkland.com
                                            alyssa.mcclure@kirkland.com
                                            caroline.robinson@kirkland.com
                                            maggie.hagen@kirkland.com


                                            Amy Breihan
                                            Shubra Ohri
                                            Megan Crane
                                            RODERICK & SOLANGE MACARTHUR
                                             JUSTICE CENTER
                                            906 Olive Street, Suite 420
                                            St. Louis, MO  63101
                                            amy.breihan@macarthurjustice.org
                                            shubra.ohri@macarthurjustice.org
                                            megan.crane@macarthurjustice.org

                                            Spencer Bryan
                                            Steven J. Terrill
                                            BRYAN & TERRILL LAW
                                            3015 E. Skelly Drive, Suite 400
                                            Tulsa, OK  74105
                                            jsbryan@bryanterrill.com
                                            sjterrill@bryanterrill.com

                                            *Attorneys for Plaintiff*

*/s/ Grant M. Lucky*
*(Signed by Filing Attorney with Permission)*
*Phillip G. Whaley, OBA #13371*
*Grant M. Lucky, OBA #17398*
*RYAN WHALEY*
*400 North Walnut Avenue*
*Oklahoma City, OK 73104*
*(405) 239-6040*
*(405) 239-6766 FAX*
*pwhaley@ryanwhaley.com*
*glucky@ryanwhaley.com*

*Attorneys for Defendant*
*Kevin Stitt, Governor of Oklahoma*


*/s/ Alejandra J. Brigida*
*(Signed by Filing Attorney with Permission)*
*Alejandra J. Brigida*
*Lauren J. Ray*
*ASSISTANT ATTORNEYS' GENERAL*
*OKLAHOMA ATTORNEY GENERAL'S*
*OFFICE*
*Litigation Division*
*313 N.E. 21st Street*
*Oklahoma City, OK 73105*
*alejandra.brigida@oag.ok.gov*
*lauren.ray@oag.ok.gov*

*Attorneys for Defendants*
*DOC, BOC and PPB*

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Western District of Oklahoma by using the CM/ECF system. I certify that all parties in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system. I further certify that on January 23, 2025, I served the foregoing by mail on the following, who is not a registered participant of the CM/ECF system:

> Oklahoma State Reformatory
> Keith Brown #374584
> C-4-3
> P.O. Box 514
> Granite, Oklahoma 73547

s/ _Emily Merki Long_
Emily Merki Long
Kirkland & Ellis LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 2004
emily.long@kirkland.com
