IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DWAIN EDWARD THOMAS, | ) |
| *Plaintiff*, | ) ) ) ) |
| v. | ) No. 5:20-cv-00944-D ) |
| KEVIN STITT, Governor; STEVEN BICKLEY, Executive Director, OKLAHOMA PARDON AND PAROLE BOARD; T. HASTINGS SIEGFRIED, Chair, OKLAHOMA BOARD OF CORRECTIONS; SCOTT CROW, Director, OKLAHOMA DEPARTMENT OF CORRECTIONS; | ) ) ) ) ) ) ) ) ) |
| *Defendants*. | |

## DEFENDANTS' MOTION FOR RECOVERY OF COSTS AND BRIEF IN SUPPORT

Pursuant to 28 U.S.C. § 1920, Fed. R. Civ. P. 54 and LCvR54.1, Defendants Hastings Siegfried as Chair of the Oklahoma Board Corrections ("OBOC"), Justin Farris[1] as Director of Oklahoma Department of Corrections ("ODOC") and Tom Bates as Director of the Oklahoma Pardon and Parole Board ("PPB") ("Defendants), through counsel, Assistant Attorneys General, Alejandra Brigida and Lauren Ray, respectfully move this Court for the recovery of costs. In support of its Motion, Defendants show the Court as follows:

---

[1] As current Interim Director of ODOC, Justin Farris is substituted in place of Steven Harpe.

## STATEMENT OF THE CASE

Plaintiff brought this action against Defendants OBOC, ODOC, and PPB, alleging violation of his Eighth Amendment rights. OBOC and ODOC filed their motions for summary judgment on August 30, 2024. [Doc. Nos. 115, 116]. PPB filed its motion for summary judgment on September 4, 2024. [Doc. No. 119]. On September 5, 2025, this Court entered judgment in favor of Defendants. [Doc. No. 146]. Declining to exercise supplemental jurisdiction over the remaining state law claims under the Oklahoma Constitution, the Court dismissed those without prejudice. [Doc. No. 145] As the prevailing party, Defendants are now seeking recovery of the costs they incurred in litigating this matter.

In moving for summary judgment on the Eighth Amendment claims, Defendants relied upon the deposition testimony of the ODOC 30(b)(6) representatives, Leroy Long, and Adam Luck. Specific amounts for those costs are itemized in Exhibit 1 to the *Bill of Costs* filed contemporaneously herewith. The deposition costs for the above-listed witnesses total the amount of $3,436.92

## ARGUMENTS AND AUTHORITIES

Fed. R. Civ. P. 54 provides for the prevailing party to recover certain costs against its opponent as a matter of course, absent an express provision to the contrary. LCvR54.1 provides that "[a] prevailing party who seeks to recover costs against an unsuccessful party pursuant to 28 U.S.C. § 1920 shall file a bill of costs

on the form provided by the Clerk and support the same with a brief." The rule goes on to require that the bill of costs and brief be filed within fourteen days of judgment, verified and supported by affidavit or receipts[2]. *Id.* United States Code, title 28 § 1920 sets forth the type of costs which can be taxed as costs by the Court and specifically includes "[f]ees of the court reporter for all or any of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Deposition transcripts used by prevailing party in obtaining summary judgment are deemed to be transcripts necessarily obtained for use in the case. *Tilton v. Capital Cities, et al.*, 115 F.3d. 1471, 1473 (10th Cir. 1997). Judgment was entered in this case on February 28, 2022, and the Bill of Costs and Brief in Support are timely filed within fourteen days.

Once a party is deemed prevailing, the Court observed "it is well established that Rule 54 creates a presumption that the district court will award costs to the prevailing party." *Zeran v. Diamon Broadcasting, Inc.,* 203 F.3d 714, 222 (10th Cir. 2000); *quoting, Cantrell v. IBEW Local 2021,* 69 F.3d 456, 458-59 (10th Cir. 1995). "A party need not prevail on every issue be considered a Rule 54(d) prevailing party." *Allen v. Lang citing Cantrell*, 69 F.3d at 458. A party is considered a Rule 54(d) prevailing party entitled to costs when a district court enters judgment on

---

[2] *See Declaration of Lauren Ray,* attached as Exhibit 1.

3

federal claims and declines to exercise supplemental jurisdiction over state claims, dismissing them without prejudice. *Allen,* 738 F.App'x at 945, *see also Head v. Medford,* 62 F.3d 351, 355 (11th Cir. 1995), *Billy v. Curry Cty. Bd. of Cty. Comm'rs*, No. 2:13-CV-0032 MCA/LAM, 2015 WL 12990789, at *3 (D.N.M. Sept. 11, 2015) (unpublished); *Freeman v. Arapahoe House*, No. 13-cv-0064, 2014 WL 3864307, at *6 (D. Colo. Aug. 6, 2014) (unpublished), *Smith v. Barber*, No. Civ.A. 01-2179-CM, 2005 WL 2122347, at *1 (D. Kan. July 19, 2005) (unpublished).

The taxing of such costs lies within the sound discretion of the court. *Callicrate v. Farmland Industries, Inc.,* 139 F.3d 1336, 1339 (10th Cir. 1998). In *Callicrate*, the court added:

> [T]hough use at trial by counsel or the court demonstrates necessity, if material or services are reasonably necessary for use in the case even though not used at trial, the court can find necessity and award recovery of costs.

139 F.3d at 1339, citing *U.S. Industries, Inc. Touche Ross & Co*., 854 F.2d 1223, 1246 (10th Cir. 1995), *overruled on other grounds as recognized* by *Anixter v. Home-Stake Prod. Co*., 77 F.3d 1215, 1231 (10th. Cir. 1996). Similarly, the costs related to expenses that, "when occurred, appeared reasonably necessary in order to adequately prepare defendant's case for trial and to provide adequate grounds for the filing of pretrial and potentially dispositive motions" are reasonable and necessary. *Callicrate,* 139 F.3d at 1341. This is especially true, as in this case, when the costs

include transcripts of depositions that were requested by Plaintiff and were of persons employed by Defendant. *Id.*

Defendants are seeking to recover the costs of the depositions of the ODOC representatives in the requested 30(b)(6) deposition, the deposition of Leroy Long, and the deposition of Adam Luck. These depositions were taken at the request of Plaintiff and used in Defendants' successful summary judgment pleadings. These costs are clearly recoverable. As such, Defendants request that its' motion be granted and Plaintiff be ordered to pay to Defendant $3,436.92 for costs incurred in defending this action.

## CONCLUSION

For the above stated reasons, Defendants respectfully request the Court award costs in the amount of $3,436.92.

Respectfully submitted,

/s/ Lauren Ray
**ALEJANDRA J. BRIGIDA, OBA #35381**
**LAUREN J. RAY, OBA #22694**
Assistant Attorneys General
Oklahoma Attorney General's Office
313 NE 21st Street
Oklahoma City, Oklahoma 73105
Telephone: (405) 521-3921
Facsimile: (405) 521-4518
lauren.ray@oag.ok.gov
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 15th day of September 2025, I electronically transmitted the attached document to the Clerk of the Court using the ECF system for filing and transmittal to the following person who is an ECF registrant:

**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Ave., NW
Washington, DC – 20004
Lauren.beebe@kirkland.com
*Attorneys for Plaintiff*

                                          /s/ Lauren Ray
                                          Lauren Ray