IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DWAIN EDWARD THOMAS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  Case No. 20-cv-944-D |
| KEVIN STITT, et al., | ) ) ) |
| Defendants. | ) |

**PLAINTIFF'S OBJECTION TO**
**DEFENDANTS' MOTION FOR RECOVERY OF COSTS**

Pursuant to Local Rule 54.1, Plaintiff Dwain Edward Thomas objects to Defendants' Motion for Recovery of Costs and Bill of Costs, ECF Nos. 147–148, for two reasons. Defendants Oklahoma Board of Corrections, Oklahoma Department of Corrections, and Oklahoma Pardon and Parole Board ("Defendants") fail to meet their burden to recover the costs they seek in this case, nor are the costs sought of the type ordinarily granted as a matter of course. *First*, Mr. Thomas has already covered the costs contemplated by 28 U.S.C. § 1920—namely, "printed or electronically recorded transcripts necessarily obtained for use in the case." *Second*, the additional costs Defendants seek are mere convenience fees, including fees for Realtime, expedited processing, and rough transcripts, none of which are automatically recoverable under 28 U.S.C. § 1920 unless the moving party successfully pleads that those fees were necessary to the litigation. Defendants have not done so. Defendants' costs are therefore not recoverable and should be denied in full.[1]

---

[1] Even if the Court were to deem costs appropriate here (and they are not), the Court should defer decision on awarding any costs to Defendants under 28 U.S.C. § 1920.

## LEGAL STANDARD

28 U.S.C. § 1920 limits the costs that may be awarded to a prevailing party under Federal Rule of Civil Procedure 54(d). *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d 1144, 1147 (10th Cir. 2009); *see also Whyte Monkee Prods., LLC v. Netflix, Inc.*, 2022 WL 16936038, at *1 (W.D. Okla. Nov. 14, 2022) (DeGuisti, J.), *rev'd on other grounds*, 2024 WL 1327788 (10th Cir. Mar. 28, 2024) (costs to prevailing party no longer appropriate following reversal of final judgment). "'Because taxable costs are limited by statute and are modest in scope,' courts should resist 'stretch[ing] the ordinary meaning of the cost items Congress authorized in § 1920.'" *Whyte Monkee Prods., LLC*, 2022 WL 16936038, at *1 (quoting *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012)). Only costs "for printed or electronically recorded transcripts *necessarily* obtained for use in the case" are recoverable. *See* 28 U.S.C. § 1920(2) (emphasis added). Mere convenience costs are not "necessary" and, therefore, not recoverable. "A prevailing party bears the burden of establishing the amount of costs to which it is entitled." *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d at 1148; *see also* LCvR 54.1 (setting forth requirements to seek costs,

---

Mr. Thomas has until October 6, 2025 to notice any appeal. Fed. R. Civ. P. 4(a)(1). Should he choose to appeal and should that appeal be successful, such costs taxed now would no longer be appropriate. *See, e.g.*, *Sepi v. Netflix, Inc.*, 2024 WL 1327788, at *1 (10th Cir. Mar. 28, 2024) ("On this appeal, Plaintiffs argued that if we reversed the judgment on the merits, we must vacate the awards of attorney fees and costs as well. Defendants did not present any argument to the contrary. Accordingly, we vacate the awards of attorney fees and costs and remand for further proceedings on those issues following resolution of Plaintiffs' merits case on remand."); *Unit Drilling Co. v. Enron Oil & Gas Co.*, 108 F.3d 1186, 1194 (10th Cir. 1997) (citation modified) ("In light of our disposition of this case reversing judgment on the merits and remanding for a new trial, we vacate the awards of attorney fees and costs and remand the issues for further consideration by the district court.").

including "provid[ing] either receipts, documents, or an affidavit in support of the requested itemized costs"); *Brough Trucking LLC v. Truck Doctor, Inc.*, 2025 WL 1802361, at *1 (W.D. Okla. June 30, 2025) (denying majority of costs sought for failure to "compl[y] with requirements" of LCvR54.1 and "adequately support" motion for costs).

## ARGUMENT

### I.   Mr. Thomas Covered All Necessary Costs.

Defendants seek to recover costs associated with the depositions of the Oklahoma Board of Corrections ("BOC")[2] 30(b)(6) representative, Leroy Long, and Adam Luck. ECF No. 147 at 2. Mr. Thomas does not dispute that Defendants are entitled to the cost of a "printed or electronically recorded transcript[]" for each of these depositions, as they were undoubtedly "necessarily obtained for use in [this] case." 28 U.S.C. § 1920(2). However, Mr. Thomas has already borne these costs. Oklahoma law requires that the party

---

[2]   Defendants state in their motion that they seek to recover costs associated with the *Department* of Corrections 30(b)(6) deposition. However, they've provided no invoice to show the amount of those costs. Instead, Defendants' bill of costs includes an invoice for the *Board* of Corrections deposition. *Compare* ECF No. 147 at 5 ("seeking to recover costs for the depositions of the *ODOC* representatives") (emphasis added) *and* ECF No. 148-1 at 2 ("Oklahoma *Board* of Corrections"). Defendants have not submitted the correct invoice for the costs they allegedly seek to recover. As the prevailing party, it is Defendants' burden to establish the amount of costs to which they are entitled. *See Allison v. Bank One-Denver*, 289 F.3d 1223, 1248 (10th Cir. 2002). To the extent Defendants do seek costs associated with the Department of Corrections deposition, such request must be denied. *See Brough Trucking LLC*, 2025 WL 1802361, at *1 (denying motion for failure to comply with LCvR54.1).

Given the tallied amount Defendants seek to recover in their motion includes the amount on the Board of Corrections invoice they submitted, Mr. Thomas presumes for purpose of his objection that Defendants intended to seek the costs associated with the Board of Corrections deposition and not the Department of Corrections deposition.

3

taking a deposition provide the adverse parties one copy of the deposition transcript and recording "free of charge." 12 OK Stat § 3230(G)(2). Mr. Thomas has done this. *See* Ex. 1 (Board of Corrections invoice and proof of payment); Ex. 2 (Long invoice and proof of payment); Ex. 3 (Luck invoice and proof of payment).[3] As such, Defendants do not (and cannot) seek to recover costs for the printed deposition transcripts or video recordings themselves.

## II. Mr. Thomas Is Not Required to Cover Defendants' Convenience Costs Since Defendants Have Not Pleaded Necessity.

Defendants also seek non-recoverable convenience costs: (1) costs of rough deposition transcripts for the BOC, Long, and Luck depositions; (2) costs associated with expedited delivery of deposition transcripts/videos for the BOC and Long depositions; and (3) costs associated with use of Realtime for the BOC deposition. *See* ECF No. 148-1 at 2 ("expedite portion only" of transcript, rough transcript, and Realtime for BOC deposition); 4 ("expedite delivery" and rough transcript of Long deposition); 6 (rough transcript of Luck deposition).

These items are all typically considered "convenience costs" that are not recoverable under 28 U.S.C. § 1920, unless the party seeking the costs successfully pleads necessity. *Redbird Bus. Grp., LLC v. Harrison*, 2024 WL 1313470, at *2–3 (E.D. Okla. Mar. 27, 2024) (disallowing costs for Realtime and rough "1st copy" transcripts because moving party did "not provide any basis for the extra expense"); *Three RP Ltd. P'ship v. Dick's Sporting*

---

[3] All referenced exhibits are attached to the Declaration of Alyssa M. McClure in Support of Plaintiff's Objection to Defendants' Motion for Recovery of Costs.

4

*Goods, Inc.*, 2019 WL 7708940, at *2 n.2 (E.D. Okla. Apr. 2, 2019) (expedited delivery not necessary and mere convenience). Defendants do not argue to the contrary. And it is Defendants' burden to prove the necessity of the costs sought, which Defendants have failed to do. *See In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d at 1147 (burden lies with moving party).

Defendants' motion is entirely devoid of any showing that the specific costs they seek to tax were necessary. *See generally* ECF No. 147–148 (merely discussing necessity of "transcripts"—which Mr. Thomas already paid for—rather than the items sought to be taxed). Defendant takes each type of cost sought in turn.

**Rough Transcripts.** Defendants seek costs of "rough draft" transcripts as to the BOC ($263.25), Long ($706.50), and Luck ($434.25) depositions. *See* ECF No. 148-1 at 2, 4, 6. However, Defendants have not claimed that these rough drafts were for anything other than convenience. This is fatal to their motion. None of these rough transcripts were cited in Defendants' summary judgment submissions—the only basis for recovery cited in Defendants' motion. *See* ECF No. 147 at 5 ("These depositions were taken at the request of Plaintiff and used in Defendants' successful summary judgment pleadings."). Because Defendants "did not establish that incurring such costs were necessary as opposed to for the convenience of counsel," they should not be permitted to recover any costs. *Hetronic Int'l, Inc. v. Hetronic Ger. GmbH*, 2020 WL 14019139, at *1 (W.D. Okla. Aug. 24, 2020) (stating court's intent to "disallow charges for rough drafts").

**Expedited Delivery.** Defendants also seek "expedited delivery" costs of transcripts/video recordings as to the BOC ($731.25) and Long ($920.02) depositions. *See*

5

ECF No. 148-1 at 2, 4. Here also, Defendants have made no claim that these expedited charges were for anything other than convenience, and their failure to plead necessity bars recovery. *See, e.g.*, *Three RP Ltd. P'ship*, 2019 WL 7708940, at *2 n.2 (E.D. Okla. Apr. 2, 2019) (denying "expedited" fees because necessity not pleaded and record indicated expedition for summary judgment briefing not necessary); *Tate v. Statco Eng'g & Fabricators, Inc.*, 2014 WL 12791248, at *2 (E.D. Okla. May 13, 2014) (denying expedited transcription services because "they appear to have been ordered merely for the convenience of counsel"). Because Defendants have not made any showing that expedited delivery costs were necessary here, these costs should not be awarded.

**Realtime.** Lastly, Defendants seek costs associated with "Realtime" instant transcription as to the BOC deposition ($381.65). This cost is purely convenience, and Defendants have made no showing to the contrary. *Redbird Bus. Grp., LLC*, 2024 WL 1313470, at *3 (because "[c]ounterclaimant does not provide any basis for the extra expense for Realtime transcripts . . . costs will be disallowed."); *Salem Fin., Inc. v. United States*, 134 Fed. Cl. 544, 550 (Fed. Cl. 2017) (disallowing Realtime costs because "counsel could have simply taken notes during the depositions instead of relying on an immediate review of the transcripts, regardless of the complexity of the case"). As such, Mr. Thomas should not be forced to pay for these fees unnecessary to the litigation of this case.

Moreover, even if the Court did consider the particular costs Defendants seek, they were not "necessary" and, therefore, outside the bounds of recoverable costs under 28 U.S.C. § 1920. *In re Williams Sec. Litig.-WCG Subclass*, 558 F.3d at 1147 ("The necessarily obtained for use in the case standard does not allow a prevailing party to recover

6

costs for materials that merely added to the convenience of counsel.") (internal citations and quotations omitted); *see also Treaster v. HealthSouth Corp.*, 505 F. Supp. 2d 898, 904 (D. Kan. 2007) ("Court reporters' invoices for depositions are typically only partially recoverable as costs because they generally include numerous convenience items that are not allowable as costs.").

Because the costs Defendants seek are neither encompassed by 28 U.S.C. § 1920 nor otherwise shown by Defendants to be necessary, recovery is inappropriate.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendants' Motion for Recovery of Costs (ECF Nos. 147–148) in its entirety.

Dated: September 29, 2025

Respectfully submitted,

<u>/s/ *Alyssa M. McClure*</u>
Emily Merki Long
Alyssa M. McClure
Caroline H. Robinson
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 2004
alyssa.mcclure@kirkland.com
emily.long@kirkland.com
caroline.robinson@kirkland.com

Amy Breihan
Megan Crane
RODERICK & SOLANGE MACARTHUR
 JUSTICE CENTER
906 Olive Street, Suite 420
St. Louis, MO  63101
amy.breihan@macarthurjustice.org
megan.crane@macarthurjustice.org

Spencer Bryan
Steven J. Terrill
BRYAN & TERRILL LAW
3015 E. Skelly Drive, Suite 400
Tulsa, OK  74105
jsbryan@bryanterrill.com
sjterrill@bryanterrill.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Western District of Oklahoma by using the CM/ECF system. I certify that all parties in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Alyssa M. McClure*
Alyssa M. McClure
Kirkland & Ellis LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 2004
alyssa.mcclure@kirkland.com
