# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DWAIN EDWARD THOMAS, )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>KEVIN STITT, Governor; STEVEN )<br>BICKLEY, Executive Director, OKLAHOMA )<br>PARDON AND PAROLE BOARD; T. )<br>HASTINGS SIEGFRIED, Chair, OKLAHOMA )<br>BOARD OF CORRECTIONS; SCOTT CROW, )<br>Director, OKLAHOMA DEPARTMENT OF )<br>CORRECTIONS; )<br>)<br>*Defendants*. ) | No. 5:20-cv-00944-D |

## REPLY

Defendants[1], by and through counsel, and for their Reply to Plaintiff's Objection to Defendants Motion for Costs (Doc. 149) states as follows:

## INTRODUCTION

Title 28 U.S.C. §1920 permits the Court to award costs to the prevailing party in a civil rights lawsuit. In pertinent part, the statute permits the recovery of the following costs:

(1) Fees of the clerk and marshal;

---

[1] Hastings Siegfried as Chair of the Oklahoma Board Corrections ("OBOC"), Justin Farris as Director of Oklahoma Department of Corrections ("ODOC") and Tom Bates as Director of the Oklahoma Pardon and Parole Board **("PPB")** ("Defendants).

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. Defendant's list of costs includes only items necessary for use in this case. The costs of taking and transcribing depositions reasonably necessary for litigation are generally awarded to the prevailing party under 28 U.S.C. §1920. *Callicrate v. Farmland Indus., Inc.,* 139 F.3d 1336, 1339 (10th Cir.1998). *Tilton v. Capital Cities/ABC, Inc.,* 115 F.3d 1471, 1474 (10th Cir.1997) (holding the district court properly taxed costs of transcripts that were used by the court in ruling upon a motion for summary judgment).

**(1) Costs of Rough Draft Transcripts**

Plaintiff argues that Defendants are not entitled to the costs of rough deposition transcripts for the OBOC representative (Hastings Siegfried), Long, and Luck depositions. However, the rough draft transcripts of the three (3) depositions were necessary and reasonable in Defendants preparing their motions in a timely manner. **Plaintiff** conducted the following depositions:

- Tom Bates on **May 31, 2024**

- ODOC representatives- Romine and Castleberry on **June 6, 2024**

- OBOC representative -Hastings Siegfried on **June 14, 2024**

- Kelly Doyle on **June 27, 2024**

- Adam Luck on **July 26, 2024**

- Leroy Long **on August 8, 2024**

The Discovery and Dispositive Motions deadline was **August 19, 2024**[2]. Doc. 96. First, Defendants needed a rough copy of Long's Deposition to prepare the motions for summary judgment given that Long's deposition was taken a few short weeks from the deadline of the dispositive motions. Second, Defendants needed a rough copy of Luck's Deposition to respond to written discovery, prepare the motions for summary judgment, to prepare for Long's deposition. Third, Defendants needed a rough copy of Hasting's (OBOC rep.) Deposition to respond to written discovery and prepare for Doyle's deposition. Copies of the rough deposition transcripts were necessary and reasonable. The rough copies of the deposition transcripts were imperative for Defendants in preparing their dispositive motions, responding to Plaintiff's written discovery requests, and in preparation for upcoming depositions. *See Lester v. City of Lafayette, Colorado,* No. 13-CV-01997-CMA-MJW, 2015 WL 4651643 (D. Colo. Aug. 6, 2015) (The Court found that the Defendant was entitled to an award of costs for the **rough** draft of the **deposition** given the proximity of the other depositions).

**(2) Costs Associated with Expedited Delivery of Deposition transcripts for the OBOC and Long depositions.**

---

[2] On August 15, 2024, the parties filed a joint motion for extension to extend the discovery and dispositive motion deadlines by 11 days from August 19, 2024, to **August 30, 2024**. The Court granted the 11-day extension. Docs. 112, 113.
.

To clarify, Defendants are not seeking the costs of any expedited delivery of "video recordings" and defendants did not request any of the video recordings for any deposition. Defendants seek costs associated with the expedited delivery of two deposition transcripts (OBOC rep. and Long). The expedited delivery of the two deposition transcripts were reasonably necessary. For example, Plaintiff conducted the deposition of Leroy long on August 8, 2024 **(just a couple weeks before dispositive motions were due**). On August 9, 2024, Defendants requested a rough draft copy from Premier Transcripts and received the rough copy the same day. *See* Ex. 1, pg.3.  On August 14, 2024, Defendants reached out to Premier Transcripts to get an estimate on when they would receive the final version of Long's deposition. *Id.* at pgs. 1-2. On August 15, 2024, Premier Transcripts responded and informed Defendants that "the transcript was ordered for regular delivery, scheduled to reach your office on 8/20/24." (one day after the dispositive motions deadline). *Id.*, pg. 1. At that point in time, the discovery and dispositive motion deadline was 8/19/2024. Doc. 96. Thus, Defendants had no other option but to expedite the delivery of the Long deposition transcript meet their dispositive motions deadline. Ex. 1, pg. 1. "For example, courts have awarded costs for expedited deposition transcripts when depositions occurred within a sufficiently close proximity to motion deadlines." *Fair Isaac Corp. v. Fed. Ins. Co.,* 763 F. Supp. 3d 832, 840 (D. Minn. 2025) (The Court found expedited processing of transcripts for nine depositions was reasonably necessary); *see also Grupo Petrotemex v. Polymetrix AG*, No. 16-cv-02401, 2021 WL 1258334, at *2 (D. Minn. Apr. 5, 2021) (finding expedited processing of depositions and transcripts necessary to meet deadlines).

As to the OBOC representative's deposition, the June 2024 deposition was taken shortly before three other depositions, and defendants needed an expedited transcript to prepare for three upcoming depositions.

Defendants believe it was reasonably necessary to expedite delivery of two out of the six (2/6) deposition transcripts given the circumstances.

**(3) Costs Associated with Use of Realtime Transcription for the OBOC Representative Deposition.**

The Realtime transcription costs of the deposition of the OBOC Representative were reasonably necessary. Here, Defendants counsel made a strategy decision to use the Realtime transcription for the OBOC representative after the ODOC representatives' deposition that took place just the week before. It was the complicated nature of the case coupled with the numerous policies and procedures that were going to be brought up in the OBOC representative's deposition. Defendants did not use Realtime transcription for all the depositions, but just for one deposition. *See Motorola Sols., Inc. v. Hytera Commc'ns Corp. Ltd.,* No. 1:17-CV-01973, 2021 WL 3489813 (N.D. Ill. Aug. 6, 2021)( "the real-time costs documented by **Motorola** were reasonable, especially because **Motorola** did not use real-time transcription for every deposition."); *Press Ganey Assocs., Inc. v. Dye*, No. 3:12-CV-437-CAN, 2014 WL 1874897, at *4 (N.D. Ind. May 8, 2014) ([C]ounsel notably did not use real-time transcription for all of the depositions. From that, the Court infers that strategy decisions were made about the value of particular deponents to their case, which implies that real-time transcription was a necessity with the deponents for which it was used."); *Endotach LLC v. Cook Med. LLC*, No. 113CV01135LJMDKL, 2016 WL 912681, at *3 (S.D. Ind. Mar. 10, 2016).

**CONCLUSION**

For the above stated reasons, Defendants request that its motion be granted and Plaintiff be ordered to pay to Defendant $3,436.92 for costs incurred in defending this action.

Respectfully submitted,

/s/ Alejandra Brigida
**ALEJANDRA J. BRIGIDA, OBA #35381**
**LAUREN J. RAY, OBA #22694**
Assistant Attorneys General
Oklahoma Attorney General's Office
Litigation Division
313 NE 21st Street
Oklahoma City, Oklahoma 73105
Telephone: (405) 521-3921
Facsimile: (405) 521-4518
Email: Lauren.Ray@oag.ok.gov
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 6th day of October 2025, I electronically transmitted the attached document to the Clerk of the Court using the ECF system for filing and transmittal to the following person who is an ECF registrant:

**KIRKLAND & ELLIS LLP**
1301 Pennsylvania Ave., NW
Washington, DC – 20004
alyssa.mcclure@kirkland.com
*Attorneys for Plaintiff*

                                        /s/ Alejandra Brigida
                                        Alejandra Brigida